Jennifer L. Braster
Nevada Bar No. 9982
MAUPIN • NAYLOR • BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV  89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@naylorandbrasterlaw.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL MAINOR,<br><br>                    Plaintiff,<br><br>          v.<br><br>ACCTCORP OF SOUTHERN NEVADA;<br>OCWEN LOAN SERVICING; and<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.,<br><br>                    Defendants. | Case No. 2:16-cv-00183-RFB-PAL<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:  January 29, 2016 |

IT IS HEREBY STIPULATED by and between Plaintiff Carol Mainor, Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents,

1  testimony or information produced or given in this action which are designated to be subject to
2  this Order in accordance with the terms hereof.

3    2. Any party or non-party producing or filing documents or other materials in this
4  action may designate such materials and the information contained therein subject to this Order
5  by typing or stamping on the front of the document, or on the portion(s) of the document for
6  which confidential treatment is designated, "Confidential."

7    3. If a party or non-party producing documents in this action (a "Producing Party")
8  believes in good faith that, despite the provisions of this Protective Order, there is a substantial
9  risk of identifiable harm to the Producing Party if particular documents it designates as
10 "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party
11 may designate those particular documents as "Confidential—Attorneys' Eyes Only."

12   4. To the extent any motions, briefs, pleadings, deposition transcripts, or other
13 papers to be filed with the Court incorporate documents or information subject to this Order, the
14 party filing such papers shall designate such materials, or portions thereof, as "Confidential," or
15 "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided,
16 however, that a copy of such filing having the confidential information deleted therefrom may be
17 made part of the public record. Any party filing any document under seal must comply with the
18 requirements of LR IA 10-5.

19   5. All documents, transcripts, or other materials subject to this Order, and all
20 information derived therefrom (including, but not limited to, all testimony given in a deposition,
21 declaration or otherwise, that refers, reflects or otherwise discusses any information designated
22 "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly
23 or indirectly, by any person, including the other defendants, for any business, commercial or
24 competitive purposes or for any purpose whatsoever other than solely for the preparation and
25 trial of this action in accordance with the provisions of this Order.

26   6. Except with the prior written consent of the individual or entity designating a
27 document or portions of a document as "Confidential," or pursuant to prior Order after notice,

28

Maupin • Naylor • Braster
Attorneys at Law
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

1  any document, transcript or pleading given "Confidential" treatment under this Order, and any
2  information contained in, or derived from any such materials (including but not limited to, all
3  deposition testimony that refers to, reflects or otherwise discusses any information designated
4  "Confidential" hereunder) may not be disclosed other than in accordance with this Order and
5  may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this
6  litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and
7  employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact
8  witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need
9  to know such information; (e) present or former employees of the Producing Party in connection
10 with their depositions in this action (provided that no former employees shall be shown
11 documents prepared after the date of his or her departure); and (f) experts specifically retained as
12 consultants or expert witnesses in connection with this litigation.

13         7.     Except with the prior written consent of the individual or entity designating a
14 document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to
15 prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys
16 Eyes Only" treatment under this Order, and any information contained in, or derived from any
17 such materials (including but not limited to, all deposition testimony that refers to, reflects or
18 otherwise discusses any information designated "Confidential—Attorneys Eyes Only"
19 hereunder) may not be disclosed other than in accordance with this Order and may not be
20 disclosed to any person other than: (a) a party's retained outside counsel of record in this action,
21 as well as employees of said outside counsel to whom it is reasonably necessary to disclose the
22 information for this litigation and who have signed the "Declaration of Compliance" that is
23 attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses
24 in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A);
25 (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom
26 disclosure is reasonably necessary for this litigation and who have signed the "Declaration of
27 Compliance" (Exhibit A); and (e) the author of the document or the original source of the
28

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

1  information.

2      8. Documents produced pursuant to this Order shall not be made available to any

3  person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order,

4  agreed to be bound by its terms, and signed the attached Declaration of Compliance.

5      9. All persons receiving any or all documents produced pursuant to this Order shall

6  be advised of their confidential nature. All persons to whom confidential information and/or

7  documents are disclosed are hereby enjoined from disclosing same to any person except as

8  provided herein, and are further enjoined from using same except in the preparation for and trial

9  of the above-captioned action between the named parties thereto. No person receiving or

10  reviewing such confidential documents, information or transcript shall disseminate or disclose

11  them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the

12  purposes specified, and in no event shall such person make any other use of such document or

13  transcript.

14      10. Nothing in this Order shall prevent a party from using at trial any information or

15  materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

16      11. This Order has been agreed to by the parties to facilitate discovery and the

17  production of relevant evidence in this action. Neither the entry of this Order, nor the

18  designation of any information, document, or the like as "Confidential," or "Confidential—

19  Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with

20  respect to any issue in this action.

21      12. Within sixty (60) days after the final termination of this litigation, all documents,

22  transcripts, or other materials afforded confidential treatment pursuant to this Order, including

23  any extracts, summaries or compilations taken therefrom, but excluding any materials which in

24  the good faith judgment of counsel are work product materials, shall be returned to the Producing

25  Party.

26      13. In the event that any party to this litigation disagrees at any point in these

27  proceedings with any designation made under this Protective Order, the parties shall first try to

28

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

1   resolve such dispute in good faith on an informal basis in accordance with LR 26-7.  If the
2   dispute cannot be resolved, the party objecting to the designation may seek appropriate relief
3   from this Court.  During the pendency of any challenge to the designation of a document or
4   information, the designated document or information shall continue to be treated as
5   "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this
6   Protective Order.

7        14.   Nothing herein shall affect or restrict the rights of any party with respect to its
8   own documents or to the information obtained or developed independently of documents,
9   transcripts and materials afforded confidential treatment pursuant to this Order.

10       15.   The Court retains the right to allow disclosure of any subject covered by this
11  stipulation or to modify this stipulation at any time in the interest of justice.

12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

| | | |
|---|---|---|
| 1 | Dated: September 7, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Jennifer L. Braster*<br>Jennifer L. Braster |
| 4 | | Maupin Naylor Braster<br>1050 Indigo Dr., Suite 112 |
| 5 | | Las Vegas, NV 89145<br>Telephone: (702) 420-7000 |
| 6 | | *Attorneys for Defendant*<br>*Experian Information Solutions, Inc.* |
| 7 | Dated: September 7, 2016 | Respectfully submitted, |

*/s/ David Krieger*
David Krieger
Haines & Krieger, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Telephone: (702) 880-5554

*Attorneys for Plaintiff*
*Carol Mainor*

Dated: September 7, 2016                Respectfully submitted,

*/s/ Inku Nam*
Edgar C. Smith, Esq.
Inku Nam, Esq.
Wright, Finlay & Zak, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
Telephone: (702) 475-7964

*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

IT IS SO ORDERED.

Dated: September 14, 2016

UNITED STATES MAGISTRATE JUDGE

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

6 of 8

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2016 at _____.

_____
QUALIFIED PERSON

MAUPIN • NAYLOR • BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000