# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL MAINOR, <br> Plaintiff, <br> v. <br> EXPERIAN INFORMATION SOLUTIONS, INC., <br> Defendants. | Case No. 2:16-cv-00183-RFB-PAL <br><br> **ORDER** |

Before the Court for consideration is Plaintiff's Motion For Leave To File Second Amended and Supplemental Complaint. (ECF No. 115). The Court denies this motion.

## I. BACKGROUND

The Court makes the following factual findings. Plaintiff filed an individual action against Defendant on January 29, 2016. Plaintiff's current motion is based upon a document—the February 29, 2016 ACDV—that was produced on June 6, 2016. Discovery was initially scheduled to close on December 8, 2016. Plaintiff filed a Motion for Leave to File a Supplemental or Amended Complaint on December 5, 2016. (ECF No. 34) This Motion sought to expand Plaintiff's claim to include an additional claim(s) and convert it into a class action. On September 29, 2017, the Court granted Plaintiff's Motion. (ECF No. 51). On November 9, 2017, the Court upon motion of the Plaintiff reopened discovery as to the class claims only. (ECF No. 59) Class discovery closed on June 13, 2018. On August 16, 2018, the Court granted Experian's Motion to Dismiss the individual and class claims added in Plaintiff's Supplemental Complaint. (ECF No. 114). This order allowed only Plaintiff's original claim as to a violation of Section 1681i of the Fair Credit

Reporting Act ("FCRA") for failing to conduct a reasonable reinvestigation. On August 26, 2018, the Plaintiff filed a Motion for Leave to File Second Amended and Supplemental Complaint. (ECF No. 115). This second Motion seeks add an additional individual and class action claim regarding the violation of Section 1681e(a) of FCRA.

## II.     LEGAL STANDARD

Rule 15(a) requires that motions to amend be liberally granted. Fed. R. Civ. P. 15(a).

Rule 15(d) provides that "o[n] motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010)(internal citations omitted).

Motions to amend may be denied on the basis of such factors as undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 16(b)(4) requires that a Plaintiff demonstrate "good cause" to amend a scheduling order, including the amendment of pleadings after the time permitted by a court for such amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

## III.     DISCUSSION

The Court denies the Plaintiff's Motion she has failed to establish good cause. Moreover, even if the Court were to apply to the more liberal standard under Rule 15, the Court finds that there has been undue delay and that unfair prejudice to the Defendant would result from amendment.

The Court notes that it had granted the Plaintiff leave (ECF No. 114) to file a second motion to amend and establish good cause for such an amendment. The Court finds that "good cause" is

required for the Plaintiff to prevail, as it was not the Court's intention, after such extensive discovery, to permit Plaintiff to freely amend her Complaint.

The Court finds that the Plaintiff has had the information and documents to amend her Complaint as suggested in the instant motion since at least June 6, 2016 when the ACDV from February 2016 was produced. This was more than a month before the July 26, 2016 deadline for amendment. Indeed, despite having this information, Plaintiff still did not seek to add the instant claims in her first Supplemental Complaint filed on October 13, 2017. Plaintiff has known of the basis for proposed amendment for over two years. The Court finds it irrelevant as to what position Defendant may have taken as to the relevant statutes, as Plaintiff has the obligation to be cognizant of and diligent regarding her own potential claims. Based upon these facts and the totality of the record here, the Court finds that Plaintiff unreasonably and unduly delayed seeking amendment of her Complaint for the claims in the instant motion.

Moreover, even if the Court were to apply the more liberal standard, the Court still finds that amendment at this juncture would be unduly prejudicial to the Defendant. There has been extensive discovery in this case. Plaintiff has been permitted to reopen discovery once already by this Court. This discovery has proceeded along specified theories of liability. Allowing Plaintiff to yet again amend her Complaint would be tantamount to allowing a revolving door of theories of liability in this case. It must stop here.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Second Amended Complaint (ECF No. 115) is DENIED. The Motion to Extend Time (ECF No. 119) is DENIED.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Motion, the Motion to Seal (ECF No. 117) is GRANTED.

**IT IS FURTHER ORDERED** that dispositive motions are due by **February 11, 2019** with responses due **March 4, 2019** and replies due **March 25, 2019**. ALL briefs, excluding exhibits, will be limited to 15 pages with the possibility of sanctions, up to and including dispositive sanctions for violation of this limitation.

DATED this 22nd day of January, 2019.


_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**