Cheryl L. O'Connor
Nevada Bar No. 14745
coconnor@jonesday.com
Brianne J. Kendall (admitted *pro hac vice*)
CA Bar No. 287669
bkendall@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
(T) (949) 851-3939
(F) (949) 553-7539

Jennifer L. Braster
Nevada Bar No. 9982
jbraster@naylorandbrasterlaw.com
Andrew J. Sharples
Nevada Bar No. 12866
asharples@naylorandbrasterlaw.com
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV  89145
(T) (702) 420-7000
(F) (702) 420-7001

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL MAINOR,<br><br>         Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>         Defendant. | Case No. 2:16-cv-00183-RFB-PAL<br><br>**APPENDIX TO EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT (VOL. I OF II)**<br><br>Complaint filed:  January 29, 2016<br>Supplemental Complaint filed: October 13, 2017 |

1    Experian Information Solutions, Inc. ("Experian"), by and through its counsel of record,

2  files this Appendix of Exhibits to its Motion for Summary Judgment (Vol. I of II).

3    Dated this <u>11th</u> day of February 2019.

4                                                    NAYLOR & BRASTER

5

6                                         By: */s/ Jennifer L. Braster*
                                               Jennifer L. Braster
7                                              Nevada Bar No. 9982
                                               jbraster@naylorandbrasterlaw.com
8                                              NAYLOR & BRASTER
                                               1050 Indigo Drive, Suite 200
9                                              Las Vegas, NV 89145

10                                             Cheryl L. O'Connor
                                               NV Bar No. 14745
11                                             Brianne J. Kendall (admitted *pro hac vice*)
                                               CA Bar No. 287669
12                                             JONES DAY
                                               3161 Michelson Drive
13                                             Suite 800
                                               Irvine, CA  92612.4408
14
                                               *Attorneys for Defendant*
15                                             *Experian Information Solutions, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

## INDEX OF EXHIBITS

| Description | Exhibit No. | Page Nos. | Vol. No. |
|---|---|---|---|
| Declaration of Mary Methvin | | 001-5 | I |
| Declaration of Jennifer L. Braster | | 006-9 | I |
| Expert Report of Kimberly Cave | 1 | 010-83 | I |
| Deposition Transcript of Mary Methvin, Experian's 30(b)(6) Designee (excerpted) | 2 | 084-102 | I |
| Deposition Transcript of Douglas Hollon, Experian's 30(b)(6) Designee (excerpted) | 3 | 103-19 | I |
| Bankruptcy Docket (Exhibit 2 to Plaintiff's Deposition) | 4 | 120-33 | I |
| Motion to Dismiss (Exhibit 3 to Plaintiff's Deposition) | 5 | 134-35 | I |
| Notice of Default (Exhibit 4 to Plaintiff's Deposition) | 6 | 136-39 | I |
| Notice of Default (Exhibit 5 to Plaintiff's Deposition) | 7 | 140-43 | I |
| Notice of Default (Exhibit 6 to Plaintiff's Deposition) | 8 | 144-47 | I |
| Notice of Default (Exhibit 7 to Plaintiff's Deposition) | 9 | 148-51 | I |
| June 22, 2015, Disclosure | 10 | 152-68 | I |
| Plaintiff's Dispute Letter | 11 | 169-96 | I |
| Deposition Transcript of Plaintiff taken November 17, 2016(excerpts) | 12 | 197-262 | II |
| ACDV | 13 | 263-64 | II |
| Dispute Results | 14 | 265-75 | II |
| Deposition Transcript of Plaintiff taken April 19, 2018 (excerpts) | 15 | 276-83 | II |
| Deposition Transcript of Evan Hendricks (excerpts) | 16 | 284-95 | II |
| Notice of Default (Exhibit 10 to Plaintiff's Deposition) | 17 | 296-99 | II |
| Notice of Lien (Exhibit 11 to Plaintiff's Deposition) | 18 | 300-01 | II |
| Voluntary Petition | 19 | 302-48 | II |

| | | | |
|---|---|---|---|
| Chapter 13 Standing Trustee's Final Report and Account | 20 | 349-53 | II |
| Discharge of Debtor | 21 | 354-55 | II |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this 11th day of February 2019, I caused the document **APPENDIX TO EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT (VOL. I OF II)** to be served through the Court's CM/ECF system addressed to:

David H. Krieger
Haines & Krieger, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV  89123
Email: dkrieger@hainesandkrieger.com

Allison R. Schmidt
Allison R Schmidt, Esq., LLC
8465 W. Sahara Ave., Suite 111-504
Las Vegas, NV 89117
Email: allisonschmidtesq@gmail.com

Matthew I. Knepper
Miles N. Clark
Knepper & Clark, LLC
10040 W. Cheyenne Ave. Suite 170-109
Las Vegas, NV 89129
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

*Attorneys for Plaintiff*

/s/ Jennifer L. Braster
An Employee of NAYLOR & BRASTER

- 5 -

1   Jennifer L. Braster
    Nevada Bar No. 9982
2   NAYLOR & BRASTER
    1050 Indigo Drive, Suite 112
3   Las Vegas, NV  89145
    (T) (702) 420-7000
4   (F) (702) 420-7001
    jbraster@naylorandbrasterlaw.com
5
    Cheryl L. O'Connor
6   Nevada Bar No. 14745
    coconnor@jonesday.com
7   Brianne J. Kendall (admitted *pro hac vice*)
    CA Bar No. 287669
8   bkendall@jonesday.com
    JONES DAY
9   3161 Michelson Drive
    Suite 800
10  Irvine, CA  92612.4408
    (T) (949) 851-3939
11  (F) (949) 553-7539

12  *Attorneys for Defendant*
    *Experian Information Solutions, Inc.*
13
                    **UNITED STATES DISTRICT COURT**
14
                        **DISTRICT OF NEVADA**
15

16
    CAROL MAINOR,                          Case No. 2:16-cv-00183-RFB-PAL
17
                    Plaintiff,             **DECLARATION MARY METHVIN IN**
18                                         **SUPPORT OF DEFENDANT EXPERIAN**
            v.                             **INFORMATION SOLUTIONS, INC.'S**
19                                         **MOTION FOR SUMMARY JUDGMENT**
    EXPERIAN INFORMATION SOLUTIONS,
20  INC.,                                  Complaint filed:  January 29, 2016
                                           Supplemental Complaint filed: October 13, 2017
21                  Defendant.

22

23

24

25

26

27

28
                                                    MARY METHVIN DECL. ISO  EXPERIAN'S
                                         1          MOTION FOR SUMMARY JUDGMENT
                                                    Case No. 2:16-cv-00183-RFB-PAL

**<u>DECLARATION OF MARY METHVIN</u>**

I, Mary Methvin, declare as follows:

1.      I am a Senior Legal and Compliance Analyst in the Regulatory Compliance department at Experian Information Solutions, Inc. ("Experian").  I have been employed by Experian in various capacities since September 2002, having previously served as a Customer Service Representative, Quality Analyst, Senior Regulatory Affairs Associate, and Senior Legal and Compliance Specialist.

2.      My job responsibilities include processing, analyzing, and responding to consumer disputes.  Based upon my experience, I am familiar with Experian's credit reporting processes and procedures as well as the records maintained by Experian in the course of conducting its business activities.

3.      I have personal knowledge of the matters described herein based on my work and experience as an employee of Experian, on information available to me as part of my employment, and on my review of documents and records maintained by Experian in the ordinary course of its business.  If I were called upon to testify regarding the matters described herein, I could and would competently do so.

4.      Experian is a "consumer reporting agency" ("CRA") as defined by the Fair Credit Reporting Act ("FCRA").  As such, it gathers information and data regarding consumers from various sources, which it uses to create credit files on more than 220 million consumers in the United States.

5.      Experian assembles, stores, and disseminates consumer data that is reported to it from various sources, including credit grantors.  Collectively, the entities that provide Experian such information are called "data furnishers."

6.      Experian organizes the credit information it receives from its vetted data furnishers into reports on individual consumers and makes those reports available to consumers and authorized third parties.  Although Experian essentially relies on the information data furnishers provide, Experian has instituted procedures for assessing and vetting the information it reports or discloses for maximum possible accuracy.

7.     Consumers may request their own credit information directly from Experian and may also dispute the accuracy of the information.

8.     When a consumer seeks access to their own credit information directly from Experian, the document Experian sends the consumer is called a "consumer disclosure" or a "credit file disclosure."  The terms "credit report" and "consumer report," on the other hand, refer to documents sent by Experian to third parties, like credit guarantors, insurers, or employers for credit-related decisions.

9.     If a consumer disputes the accuracy of the information appearing in their consumer disclosure, Experian has procedures in place to reinvestigate the disputed information. In performing these reinvestigations, Experian considers and reviews all relevant information the consumer provides.

10.     Experian is able to resolve some consumer disputes internally, based either on documentation provided by the consumer or Experian's own internal policies.  In other cases when Experian cannot resolve the dispute internally, Experian contacts the data furnisher who provided the disputed data, describes the consumer's dispute, forwards any additional relevant information provided by the consumer about the dispute (which often involves attaching a copy of the consumer's entire mail correspondence to the verification form), and requests a response concerning the accuracy of the disputed items. Experian typically accomplishes this process by sending the data furnisher an Automated Dispute Verification Form (or "ACDV").

11.     When the reinvestigation is complete, Experian mails to the consumer the results of the reinvestigation, which can include a full consumer disclosure, but which always reflects any updates or changes made by Experian as a result of the consumer's dispute.

12.     As explained earlier, Experian reports or discloses information provided to it by data furnishers that is used in credit decision making, but does not grant or deny credit itself as Experian is not a creditor grantor. Consequently, Experian is not a party to consumer bankruptcy proceedings, and must obtain information about consumer bankruptcies from three other sources. First, Experian relies on individual data furnishers to obtain account-level information about accounts included in bankruptcy. Data furnishers report to Experian information regarding a

3

MARY METHVIN DECL. ISO  EXPERIAN'S
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-00183-RFB-PAL

consumer's particular debt, including but not limited to, whether the debt was included in the consumer's bankruptcy and whether that debt was discharged. Second, individual consumers also provide account-level and public record bankruptcy information to Experian, often including copies of bankruptcy schedules. Third, Experian also receives public records, such as bankruptcy filings and discharges, from its public records vendor. The vendor, however, provides only limited information about the bankruptcy, such as the type of bankruptcy a consumer filed as well as the major events in a consumer's bankruptcy proceedings (e.g., filed, dismissed, discharged). The public records vendor does not report or reinvestigate information regarding the specific accounts included or not included in an individual consumer's bankruptcy because, like Experian, it is not a party to the bankruptcy and thus is not privy to such account-level information as it transpires beyond the initial proceedings.

13.     The Metro 2® Format is an industry-wide reporting format that standardizes the computer layout for credit reporting to ensure the integrity and consistency of the data. The Credit Reporting Resource Guide ("CRRG") contains the industry guidelines for the use of Metro 2® and provides instruction on how to report consumer credit data in order to promote accuracy and consistency across the industry. Although Experian's credit database is Metro 2® compliant and it instructs its data furnishers that they must adhere to the guidelines in the CRRG, Experian itself is not a data furnisher and therefore does not apply the guidelines to incoming data. That is the responsibility of each data furnisher.

14.     Upon receiving Plaintiff Carol Mainor's ("Plaintiff") dispute letter on or about August 4, 2015, Experian promptly initiated a reinvestigation.  On August 10, 2015, Experian contacted  Ocwen Loan Servicing ("Ocwen") by sending it an ACDV regarding Plaintiff's dispute.  In order to provide Ocwen with all of the information known to Experian about Plaintiff's dispute, Experian attached a complete copy of Plaintiff's dispute letter to the ACDV. On August 27, 2015, Experian mailed Plaintiff the results of its reinvestigation of the disputed Ocwen account, including additional steps Plaintiff could take if she was not satisfied with the resolution of her dispute.

MARY METHVIN DECL. ISO  EXPERIAN'S
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-00183-RFB-PAL

1        15.     Experian's records indicate that Plaintiff never followed up with Experian

2  regarding any ongoing dispute with the Ocwen account before filing this lawsuit.

3

4        I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.  This declaration is executed pursuant to 28 U.S.C. § 1746, on

6  February 11, 2019 in Allen, Texas.

7

8                     Mary Methvin

9  NAI-1506387583v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARY METHVIN DECL. ISO  EXPERIAN'S
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-00183-RFB-PAL

1   Jennifer L. Braster
    Nevada Bar No. 9982
2   NAYLOR & BRASTER
    1050 Indigo Drive, Suite 200
3   Las Vegas, NV  89145
    (T) (702) 420-7000
4   (F) (702) 420-7001
    jbraster@naylorandbrasterlaw.com
5
    Cheryl L. O'Connor
6   Nevada Bar No. 14745
    coconnor@jonesday.com
7   Brianne J. Kendall (admitted *pro hac vice*)
    CA Bar No. 287669
8   bkendall@jonesday.com
    JONES DAY
9   3161 Michelson Drive
    Suite 800
10  Irvine, CA  92612.4408
    (T) (949) 851-3939
11  (F) (949) 553-7539

12  *Attorneys for Defendant*
    *Experian Information Solutions, Inc.*
13
                    **UNITED STATES DISTRICT COURT**
14
                          **DISTRICT OF NEVADA**
15

16
    CAROL MAINOR,                          Case No. 2:16-cv-00183-RFB-PAL
17
                    Plaintiff,             **DECLARATION OF JENNIFER L.**
18                                         **BRASTER IN SUPPORT OF DEFENDANT**
           v.                              **EXPERIAN INFORMATION SOLUTIONS,**
19                                         **INC.'S MOTION FOR SUMMARY**
    EXPERIAN INFORMATION SOLUTIONS,        **JUDGMENT**
20  INC.,
                                           Complaint filed:  January 29, 2016
21                  Defendant.             Supplemental Complaint filed: October 13, 2017

22

23

24

25

26

27

28

                                      1

**<u>DECLARATION OF JENNIFER L. BRASTER</u>**

I, Jennifer L. Braster, declare as follows:

1.     I am an attorney licensed to practice law in the State of Nevada, and am a Partner in the firm of NAYLOR & BRASTER, counsel for defendant Experian Information Solutions, Inc. ("Experian") in the above-captioned action.  I have personal knowledge of the matters stated herein, and if called upon to do so, could and would testify competently thereto.

2.     I make this declaration in support of Experian's Motion for Summary Judgment.

3.     As lead counsel for Experian in this action, I am familiar with the procedural history of the case and the discovery conducted thus far.

4.     Attached hereto as **Exhibit 1** is the expert report of Kimberly Cave dated April 12, 2018 and produced by Experian in this case, with personal identifying information redacted per the rules.

5.     Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the June 7, 2018 Federal Rule of Civil Procedure 30(b)(6) deposition of Mary Methvin.

6.     Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the November 11, 2016 Federal Rule of Civil Procedure 30(b)(6) deposition of Douglas Hollon.

7.     Attached hereto as **Exhibit 4** is a true and correct copy of Exhibit 2 to the November 17, 2016 deposition of Plaintiff Carol Mainor ("Plaintiff").

8.     Attached hereto as **Exhibit 5** is a true and correct copy of Exhibit 3 to the November 17, 2016 deposition of Plaintiff.

9.     Attached here to as **Exhibit 6** is a true and correct copy of Exhibit 4 to the November 17, 2016 deposition of Plaintiff.

10.     Attached hereto as **Exhibit 7** is a true and correct copy of Exhibit 5 to the November 17, 2016 deposition of Plaintiff.

11.     Attached hereto as **Exhibit 8** is a true and correct copy of Exhibit 6 to the November 17, 2016 deposition of Plaintiff.

12.     Attached hereto as **Exhibit 9** is a true and correct copy of Exhibit 7 to the November 17, 2016 deposition of Plaintiff.

13.     Attached hereto as **Exhibit 10** is a true and correct copy of Plaintiff's June 22,

2015 Experian consumer disclosure (EXP/CMainor00035-50), produced to Plaintiff on June 6,

2016, with personal identifying information redacted per the rules.

14.     Attached hereto as **Exhibit 11** is a true and correct copy of a letter from Plaintiff to

Experian, dated July 29, 2015, along with documents included by Plaintiff with her letter

(EXP/CMainor00001-27), produced to Plaintiff on June 6, 2016, with personal identifying

information redacted per the rules.

15.     Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the

November 17, 2016 deposition of Plaintiff.

16.     Attached hereto as **Exhibit 13** is a true and correct copy of the Automated

Consumer Dispute Verification form sent by Experian to Ocwen Loan Servicing on August 10,

2015 (EXP/CMainor00028), produced to Plaintiff on June 6, 2016, with personal identifying

information redacted per the rules.

17.     Attached hereto as **Exhibit 14** is a true and correct copy of Plaintiff's dispute

results and August 27, 2015 consumer disclosure (EXP/CMainor00051-60), produced to Plaintiff

on June 6, 2016, with personal identifying information redacted per the rules.

18.     Attached hereto as **Exhibit 15** is a true and correct copy of excerpts of the April

19, 2018 deposition of Plaintiff.

19.     Attached hereto as **Exhibit 16** is a true and correct copy of excerpts of the June 12,

2018 deposition of Evan Hendricks.

20.     Attached hereto as **Exhibit 17** is a true and correct copy of Exhibit 10 to the

November 17, 2016 deposition of Plaintiff, with personal identifying information redacted per the

rules.

21.     Attached hereto as **Exhibit 18** is a true and correct copy of Exhibit 11 to the

November 17, 2016 deposition of Plaintiff. with personal identifying information redacted per the

rules.

22.     Attached hereto as **Exhibit 19** is a true and correct copy of ECF No. 1 in *In re: Carol Mainor* previously pending before the United States Bankruptcy Court for the District of Nevada, Case No. 09-15391-leb.

23.     Attached hereto as **Exhibit 20** is a true and correct copy of ECF No. 110 in *In re: Carol Mainor* previously pending before the United States Bankruptcy Court for the District of Nevada, Case No. 09-15391-leb.

24.     Attached hereto as **Exhibit 21** is a true and correct copy of ECF No. 108 in *In re: Carol Mainor* previously pending before the United States Bankruptcy Court for the District of Nevada, Case No. 09-15391-leb.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This declaration is executed pursuant to 28 U.S.C. § 1746, on February 11, 2019 in Las Vegas, Nevada.

*/s/ Jennifer L. Braster*
Jennifer L. Braster

4

# EXHIBIT 1 –

# Expert Report of Kimberly Cave

*CONFIDENTIAL*

# EXPERT REPORT BY KIMBERLY CAVE IN THE MATTER OF *CAROL MAINOR V. EXPERIAN INFORMATION SOLUTIONS, INC.*

## I.        BACKGROUND AND QUALIFICATIONS

Since August of 1997, I have been employed with Experian Information Solutions, Inc. ("Experian"). I began my career at Experian as a Customer Service Representative in the National Consumer Assistance Center ("NCAC").[1] On a daily basis, I assisted consumers who either believed that there was an inaccuracy on or had questions about information appearing on their Experian consumer credit reports. In this capacity, I began building a wealth of knowledge and experience assisting consumers. I observed a vast array of circumstances that led consumers to contact Experian and the policies and procedures that Experian had in place to effectively and efficiently assist them. In July of 2000, I accepted a position as a Specialist within the Consumer Affairs Special Services ("CASS") division of the NCAC.[2] In this capacity, I assisted consumers who were represented by third parties with questions, concerns, or disputes regarding perceived inaccuracies appearing on their Experian credit reports. The third parties included, but were not limited to, attorneys, the Federal Trade Commission, and the Better Business Bureau.

In 2001, I was promoted to Senior Legal and Compliance Specialist within CASS and began assisting with litigation research. During the 10 years that I held that position, in addition to assisting consumers on a daily basis, I researched a vast number of consumer litigation cases. This research required that I analyze individual consumer contacts with Experian and the effectiveness of Experian's reinvestigation policies and procedures. I often made procedural and systemic recommendations intended to improve service to consumers and data integrity within Experian's consumer credit database. Also during this timeframe, I served as Experian's corporate representative and, in this capacity, I provided written and oral testimony in hundreds of federal lawsuits regarding Experian's internal documents, records, letters, memoranda and

---

[1] Beginning in 2016, the NCAC has been re-named My Customer Experience ("MCE").

[2] Beginning in 2016, the CASS division has been re-named Experian Consumer Assistance ("ECA").

011

*CONFIDENTIAL*

contacts with consumers, and its policies and procedures in cases of disputed accuracy or alleged fraud/identity theft.

I am currently employed as a Compliance and Litigation Analyst within Experian's Regulatory Compliance Department, a position I have held since February 2011.  My duties include the constant review of Experian's policies, procedures, and systems as they relate to its consumer credit reporting business.  My duties also include making recommendations to mitigate risks and improve various policies and procedures, as appropriate.  In addition, I analyze Experian's credit reporting processes in connection with litigation filed by consumers against Experian and provide oral and written testimony in connection with my analyses.

During my tenure with Experian, in addition to working within the NCAC, I also have worked closely with many other business units at Experian.  Due to my extensive work experience and research, I have become familiar with the procedures that Experian employs to assure maximum possible accuracy in gathering and storing credit information and assembling credit reports and consumer disclosures.  I also have become familiar with Experian's onboarding and vetting process of data furnishers before the data furnisher is permitted to report information to or request information from Experian regarding consumers.  I have not been compensated for preparing this report, other than through my regular salary as an Experian employee.  My regular salary is in no way connected to or dependent upon the conclusions I reach when providing my opinions in consumer litigation matters.

## II.     SUMMARY OF OPINIONS AND BASIS

Having been employed with Experian for 20 years, I am knowledgeable with how the credit industry and Experian operate.  From of the beginning of my career at Experian, I have worked to find better, smarter ways to run the business including ensuring data accuracy and integrity and improving the consumer reinvestigation process.  I am also knowledgeable about the policies and procedures in place at Experian to ensure the maximum possible accuracy of the information it maintains and the reports it creates.  These policies and procedures include those that govern the consumer reinvestigation process (such as assisting victims of alleged identity

012

*CONFIDENTIAL*

theft), the manner in which Experian assembles a consumer's credit information, the circumstances that permit Experian to disseminate a consumer's credit information, and products and services used throughout the industry for credit granting purposes.

I have formed several opinions and conclusions.  In doing so, I reviewed documents that include, but are not limited to: (1) Plaintiff Carol Mainor's ("Plaintiff") First Amended Complaint and exhibits attached thereto; (2) documents produced in this litigation by Experian including Experian consumer disclosures, Plaintiff's dispute communications to Experian, Experian's Administrative Report for Plaintiff, Experian's Dispute/Response Logs for Plaintiff, Experian's Disclosure Logs for Plaintiff, correspondence Experian sent to Plaintiff, and Experian's relevant policies and procedures; (3) Plaintiff's written discovery responses; and (4) documents from Plaintiff's bankruptcy docket in *In re Carol Mainor* previously pending before the United States Bankruptcy Court for the District of Nevada, Case No. 09-15391-LED attached as exhibits to this report.[3]  I also utilized my knowledge about Experian and its business practices in forming the following opinions and conclusions:

1) Experian's reinvestigation policies and procedures that are designed to assist consumers with disputes regarding the status of an account comply with the requirements of the Fair Credit Reporting Act ("FCRA") and are reasonable and consumer-friendly.  Moreover, the policies and procedures that Experian utilized when Plaintiff notified it of her dispute with Ocwen Loan Servicing ("Ocwen") were reasonable.

2) Experian's actions following receipt of a litigation complaint are not subject to the requirements of 15 U.S.C. § 1681i, the section of the FCRA regarding reinvestigations, as they are not the result of a dispute notification directly from a

---

[3]  It is my understanding that this case is a putative class action and may, at some later date, be certified to proceed on a class basis.  If a class is ultimately certified, I reserve the right to review other information that may be relevant to class claims and supplement the instant report.  I also reserve the right to supplement this report based on a comprehensive study of any additional documents that may become available at a later date, including but not limited to any materials disclosed on behalf of any expert witness(es) for Plaintiff.

013

*CONFIDENTIAL*

consumer, or indirectly from a reseller.  Further, Experian's actions following receipt of a litigation complaint are privileged and work-product because Experian's actions are taken upon the express direction of its counsel.

These opinions are explained more thoroughly below.

### A.    <u>Importance of Consumer Credit Reporting</u>

The lending process in the United States, as we know it today, has evolved over time.  It began to take shape as localized lenders began contacting one another and sharing information about potential borrowers' payment habits, and grew to its current state as consumers became more mobile.  The need for consumers' credit reputations to follow them and become readily available facilitated the consumer credit reporting industry's evolution from a local to a national business, as it currently exists.  Today, a lender can check on a consumer's credit history with a consumer reporting agency and, within minutes, be in a position to approve a consumer for a mortgage, a loan to buy a car, or for other funding that a consumer may want or need to support the consumer's standard of living.

Both consumers and credit grantors benefit from the availability of consumer credit information that is as complete, accurate, detailed, and up-to-date as possible.  If such information were not readily available, consumers might be unable to obtain credit, and credit grantors would lose the opportunity to do business with these potential customers.  Complete and accurate credit reporting allows individual lenders to make prudent lending decisions based on their respective business preferences and risk tolerances.

As a consumer reporting agency, Experian operates like a library.  Whereas a library receives books from many different authors, and makes those books available to its different members, Experian receives consumer credit information from tens of thousands of different data sources (generally known as "data furnishers"), from courts and clerks, through its public records vendor.  Experian then makes this information available to its authorized subscriber base. In the same way that a library is not the author of the books that it stores on its shelves, Experian

014

*CONFIDENTIAL*

neither originates loans nor makes lending decisions.  Experian is a storehouse for the information utilized by the credit industry in performing those separate functions.

When a potential lender/data furnisher requests a consumer credit report, it provides Experian with identifying information about the consumer it is evaluating for credit.  Experian assembles the credit report based on the identification information provided by the potential lender.  The assembly of the credit report also utilizes the historical identification information Experian has previously received from data furnishers that is maintained within Experian's credit reporting database.  Experian receives its information about consumers from data furnishers who have passed an intensive vetting process and are considered by Experian to be reliable sources of information.

The consumer credit information assembled, stored, and reported by Experian is an important component in the credit granting decision process.  During the decision-making process, a lender may utilize the credit history along with other important components that may include, but are not limited to, the applicant's length of employment, the applicant's income, and the size of loan requested in relation to the applicant's income or any security for the loan.  Thus, the applicant's credit report is only one of a number of components that factor into a prudent credit granting decision.  Experian's entire business as a consumer credit reporting agency and its reputation hinge on the accuracy of the information it disseminates.

**B.**     **Experian's Reinvestigation Policies And Procedures Are Reasonable**

**1.**     **Under the FCRA, Experian Is Required To Conduct A Reasonable Reinvestigation Of Disputed Information**

Despite Experian's best efforts, as well as those of its subscribers, inaccuracies—both factual and believed—in credit reporting are inevitable.  When Congress enacted the federal FCRA, it did so with the same understanding, that credit reporting could not be 100% accurate.  Demonstrating this, it created steps, which are described in the statute, that should be followed in cases of disputed accuracy.  For a credit reporting agency such as Experian, the statute mandates a duty to "*reinvestigate*" upon receipt of a dispute from a consumer.  Looking to the statute for

assistance, 15 U.S.C. § 1681i requires a credit reporting agency conduct a reinvestigation when "a  consumer notifies the agency directly, or indirectly through a reseller, of [a] dispute" regarding the completeness or accuracy of any item of information contained in the consumer's credit file.   Section 1681i goes on to describe a "reinvestigation" as prompt notice of the dispute to the furnisher of the information.  The specific language from the statute is as follows:

> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C. § 1681i(a)(2)(A).

In order to comply with its understanding of its requirement to reinvestigate, Experian has implemented procedures allowing consumers, who are the subject of the reported information, to be directly involved in maintaining the accuracy of the information in their credit file.  Experian provides consumers with various methods to request copies of their credit information maintained by Experian for review and if necessary, dispute information contained therein. MCE is staffed with agents who are extensively trained and equipped to assist consumers with questions, concerns, or disputes that they may have with information appearing on their Experian credit file.

### 2.   Experian's Reinvestigation Of Plaintiff's Dispute Was Reasonable

#### (a)   *Experian Receives Dispute Directly From Plaintiff*

Upon notification from a consumer directly, or indirectly through a reseller, that an account contained in their Experian report is believed to be inaccurate, including inaccuracies regarding the status of an account, Experian will initiate its reinvestigation process.  *See* 15 U.S.C. §  1681i.  Experian will first consider and review all relevant information provided by the consumer.  The information provided by the consumer helps Experian to properly identify the

6

*CONFIDENTIAL*

consumer and the item(s) believed to be inaccurate, along with the nature of the inaccuracy.

After selecting the disputed account for reinvestigation, absent documentation that Experian can use on its facial assertion to update the item, Experian prepares a notice of the dispute for dissemination to the data provider or providers.  In that notice, Experian includes an industry-designed dispute code that identifies the nature of the consumer's dispute.  In addition to the dispute code, if the consumer provided any other relevant information specific to the dispute, Experian will attach the consumer's entire dispute correspondence, including the supporting documents, that will also be disseminated to the data furnisher.

Here, on or around August 4, 2015, Experian received dispute correspondence from Plaintiff.  *See EXP/CMainor 00001-00027*; *see also First Amended Complaint ("FAC") at Ex. 2.* Plaintiff disputed, amongst other things, Ocwen account number ███████ on the basis that the account was discharged in bankruptcy in March 2015.  *Id.*  The dispute letter contained a copy of a June 22, 2015 consumer disclosure, the first three pages of Plaintiff's bankruptcy petition, and Plaintiff's Nevada drivers' license.  *See EXP/CMainor 00009-00026.*  After examining the contents of Plaintiff's dispute correspondence and the accompanying documents, Experian determined that it could not make the requested changes without contacting the data furnisher.  Specifically, the first three pages of Plaintiff's bankruptcy petition, which did not include the schedule of accounts, made no mention of the disputed Ocwen account.  *See id. 00023-00025.*

### (b)   *Experian Conducted A Reasonable Reinvestigation By Contacting Ocwen*

On August 10, 2015, Experian prepared its notice of dispute (also called an Automated Consumer Dispute Verification ("A/CDV")) and sent the notice (A/CDV) to Ocwen.  *See EXP/CMainor 00028.*  On the notice (A/CDV) Experian used industry dispute code "106" to convey the nature of Plaintiff's dispute which reads, "Disputes present/previous Account Status, History.  Verify Accordingly."  *See id.*  In addition to the dispute code, Experian attached Plaintiff's complete dispute correspondence to the A/CDV transmission for review by Ocwen—

the reporting source of the disputed account. *CONFIDENTIAL EXP/CMainor 00091*.  In my opinion, there is nothing more that Experian could do in this case, or any similar case, to make more clear to the data furnisher the nature of Plaintiff's dispute and her position regarding the disputed account, as it was known to Experian.  This method for notifying data furnishers of consumer disputes is reasonable.

Upon receipt of a subsequent response from a data furnisher, Experian will review the response according to its policies and procedures and make any appropriate updates or deletions to the disputed items on the consumer's credit file.  Each time a data furnisher responds to a request for verification (A/CDV), the data furnisher is not only required to verify the disputed information, but also must make a certification to Experian that the entire account is accurate as of the date the data furnisher responds to the request for verification.  Should the data furnisher fail to respond to the reinvestigation request, Experian will either update or delete the disputed item of information as requested by the consumer.  Here, following its investigation into Plaintiff's dispute, Ocwen responded to Experian's notice of dispute on August 13, 2015.  *See EXP/CMainor 00028*.  In its response, Ocwen verified that the account was accurately reporting the status "Open" and "Current" with a previous "180-day delinquency" with no bankruptcy indicator.[4]  *See id*.

### (c)      *Experian Provided Timely Reinvestigation Results To Plaintiff*

After recording the appropriate response, Experian then prepares a notice to the consumer advising them of the reinvestigation results.  In addition to the results summary, the notice also provides additional steps that the consumer may take if they still have questions which includes, but is not limited to:

---

[4] The A/CDV contains a field titled CII.  CII stands for "Consumer Information Indicator."  To report that an account is included in or discharged in bankruptcy, the appropriate CII code is added.  This process is standard across the credit reporting industry.  Here, Experian clearly indicated in the "Consumer Claims" section that Plaintiff believed the account had been discharged in a Chapter 13 bankruptcy (indicated by the "H" placed by Experian in the CII field).  However, Ocwen did not affirm the "H" code or place any CII in the "Subscriber Response" CII field.  By doing so, Ocwen certified that the disputed account was **not** discharged or included in bankruptcy.  *See EXP/CMainor 00028*.

*CONFIDENTIAL*

- Contact the furnisher of the information directly.
- Request a description of how Experian processed the dispute.
- Add a statement to the report disputing the completeness or accuracy of information contained therein.
- Visit Experian.com/status to check the status of the disputed information.
- Visit Experian.com/viewreport to view a full copy of the corrected credit report.

Here, Experian sent Plaintiff a notice containing the results of her reinvestigation request dated August 27, 2015. *See EXP/CMainor 00051-00060; see also FAC at Ex. 3.* And Experian expressly provided the consumer the telephone number and address to contact Ocwen directly. *See EXP/CMainor 00056.*

The documents produced in this case demonstrate that when Plaintiff contacted Experian regarding her dispute with Ocwen, Experian provided timely and appropriate assistance to Plaintiff. Experian prepared and transmitted a notice of dispute to Ocwen, the source that was reporting the disputed information. The notice reflected the nature of Plaintiff's dispute, including Plaintiff's description of her dispute in her own words, and contained a copy of Plaintiff's complete dispute correspondence. *See EXP/CMainor 00028; see also CONFIDENTIAL EXP/CMainor 00091.* In my opinion, Experian's reasonable reinvestigation in this case could not have resolved the alleged inaccuracies. In fact, given the lack of support that exists for Plaintiff's claim, I don't believe any reinvestigation would have resolved Plaintiff's claim. There is no entity or person in a better position to know the status of the reported account, and whether the account was included in a bankruptcy, than the entity or person with whom the account is held and who has conducted business directly with Plaintiff related to the account in question—which in this case in Ocwen. And here, Ocwen affirmed that the account in question was not included in or discharged through bankruptcy.

**3.    The Bankruptcy Records Do Not Reflect The Disputed Ocwen Account**

Even if Experian had independently checked Plaintiff's bankruptcy docket, it still would not have shown that the disputed Ocwen account was discharged in bankruptcy. Nothing that I

9

*CONFIDENTIAL*

have reviewed to date suggests that the disputed Ocwen account was included in or discharged through Plaintiff's bankruptcy filing, as she contends in the First Amended Complaint. Specifically, I reviewed Plaintiff's bankruptcy petition and the Trustee's Final Report and Account in Plaintiff's Chapter 13 bankruptcy. *See Exhibits A & B*. From a review of Plaintiff's entire bankruptcy petition, it neither reflects a mortgage with the disputed Ocwen account number nor reflects a mortgage matching the amount of the disputed Ocwen loan as it is being reported to Experian. *See generally Exhibit A*. In fact, even the Trustee's Final Report And Account does not reference the disputed Ocwen loan. *See generally Exhibit B*.

In my opinion, the fact that the disputed Ocwen mortgage is not on the bankruptcy docket, coupled with the fact that Ocwen—the company who would be involved in the bankruptcy proceedings—certified to Experian that the account was accurately reporting without any bankruptcy notation on its A/CDV response, clearly shows that Experian had no reason to believe that the Ocwen account was reporting inaccurately.

### 4. No Additional Reasonable Action By Experian Would Have Affirmed Plaintiff's Dispute Regarding the Ocwen Account

Plaintiff alleges that "[a] reasonable reinvestigation by Experian would have indicated that Plaintiff filed for Chapter 13 bankruptcy and made all required Chapter 13 plan payments." *See Plaintiff's FAC at ¶ 46*. This is perplexing because Plaintiff's dispute regarding Ocwen had nothing to do with the factual question of whether Plaintiff filed or received a discharge in a Chapter 13 bankruptcy. *See generally EXP/CMainor 00001-00027; see also FAC at Ex. 2*. Experian was clearly reporting Plaintiff's bankruptcy information accurately, according to Plaintiff's own admissions. *See Plaintiff's FAC at ¶¶ 11 & 20*. Experian was reporting that Plaintiff filed a petition for Chapter 13 bankruptcy in April of 2009 and receive a discharge of that bankruptcy in March of 2015. *See EXP/CMainor 00054; see also FAC at Ex. 3; EXP/CMainor 00011; see also FAC at Ex. 1.*

The question here, and the crux of this litigation, is: whether the Ocwen account appearing on Plaintiff's Experian consumer disclosure was included in, and subsequently

*CONFIDENTIAL*

discharged through, bankruptcy?  Given the fact that Ocwen certified to Experian that the disputed account was not included in or discharged through bankruptcy and that Plaintiff's bankruptcy docket contains no record of the disputed Ocwen account appearing on Plaintiff's Experian consumer disclosure, it is my opinion that a reasonable reinvestigation would not affirm Plaintiff's claim regarding the Ocwen account.  Further, even if Experian went above and beyond a reasonable investigation—such as checking Plaintiff's bankruptcy docket—Experian still would not have affirmed Plaintiff's claim.

C.  **Experian's Actions To Independently Verify Information In Response To A Litigation Complaint Are Not Subject To The Reinvestigation Requirements Of The FCRA**

When a consumer provides Experian with proper notification that the consumer disputes the accuracy of an item of information on the consumer's Experian credit report, as stated in section II.B.1 & II.B.2, Experian invokes its reinvestigation procedures, as required by the FCRA.  However, the filing of a lawsuit is not a direct notification of a dispute by a consumer, as described in 15 U.S.C § 1681i(a)(1)(A) ("the consumer notifies the agency directly, or indirectly through a reseller, of such dispute.").  Rather, a litigation complaint is an enforcement action that is available to a consumer when the consumer feels the FCRA has been violated.  It is typically filed with a court of law by an attorney and served on Experian's registered agent for service of process.  Service of a lawsuit complaint is not notice of a dispute as described in 15 U.S.C § 1681i(a)(1)(A) ("the consumer notifies the agency directly, or indirectly through a reseller, of such dispute.").  Thus, when served with notice of a lawsuit, the same duties imposed upon Experian by the FCRA in Section 1681i, such as the requirement to reinvestigate items which are the subject of a dispute and the requirement to send the results of a reinvestigation to the consumer, do not apply, as the lawsuit complaint is not notice of dispute as described by the Section.

That said, Experian has a right to research the allegations made against it in the litigation complaint, a right to mitigate damages in the event the alleged inaccuracy can and should be remedied without further court involvement, and a right to fully research the matters alleged in

021

the litigation complaint to prepare a defense for itself.  Should Experian choose, at the direction of its counsel, to contact the sources reporting the items of information that are the subject of the lawsuit to verify their accuracy, it can certainly do so without invoking any obligations to the consumer.  And the mere fact that Experian often utilizes the same process when Experian is directed by counsel to contact a data furnisher post-litigation, as it does when a consumer dispute is received, does not render Experian's post-litigation actions subject to compliance with 15 U.S.C § 1681i(a)(1)(A).  Instead, Experian's actions taken at the direction of counsel in an attempt to informally resolve matters alleged in a litigation complaint are voluntary and privileged.

Surely, a reasonable consumer can discern the difference between contacting a credit reporting agency to file a dispute, as described and anticipated by the FCRA, and drafting and filing a litigation complaint filed with a court of law.  It is my opinion that Experian is not required to notify a consumer of the results of any of its post-litigation activities, including the results of contacting a data furnisher, should it choose to do so.  Indeed, a dispute from a consumer and a litigation complaint are two vastly different scenarios.  Moreover, as evidenced by the dispute letter Plaintiff sent to Experian in July 2015, *see EXP/CMainor 00001-00027*; *see also FAC at Ex. 2,* Plaintiff clearly knew how to invoke the reinvestigation process and could, at any time, have done so again instead of, or in addition to, filing her litigation complaint.

III.    **CONCLUSION**

Plaintiff claims that Experian failed to follow reasonable procedures to assure maximum possible accuracy and as a result has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.  *See FAC at ¶¶ 1-48, 75-78.* Plaintiff also alleges that the FCRA requires credit reporting agencies to provide reinvestigation reports directly to consumers that were conducted post-litigation and at the direction of counsel following service of a litigation complaint.  *See id. at ¶¶ 49-74, 79-82.*

Experian is a credit reporting agency and data accuracy is critical in the credit reporting industry.  There is no benefit for Experian to maintain information it has any reason to believe is

*CONFIDENTIAL*

inaccurate; in fact, the notion goes against Experian's business goals. As such Experian employs reasonable procedures at every phase of its handling of consumer credit data to assure maximum possible accuracy. Included in those reasonable procedures are Experian's reinvestigation procedures, which are those invoked when it receives notice from a consumer directly, or indirectly from a reseller, that the consumer believes information contained in the consumer's Experian credit file is inaccurate. However, as explained above, those same procedures do not apply to actions that may be taken by Experian at the direction of its counsel after it receives notice of a litigation complaint filed against it. Those actions are taken at the direction of counsel and are privileged.

In Plaintiff's case, her dispute letter did not contain any supporting documentation that would allow Experian to update the disputed account independently. Thus, Experian contacted Ocwen directly to verify Plaintiff's dispute. To reiterate, in addition to providing the notice of dispute to Ocwen, Experian also sent Ocwen a copy of the entire dispute correspondence that was received from Plaintiff. Notwithstanding the aforementioned facts, Ocwen certified to Experian the accuracy of the disputed account. Experian had and continues to have no reason to question the reliability of Ocwen's response. As discussed above, in my capacity as a designated expert witness in this matter, I reviewed several filings in Plaintiff's bankruptcy docket and the dispute Ocwen loan is not listed.

Ocwen, the party with whom Plaintiff had a direct relationship, is in the best position to know if its account information appearing on Plaintiff's file is accurate. There is nothing further that Experian could have provided Ocwen or obtained on its own that would have either made Plaintiff's position regarding the disputed account any clearer, or supported Plaintiff's contention that the account is inaccurate. Thus, Experian's actions in this matter were reasonable.

Further in my opinion, Experian's reinvestigation and notice obligations as required under the FCRA, are not triggered by a consumer filing and serving of a litigation complaint that relates to information on the consumer's Experian credit file. Such a complaint fails to provide Experian proper notice of a dispute as described under the FCRA. *See* 15 § 1681i(a)(1)(A).

*CONFIDENTIAL*

**IV.      DATA AND OTHER INFORMATION CONSIDERED IN FORMING OPINIONS**

In forming the above opinions, I relied upon my years of experience in the consumer credit reporting field and the knowledge I have acquired over the years regarding consumer credit reporting, Experian's credit reporting system and the policies and procedures that govern its credit reporting business, and Experian's dispute handling policies and procedures.  I also reviewed and relied upon the documents that have been exchanged during this litigation, including documents relating to Experian's contacts with Plaintiff and Experian's actions taken in response to these contacts and documents that Experian has obtained relating to Plaintiff's bankruptcy.

I reserve the right to supplement this report based on a comprehensive study of any additional documents that may become available at a later date as well as any further information regarding this case or Plaintiff's individual claims and putative class claims, including but not limited to any materials disclosed on behalf of any expert witness(es) for Plaintiff.

Dated:  April 12, 2018

Kimberly Cave

14

024

*CONFIDENTIAL*

**APPENDIX A**

**<u>Curriculum Vitae</u>**

Kimberly Cave (f/k/a Kimberly Hughes)
Compliance and Litigation Analyst
Experian Information Solutions, Inc.
601 Experian Parkway, Allen, TX 75013

**Education**
    **Stephen F. Austin State University** (1991 – 1993)
        - English Major Field of Study with Emphasis in Education
        - Minor study in Kinesiology

**Employment History**
    **Experian Information Solutions, Inc.**
        - Compliance and Litigation Analyst (February 2011 to present)
        - Consumer Affairs Special Services,
          Senior Legal and Compliance Specialist (July 2001 – February 2011)
        - Consumer Affairs Special Services, Specialist (July 2000 to July 2001)
        - Customer Service Representative (August 1997 to July 2000)
    **First Merchants Acceptance**
        - Credit Investigator (September 1996 – August 1997)
    **Collin County Sherriff's Office**
        - Police Dispatcher and 911 Operator (July 1995 – July 1996)

**Training**
    Consumer Data Industry Association (COIA) Fair Credit Reporting Act Certification
    Experian related training:

- NCAC Investigation Training
- The Leadership Edge
- Information Security Awareness
- Profile Maintenance and Special Handling
- Credit Score Overview
- Professionalism Skills Workshop
- Automated Data Flow
- Power of the PIN
- File One *I* Administrative Credit Reports
- California Senate Bill 168
- Promoting a Respectful Workplace
- Trade Secrets and Confidential Information - Your Obligations
- Information Security Policy at Experian
- Consumer Fraud Procedures Refresher Course
- CAPS: No Record Training
- Listening, Influencing and Handling Tough Situations

15

*CONFIDENTIAL*

- Consumer Profile Maintenance
- Intellectual Property at Experian - Protecting and Respecting Intangible Assets
- Security Freeze Training
- Consumer Credit Data - Reporting, Storage and Display
- Achieving Customer Service Excellence
- Personalizing the Customer Experience
- Vantage Score
- Ethical Principles and Fraud Prevention
- Consumer Compliance: Data Furnishers
- Automated Data Flow 2012
- Power of the PIN 2012
- Scoring and Analytics Certification Program 2013
- Security Fundamentals (Annual Certification) 2014
- Unfair, Deceptive or Abusive Acts or Practices 2014
- Fair Credit Reporting Act Awareness (FCRA) 2014
- HIPPA Privacy and Security Rules at Experian 2014
- Gramm Leach Bliley Act (GLB) -Privacy and Security Breach 2014
- FICO® World Bootcamp 2014
- Power of the PIN 2015
- Automated Data Flow 2015
- Security Fundamentals (Annual Certification) 2015
- Unfair, Deceptive or Abusive Acts or Practices 2015
- Fair Credit Reporting Act Awareness (FCRA) 2015
- HIPPA Privacy and Security Rules at Experian 2015
- Gramm Leach Bliley Act (GLB) -Privacy and Security Breach 2015
- Security Fundamentals (Annual Certification) 2016
- Unfair, Deceptive or Abusive Acts or Practices 2016
- Fair Credit Reporting Act Awareness (FCRA) 2016
- HIPPA Privacy and Security Rules at Experian 2016
- Gramm Leach Bliley Act (GLB) -Privacy and Security Breach 2016
- Automated Data Flow 2017
- Power of the PIN 2017
- Security Fundamentals (Annual Certification) 2017

026

*CONFIDENTIAL*

# APPENDIX B

## List of Cases[5]

Jamon T. Brim v. Dell Financial Services, LLC, et al., United States District Court for the Northern District of Alabama, Case No. 5:10-cv-00369-IPJ (FRCP 30(b)(6) Deposition Testimony).

Carla Paul v. Experian Information Solutions, Inc., et al., United States District Court for the District of Minnesota, Case No. 0:09-cv-01102-DSD-AJB (Expert Affidavit).

Kim Brown v. Wal Mart Stores, Inc., et al., United States District Court for the Western District of Tennessee, Memphis Division, Case No. 2:09-CV-2148 (Affidavit).

Sylvia A. Nelson v. Experian Information Solutions, Inc., United States District Court for the District of South Carolina, Case No. 3:10-cv-02200-JFA (FRCP 30(b)(6) Deposition Testimony).

Nickalas & Megan Bradshaw v. BAC Home Loans Servicing, LP; et al., United States District Court for the District of Oregon, Case No. 10-0438-HA (Expert Report).

David Osada v. Experian Information Solutions, Inc., United States District Court for the Northern District of Illinois, Case No. 1:1l-CV-02856 (FRCP 30(b)(6) Deposition Testimony).

Laura M. Jones v. Experian Information Solutions, Inc., United States District Court for the Eastern District of Virginia, Case No. 1:1 l-cv-826- CMH-TCB (Expert Report).

William G. Stewart and Nancy Stewart v. BAC Home Loans Servicing, LP, et al., United States District Court, Northern District of California, Case No. CV 3:10-CV -01225SI (FRCP 30(b)(6) (Deposition Testimony and Expert Reports).

Tamberly Tannehill v. Experian Information Solutions, Inc., United States District Court for the Western District of Kentucky, Louisville Division, Case No. 3:1l-CV-396-R (Expert Report).

Saif Mokel v. Experian Information Solutions, Inc., United States District Court for the Eastern District of Virginia, Alexandria Division, Case No. 1:12-CV-00585-JCC-JPA (FRCP 30(b)(6) Deposition Testimony).

Phillip David Haskett v. Experian Information Solutions, Inc., United States District Court for the Eastern District of Texas, Case No. 9:12-CV-0027 (Expert Report).

---

[5] This list includes all cases in which I have provided an expert report or testified as an expert at deposition or trial in the last four years, as well as a selection of cases in which I have provided deposition testimony or declarations on behalf of Experian.

027

CONFIDENTIAL

<u>Jose Luis Calderon v. Experian Information Solutions, Inc.</u>, United States District Court for the District of Idaho, Case No. 1:11-CV-00386-EJL (Expert Report).

<u>Debra A. Ward v. Experian Information Solutions, Inc.</u>, United States District Court for the Eastern District of Wisconsin, Case No. 2:12-CV-00229 (FRCP 30(b)(6) Deposition Testimony).

<u>James Singletery v. Experian Information Solutions, Inc.</u>, United States District Court for the Northern District of Alabama, Southern Division, Case No CV-12-P-2104-S (FRCP 30(b)(6) Deposition Testimony).

<u>Johnnie G. Bryant, Jr. v. Experian Information Solutions, Inc.</u>, United States District Court for the District of South Carolina, Florence Division, Case No. 4:12-CV-01370 TLW (FRCP 30(b)(6) Deposition Testimony).

<u>Kamaladoss Selvam v. Experian Information Solutions, Inc.</u>, United States District Court for the Eastern District of New York, Case No. 12-CV-1828 (FRCP 30(b)(6) Deposition Testimony).

<u>Juliana Jett v. Experian Information Solutions, Inc., et al.</u>, United States District Court, Northern District of Texas, Case No. 3:12-CV-02136-D (Expert Report).

<u>Denese Toliver v. Experian Information Solutions, Inc.</u>, United States District Court, Southern District of Texas, Case No. 4:12-CV- 02436 (Expert Report).

<u>Peters v. Equifax Information Services LLC, et al.</u>, United States District Court, Central District of California, Case No. EDCV12-1837 TJH (OPx). (Expert Report and Rebuttal).

<u>Jeff and Tanya Turner v. Experian Information Solutions, Inc.</u>, United States District Court for the District of Maine, Case No. 1:13-cv-00010-DBH (Expert Report).

<u>Steven Strong v. Collecto, INC. d/b/a EOS CCA, Experian Information Solutions, Inc.</u>, United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:12-cv-05115-P (Rebuttal Expert Report).

<u>Jeff Akahoshi v. Experian Information Solutions, Inc., and Does 1-10</u>, United States District Court for the Central District of California, Case No. 2:12-cv-01890-JEM (Expert Report).

<u>Edward Dixon v. Experian Information Solutions, Inc.</u>, United States District Court Northern District of Indiana, Hammond Division, Case No. 2:13- cv-00227-PPS-PRC (30(b)(6) Deposition Testimony).

<u>Michael T. Dreher, Individually and on Behalf of a Class of Similarly Situated Persons v. Experian Information Solutions, Inc.</u>, United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:11-cv-00624-JAG (FRCP 30(b)(6) Deposition Testimony).

028

Jeffrey A. Beaubien v. Experian Information Solutions, Inc., United States District Court for the District of Minnesota, Case No. 0:13-cv-02549- PJS-JSM (Expert Report).

Thomas J. Gulden v. Capital One Financial Corporation, et al., United States District Court for the District of Minnesota, Case No. 0:13-cv-02450-JRT-SER (Expert Report).

Winimae D. Oxfurth v. Experian Information Solutions, Inc., United States District Court for the Eastern District of Virginia, Alexandria Division, Case No. 1:14-cv-123 (Expert Report).

Terry D. Toler and Donna R. Toler v. PHH Mortgage Corp., et al., United States District Court for the Western District of Arkansas, Hot Springs Division, Case No. 6:12-CV-06032- RTD (Expert Report, Trial Testimony).

Michael T. Dreher, Individually and on Behalf of a Class of Similarly Situated Persons v. Experian Information Solutions, Inc., United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:11-cv-00624JAG (Deposition Testimony, Expert Report, Rebuttal Expert Report).

Tiffany St. Michaels v. Experian Information Solutions, Inc., United States District Court for the District of Minnesota, Case No. 14-cv-00592-JNE-HB (Expert Report).

Martin McLaughlin v. Experian Information Solutions, Inc., United States District Court, District of New Jersey, Case No. 13-7138 (FRCP 30(b)(6) Deposition Testimony).

Kevin Thomas v. Equifax Information Services, LLC; et al., United States District Court for the District of Montana, Butte Division, Case No. CV-14-13-13U-SHE (Expert Report).

Roxanne Best and Dean Snapp, Individually and on Behalf of a Class of Similarly Situated Persons v. Experian Information Solutions, Inc., United States District Court for the Southern District of Florida, Case No. 9:14-cv-80929-Cohn/Seltzer (Deposition Testimony as a fact witness).

John T. Shaw, et al. v. Experian Information Solutions, Inc., United States District Court for the Southern District of California. Case No. 13-cv-1295-JLS-BLM (FCP 30(b)(6) Deposition Testimony).

Steven Laude, Jr. v. Experian, et al., United States District Court for the District of Colorado, Case No. 1:14-CV-02675-WYD-MJW (Expert Report).

Haykuhi v. Avetisyan v. Experian Information Solutions, Inc., et al., United States District Court for the Central District of California, Case No. 2:14-cv- 05276-AB-AS (Expert Report).

Raymond Alvandi v. Fidelity Capital Holdings, Inc., et al., United States District Court for the Central District of California, Case No. 2:14-cv-04379-DSF-AJW (Rebuttal Expert Report).

Debra B. Croft v. Experian Information Solutions Inc., United States District Court for the District of South Carolina, Columbia Division, Case No. 3:14-cv-04630-MGL (Rebuttal Expert Report).

Josephine Waletzko v. Experian Information Services Inc., United States District Court for Western District of Minnesota, Case No. 4:14-cv-00865 (Expert Report and Rebuttal Expert Report).

Heidi Rene Johnson v. Experian Information Solutions, Inc., Case No. 2:14-cv-01972-TSZ, United States District Court, Western District of Washington (Seattle) (Expert Report).

James Banneck v. HSBC Bank USA, N.A., et al., United States District Court for the Northern District of California, Case No. 3:14-cv-02250-HSG (FRCP 30(b)(6) Deposition Testimony, Expert Report).

Robert James Anthony v. Experian Information Solutions, Inc., United States District Court for the Eastern District of California, Case No. 2:14-CV-01230-MCE-EFB (Expert Report and Declaration).

Michael R. Whitescarver v. Experian Information Solutions, Inc., United States District Court for the District of Minnesota, Case No. 0:l5- cv-04480-DSD-FLN (Expert Report).

Daniel J. Lenz v. Experian Information Solutions, Inc., et al., United States District Court for the District of Minnesota, Case No. 0:15-cv-04175-JRT-TNL (Expert Report).

Douglas Yaeger and Crystal Yaeger v. Experian Information Solutions, Inc., United States District Court for the Central District of California, Case No. 5:16-cv-00387-JGB(SPx) (Expert Report).

Alejandra Ross v. Experian Information Solutions, Inc., United States District Court, District of Nevada, Case No. 2:16-cv-00754-APG-CWH (Expert Report).

Richard Augusiewicz v. Experian, United States District Court for the Eastern District of New York, Case No: 2:15-cv-06340-SJF-SIL (Expert Report).

Donn Headley v. Experian Information Solutions, Inc., United States District Court for the District of Colorado, Denver Division, Case No. 1:16-cv-01680-RBJ-NYW (Expert Report).

Johnathan Oldham and Morgan Fleming v. Experian Information Solutions, Inc. et. al., United States District Court for the Northern District of Alabama, Southern Division, Case No. 2:16-CV-980-RDP (Expert Report).

Orlando Sanchez v. Experian Information Solutions, Inc., United States District Court for the Central District of California, Case No. 5:15-cv-02450-JGB-KK (Rebuttal Expert Report).

Erwin Indich v. Equifax Information Services, LLC, et al., United State District Court for the District of Colorado, Case No. 1:16-cv-02484-RM-MEH (Expert Report).

April Hendrix v. Experian Information Services, Inc., United States District Court for the Middle District of North Carolina, Durham Division, Case No. 1:16-cv-201 (Expert Report).

030

*CONFIDENTIAL*

<u>Gregory Jacques Stewart v. Experian Information Solutions, Inc.</u>, United States District Court for the Northern District of Georgia, Case No. 1:16-cv-2870 (Expert Report).

<u>Marni Vasilko v. Experian Information Solutions, Inc.</u>, United States District Court for the Northern District of Georgia, Case No. 1:16-cv-4461 (Expert Report).

<u>James Gary Watland v. Experian Information Solutions, Inc.</u>, United States District Court for the Western District of Washington at Tacoma, Case No. 3:16-cv-05987- RSL (Expert Report).

<u>Syed Sunny Hassan v. Experian Information Solutions, Inc.</u>, United States District Court for the Southern District of Texas, Case No. 4:17-cv-00285 (Expert Report).

<u>David Camarata v. Experian Information Solutions, Inc.</u>, United States District Court for the Southern District of New York, Case No. 1:16-cv-00132-AT (FRCP 30(b)(6) Deposition Testimony).

<u>Maria E. v. Experian Information Solutions, Inc.</u>, United State District Court for the Eastern District of Kentucky, Lexington Division, Case No. 5:17-cv-00098-JHM (Expert Report).

<u>Thomas Foskaris v. Experian Information Solutions, Inc.</u>, United State District Court for the District of Nevada, Case No. 2:17-cv-00506-KJD-PAL (Expert Report, Rebuttal Expert Report, and Sur-Rebuttal Expert Report; Expert Deposition Testimony).

031

# EXHIBIT A

Case 2:16-cv-00183-RFB-BNW Document 12-4 Filed 12/11/18 Page 38 of 201
Case 09-15391-led Doc 1 Entered 04/09/09 19:30:54 Page 1 of 46
4/09/09 7:26PM

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>**District of Nevada** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Mainor, Carol** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1994** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**7113 Via Locanda Ave<br>Las Vegas, NV**<br>ZIP Code **89131** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Clark** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,   ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as    business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information**    **\*\*\* George Haines, Esq. 9411 \*\*\***<br>■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

033

Case 2:16-cv-00183-RFB-BNW Document 12-1 Filed 02/11/19 Page 39 of 201
Case 09-23391-led Doc 1 Entered 04/09/09 13:30:54 Page 2 of 40
4/09/09 7:26PM

| B1 (Official Form 1)(1/08) | Page 2 |
|---|---|

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Mainor, Carol** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **Las Vegas, NV** | Case Number:<br>**0718776** | Date Filed:<br>**12/27/07** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**Julius Mainor** | Case Number:<br>**08-23913** | Date Filed:<br>**11/21/08** |
| District:<br>**District of Nevada** | Relationship:<br>**husband** | Judge:<br>**mkn** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ George Haines, Esq.          April 9, 2009**<br>Signature of Attorney for Debtor(s)          (Date)<br>**George Haines, Esq.** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| <br>_____<br>(Name of landlord that obtained judgment)<br><br><br><br>_____<br>(Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Case 2:16-cv-00183-RFB-BNW Document 13-1 Filed 02/11/19 Page 40 of 201
Case 09-13391-RED-BNW Doc 1 Entered 04/09/09 19:30:54 Page 3 of 46

4/09/09 7:26PM

**B1 (Official Form 1)(1/08)**

**Page 3**

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Mainor, Carol**

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Carol Mainor**

Signature of Debtor  **Carol Mainor**

X _____

Signature of Joint Debtor

_____

Telephone Number (If not represented by attorney)

**April 9, 2009**

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

### Signature of Attorney*

X **/s/ George Haines, Esq.**

Signature of Attorney for Debtor(s)

**George Haines, Esq. 9411**

Printed Name of Attorney for Debtor(s)

**HAINES & KRIEGER, LLC**

Firm Name

**1020 Garces Ave.**
**Suite 100**
**Las Vegas, NV 89101**

Address

**Email: info@hainesandkrieger.com**
**(702) 880-5554  Fax: (702) 385-5518**

Telephone Number

**April 9, 2009**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

Address

X _____

_____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

035

Case 2:16-cv-00183-RFB-BNW Document 12-14 Filed 02/11/19 Page 41 of 201
Case 09-23391-bam Doc 1 Entered 04/09/09 19:30:54 Page 40 of 46
4/09/09 7:26PM

B 1D(Official Form 1, Exhibit D) (12/08)

# United States Bankruptcy Court
### District of Nevada

In re    **Carol Mainor**                           Case No. _____

                                  Debtor(s)           Chapter    **13** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

Case 2:16-cv-00183-REB-BNW Document 13-1 Filed 03/14/18 Page 42 of 201
Case 09-13391-led Doc 1 Entered 04/09/09 19:30:54 Page 42 of 46
4/09/09 7:26PM

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

      □ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      □ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      □ Active military duty in a military combat zone.

  □ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Carol Mainor**
                **Carol Mainor**

Date:   **April 9, 2009**

Case 2:16-cv-00183-RFB-BNW Document 12/14 Filed 02/11/18 Page 42 of 201
Case 09-03391-RCD Doc 1 Entered 04/09/09 19:30:54/18 Page 6 of 46

4/09/09 7:26PM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

Case 2:16-cv-00183-RFB-BNW Document 12-1 Filed 02/11/18 Page 44 of 201
Case 09-13391-led Doc 1 Entered 04/09/09 19:30:54 Page 40 of 46

4/09/09 7:26PM

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

    2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

    3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

    Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

    Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

    A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

    I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| George Haines, Esq. | X /s/ George Haines, Esq. | April 9, 2009 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**1020 Garces Ave.**
**Suite 100**
**Las Vegas, NV 89101**
**(702) 880-5554**
**info@hainesandkrieger.com**

### Certificate of Debtor

    I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Carol Mainor | X /s/ Carol Mainor | April 9, 2009 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) _____ | X _____ | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

Case 2:16-cv-00183-RFB-BNW Document 13-4 Filed 02/11/19 Page 45 of 201
Case 09-23591-led Doc 1 Entered 04/09/09 19:30:54 Page 45 of 46
4/09/09 7:26PM

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of Nevada

In re **Carol Mainor** , Case No. _____

Debtor

Chapter **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 550,000.00 | | |
| B - Personal Property | Yes | 3 | 10,025.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 761,754.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 11 | | 5,569.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 6,705.00 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 6,305.00 |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| Total Assets | | | 560,025.00 | | |
| Total Liabilities | | | | 767,323.00 | |

Case 2:16-cv-00183-REB-BNW Document 12-1 Filed 12/11/19 Page 46 of 201
Case 09-23391-led Doc 1 Entered 04/09/09 19:30:54 Page 6 of 40
4/09/09 7:26PM

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### District of Nevada

In re    **Carol Mainor**

                                 Debtor

Case No. _____

Chapter            **13**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 6,705.00 |
| Average Expenses (from Schedule J, Line 18) | 6,305.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,905.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 211,754.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 5,569.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 217,323.00 |

Case 2:16-cv-00183-RFB-BNW Document 131-2 Filed 02/11/19 Page 47 of 201
Case 09-96891-fed-B Doc 1 Entered 04/09/09 19:30:54 Page 46 of 46
4/09/09 7:26PM

B6A (Official Form 6A) (12/07)

In re  **Carol Mainor**                                                          Case No. _____
                                                        ,
                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **7113 Via Locanda Avenue**<br>**Las Vegas, NV 89131**<br>**\*\*\*retain arrears in plan\*\*\***<br>**\*\*second to be avoided\*\*\*** | **mortgage** | - | **550,000.00** | **761,754.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **550,000.00** | (Total of this page) |
| Total > | **550,000.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 2:16-cv-06183-RFB-BNW Document 130-1 Filed 02/11/19 Page 48 of 201
Case 09-06391-rcb Doc 1 Entered 04/09/09 19:30:41 Page 44 of 46
4/09/09 7:26PM

B6B (Official Form 6B) (12/07)

In re **Carol Mainor** _____, Case No. _____
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **money on hand** | J | 15.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo checking account** | H | 200.00 |
| | | **Washington Mutual**clsd feb, 09*** | - | 10.00 |
| | | **Wells Fargo checking account**** | W | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **household goods** | - | 7,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | - | 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total > 7,725.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 2:16-cv-06183-RFB-BNW Document 131-1 Filed 02/11/19 Page 49 of 201
Case 09-96391-reb Doc 1 Entered 04/09/09 19:30:34 Page 42 of 46

4/09/09 7:26PM

B6B (Official Form 6B) (12/07) - Cont.

In re   **Carol Mainor**                                          ,          Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | **United Auto Services Sole Proprietorship**clsd*** | **-** | **0.00** |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Case 2:16-cv-06183-RFB-BNW Document 131-1 Filed 02/11/19 Page 50 of 201
Case 09-96391-fed Doc 1 Entered 04/09/09 19:30:34 Page 49 of 49

4/09/09 7:26PM

B6B (Official Form 6B) (12/07) - Cont.

In re    **Carol Mainor** ,   Case No. _____

                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1996 Mitsibishi Mirage LS**paid off*** 210,000 miles** | - | 2,300.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | |
|---|---|
| Sub-Total > | 2,300.00 |
| (Total of this page) | |
| Total > | 10,025.00 |

Sheet   **2**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 51 of 201
Case 09-16393-led Doc 1 Entered 04/09/09 19:30:54 Page 46 of 146

4/09/09 7:26PM

B6C (Official Form 6C) (12/07)

.

In re   **Carol Mainor**                                    ,     Case No. _____
                                       Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                     $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **7113 Via Locanda Avenue** | Nev. Rev. Stat. § 21.090(1)(m) | 0.00 | 550,000.00 |
| **Las Vegas, NV 89131** | | | |
| ***retain arrears in plan*** | | | |
| **second to be avoided*** | | | |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Wells Fargo checking account** | Nev. Rev. Stat. § 21.090(1)(g) | 0.00 | 200.00 |
| | | | |
| **Washington Mutual**clsd feb, 09*** | Nev. Rev. Stat. § 21.090(1)(g) | 10.00 | 10.00 |
| | | | |
| **Household Goods and Furnishings** | | | |
| **household goods** | Nev. Rev. Stat. § 21.090(1)(b) | 7,000.00 | 7,000.00 |
| | | | |
| **Wearing Apparel** | | | |
| **Clothing** | Nev. Rev. Stat. § 21.090(1)(b) | 500.00 | 500.00 |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1996 Mitsibishi Mirage LS**paid off*** | Nev. Rev. Stat. § 21.090(1)(f) | 2,300.00 | 2,300.00 |
| **210,000 miles** | | | |

                                          Total:     **9,810.00**     **560,010.00**

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 52 of 201
Case 09-96393-led Doc 1 Entered 04/09/09 19:30:34 Page 46 of 146

4/09/09 7:26PM

B6D (Official Form 6D) (12/07)

In re **Carol Mainor** , Case No. _____

_____
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | 7113 Via Locanda Avenue Las Vegas, NV 89131 ***retain arrears in plan*** **second to be avoided*** | | | | | |
| **Blue Haven's Pool 1126 South Rainbow Las Vegas, NV 89146** | | - | | | | | | |
| | | | Value $ 550,000.00 | | | | 2,700.00 | 2,700.00 |
| Account No. | | | Second Mortgage to be avoided 7113 Via Locanda Avenue Las Vegas, NV 89131 ***retain arrears in plan*** **second to be avoided*** | | | | | |
| **Green Tree Services 345 St Peter Stree Suite 600 Saint Paul, MN 55102** | | - | | | | X | | |
| | | | Value $ 550,000.00 | | | | 47,312.00 | 47,312.00 |
| Account No. **21919451** | | | mortgage 7113 Via Locanda Avenue Las Vegas, NV 89131 ***retain arrears in plan*** **second to be avoided*** | | | | | |
| **Option One Mortgage Co c/o American Home Mort. SVC PO Box 44042 Jacksonville, FL 32231** | | - | | | | | | |
| | | | Value $ 550,000.00 | | | | 710,742.00 | 160,742.00 |
| Account No. | | | hoa hoa arrears on 7113 Via Locanda Avenue Las Vegas, NV 89131 | | | | | |
| **Tuscana Owners Association c/o Platinum Community Services P.O. Box 502077 San Diego, CA 92150** | | - | | | | | | |
| | | | Value $ 550,000.00 | | | | 1,000.00 | 1,000.00 |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | 761,754.00 | 211,754.00 |
| | | | Total (Report on Summary of Schedules) | | | | 761,754.00 | 211,754.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 2:16-cv-06183-RFB-BNW Document 1310-2 Filed 02/11/19 Page 53 of 201
Case 09-26383-reb Doc 1 Entered 04/09/09 19:30:34 Page 46 of 46

4/09/09 7:26PM

B6E (Official Form 6E) (12/07)

.

In re   **Carol Mainor**
_____,   Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____   continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Case 2:16-cv-06183-RFB-BNW Document 131-1 Filed 02/11/19 Page 54 of 201
Case 09-96391-led Doc 1 Entered 04/09/09 19:30:34 Page 40 of 46

4/09/09 7:26PM

B6E (Official Form 6E) (12/07) - Cont.

In re  **Carol Mainor**                                    ,          Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | | | | | | |
| Account No. **IRS Insolvency Dept 110 City Parkway Las Vegas, NV 89101** | - | | | | | | | 0.00 | 0.00 | 0.00 |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |

Sheet  **1**  of  **1**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

|  | Subtotal | 0.00 | |
|---|---|---|---|
| (Total of this page) | | 0.00 | 0.00 |
| Total | | 0.00 | |
| (Report on Summary of Schedules) | | 0.00 | 0.00 |

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 55 of 201
Case 09-96393-fed-B-DW1 Entered 04/09/09 19:30:34/11/19 Page 49 of 49

4/09/09 7:26PM

B6F (Official Form 6F) (12/07)

In re **Carol Mainor** ,      Case No. _____
              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | |
| Account No. 143517<br><br>**Acclaim Crdt**<br>**Po Box 3028**<br>**Visalia, CA 93277** | | H | | | **10 Pcs1** | | | | **235.00** |
| Account No. 8740071089999<br><br>**Amc Mortgage Services** | | H | | | **Opened 1/01/05 Last Active 4/30/05**<br>**ConventionalRealEstateMortgage** | | | | **Unknown** |
| Account No. 8740061161279<br><br>**Amc Mortgage Services**<br>**Po Box 769**<br>**Santa Ana, CA 92866** | | | J | | **Opened 7/30/04 Last Active 9/22/04**<br>**ConventionalRealEstateMortgage** | | | | **0.00** |
| Account No. 8740061161279<br><br>**Amc Mortgage Services**<br>**Po Box 11000**<br>**Santa Ana, CA 92711** | | - | | | **Opened 7/30/04 Last Active 9/22/04**<br>**ConventionalRealEstateMortgage** | | | | **0.00** |
| __10__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | **235.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Carol Mainor**                                                        ,          Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. 022650105010399271<br><br>**American Express**<br>**c/o Becket and Lee**<br>**Po Box 3001**<br>**Malvern, PA 19355** | H | | | Opened  4/01/84  Last Active 11/01/01<br>**CreditCard** | | | | 0.00 |
| Account No. 6470021919451<br><br>**American Home Mtg Srv**<br>**Attn: Bankruptcy**<br>**4600 Regent Blvd**<br>**Irving, TX 75063** | J | | | Opened  7/03/06  Last Active  4/04/08<br>**ConventionalRealEstateMortgage** | | | | Unknown |
| Account No. 6470021919451<br><br>**American Home Mtg Srv**<br>**Attn: Bankruptcy**<br>**4600 Regent Blvd**<br>**Irving, TX 75063** | - | | | Opened  7/03/06  Last Active  4/04/08<br>**ConventionalRealEstateMortgage** | | | | Unknown |
| Account No. 6473022415<br><br>**American Home Mtg Svci** | J | | | Opened  1/01/00  Last Active 10/01/01<br>**ConventionalRealEstateMortgage** | | | | 0.00 |
| Account No. 6473022415<br><br>**American Home Mtg Svci**<br>**4600 Regent Blvd Ste 200**<br>**Irving, TX 75063** | - | | | Opened  1/01/00  Last Active 10/01/01<br>**ConventionalRealEstateMortgage** | | | | 0.00 |

Sheet no. __1___ of __10__ sheets attached to Schedule of                    Subtotal                    0.00
Creditors Holding Unsecured Nonpriority Claims                        (Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Carol Mainor**                                                    , Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 3640106167414  Aurora Loan Services Attn: Bankruptcy Po Box 1706 Scottsbluff, NE 69363 | | J | | Opened 3/01/97 Last Active 9/01/04 ConventionalRealEstateMortgage | | | | Unknown |
| Account No. 3640106167414  Aurora Loan Services Attn: Bankruptcy Dept. Po Box 1706 Scottsbluff, NE 69363 | | - | | Opened 3/01/97 Last Active 9/01/04 ConventionalRealEstateMortgage | | | | Unknown |
| Account No. 2117860813  Beneficial/hfc Attn: Bankruptcy 961 Weigel Dr Elmhurst, IL 60126 | | - | | Opened 12/01/96 Last Active 1/01/00 Unsecured | | | | 0.00 |
| Account No. 1324159  Byl Services 301 Lacey St West Chester, PA 19382 | | H | | Opened 7/01/08 CollectionAttorney Southwest Gas Corporation | | | | 256.00 |
| Account No. 438864172510  Cap One Attn: C/O TSYS Debt Management Po Box 5155 Norcross, GA 30091 | | H | | Opened 5/01/00 Last Active 5/15/03 CreditCard | | | | 0.00 |

Sheet no. __2___ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **256.00**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Case 2:16-cv-00883-REB-BNW Document 131-1 Filed 02/11/19 Page 58 of 201
Case 09-96891-reb Doc 1 Entered 04/09/09 19:30:54 Page 29 of 46

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re  **Carol Mainor** ,
_____
Debtor

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| | | | Husband, Wife, Joint, or Community | | | | |
| Account No. **479124204810** <br><br> **Capital 1 Bank** <br> **Attn: C/O TSYS Debt Management** <br> **Po Box 5155** <br> **Norcross, GA 30091** | | J | Opened 9/01/01 Last Active 5/01/03 <br> CreditCard | | | | 0.00 |
| Account No. **486236214598** <br><br> **Capital 1 Bank** <br> **Attn: C/O TSYS Debt Management** <br> **Po Box 5155** <br> **Norcross, GA 30091** | | H | Opened 2/01/02 Last Active 1/01/03 <br> CreditCard | | | | 0.00 |
| Account No. **479124204810** <br><br> **Capital 1 Bank** <br> **Attn: C/O TSYS Debt Management** <br> **Po Box 5155** <br> **Norcross, GA 30091** | | - | Opened 9/01/01 Last Active 5/01/03 <br> CreditCard | | | | 0.00 |
| Account No. **603028124067** <br><br> **Chase - Cc** <br> **Attention: Banktruptcy Department** <br> **Po Box 100018** <br> **Kennesaw, GA 30156** | | H | Opened 4/01/04 <br> CreditCard | | | | 0.00 |
| Account No. **3118491** <br><br> **Continental Central Cr** | | H | Opened 4/01/08 <br> CollectionAttorney Tahoe Beach Ski Club | | | | 984.00 |

Sheet no. __3__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

984.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 59 of 201
Case 09-96383-fed-bkw1 Entered 04/09/09 19:30:54 1 Page 22 of 40

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re    **Carol Mainor**                      ,      Case No. _____

                               Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **32192815** <br><br> **Countrywide Home Lending** <br> **Attention: Bankruptcy  SV-314B** <br> **Po Box 5170** <br> **Simi Valley, CA 93062** | - | | | | | Opened  4/25/03  Last Active  1/01/04 <br> **Unsecured** | | | | 2,965.00 |
| Account No. **2080880121** <br><br> **Credit Control Corp** <br> **Po Box 120568.** <br> **Newport News, VA 23612** | | H | | | | Opened  3/01/08 <br> CollectionAttorney Cox Communications Las Vegas | | | | 444.00 |
| Account No. **2080880120** <br><br> **Credit Control Corp** <br> **Po Box 120568.** <br> **Newport News, VA 23612** | | H | | | | Opened  3/01/08 <br> CollectionAttorney Cox Communications Las Vegas | | | | 122.00 |
| Account No. **5899611773** <br><br> **Emc Mortgage** <br> **Attention:  Bankruptcy Clerk** <br> **Po Box 293150** <br> **Lewisville, TX 75029** | J | | | | | Opened 12/01/03  Last Active  7/20/04 <br> RealEstateSpecificTypeUnknown | | | | 0.00 |
| Account No. **5899611773** <br><br> **Emc Mortgage** <br> **Attention:  Bankruptcy Clerk** <br> **Po Box 293150** <br> **Lewisville, TX 75029** | - | | | | | Opened 12/01/03  Last Active  7/20/04 <br> RealEstateSpecificTypeUnknown | | | | 0.00 |

Sheet no. __4___ of __10__ sheets attached to Schedule of            Subtotal       | 3,531.00
Creditors Holding Unsecured Nonpriority Claims          (Total of this page)

Case 2:16-cv-06183-RFB-BNW Document 131-1 Filed 02/11/19 Page 60 of 201
Case 09-96391-reb Doc 1 Entered 04/09/09 19:30:34 Page 28 of 46
4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re    **Carol Mainor**                             ,      Case No. _____

                               Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **15068987**<br><br>Geccccc<br>345 Saint Peter St<br>Saint Paul, MN 55102 | | | J | | Opened 4/01/07 Last Active 8/01/08<br>Secured | | | | **0.00** |
| Account No. **15068987**<br><br>Geccccc<br>345 Saint Peter St<br>Saint Paul, MN 55102 | | | - | | Opened 4/30/07 Last Active 11/07/08<br>Secured | | | | **Unknown** |
| Account No. 601918038574<br><br>Gemb/care Credit<br>Attn: Bankruptcy<br>Po Box 103106<br>Roswell, GA 30076 | | | J | | Opened 12/13/06 Last Active 12/03/07<br>ChargeAccount | | | | **Unknown** |
| Account No. 601918038574<br><br>Gemb/care Credit<br>Po Box 981439<br>El Paso, TX 79998 | | | - | | Opened 12/13/06 Last Active 12/03/07<br>ChargeAccount | | | | **Unknown** |
| Account No. 56183885<br><br>Global Payments Check<br>6215 W Howard St<br>Niles, IL 60714 | | H | | | Opened 2/01/04<br>ReturnedCheck Bennett Deloney Ca | | | | **0.00** |

Sheet no. __5__ of __10__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                      Subtotal          **0.00**
                   (Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037               Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 61 of 201
Case 09-96391-reb Doc 1 Entered 04/09/09 19:30:34 Page 29 of 146

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re **Carol Mainor**                                                                                    Case No. _____
                                                          ,
                                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 21178608131081 | | | Opened 12/01/96 Last Active 1/01/00 Unsecured | | | | |
| Hfc-ta Attn.: Bankruptcy 961 Weigel Dr Elmhurst, IL 60126 | | J | | | | | 0.00 |
| Account No. 6930323349365 | | | Opened 1/01/05 Last Active 4/14/06 ConventionalRealEstateMortgage | | | | |
| Homeq Servicing Po Box 13716 Sacramento, CA 95853 | | H | | | | | 0.00 |
| Account No. 601944240006 | | | Opened 5/26/93 Last Active 10/24/01 ChargeAccount | | | | |
| Mil Star Attention: Bankruptcy Po Box 650062 Dallas, TX 75236 | | H | | | | | 0.00 |
| Account No. 601945200001 | | | Opened 11/01/93 Last Active 5/01/96 ChargeAccount | | | | |
| Mil Star 3911 Walton Walker Dallas, TX 75266 | | H | | | | | 0.00 |
| Account No. 6019452000338649 | | | Opened 3/01/97 Last Active 2/01/06 ChargeAccount | | | | |
| Military Star 3911 Walton Walker Dallas, TX 75266 | | H | | | | | 0.00 |

Sheet no. __6__ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                  0.00

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 62 of 201
Case 09-90391-LA Doc 1 Entered 04/09/09 19:30:34 Page 29 of 49

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re  **Carol Mainor**                                                                 , Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **256604026** <br><br> **Navy Fcu** <br> **820 Follin Lane** <br> **Vienna, VA 22180** | | J | | Opened 10/01/94 Last Active 4/01/99 <br> **Unsecured** | | | | **0.00** |
| Account No. **35489749** <br><br> **Ocwen Federal Bank** <br> **12650 Ingenuity Dr.** <br> **Orlando, FL 32826** | | J | | Opened 9/01/01 Last Active 3/03/03 <br> **ConventionalRealEstateMortgage** | | | | **0.00** |
| Account No. **35489749** <br><br> **Ocwen Loan Servicing L** <br> **12650 Ingenuity Dr** <br> **Orlando, FL 32826** | - | | | Opened 9/01/01 Last Active 3/03/03 <br> **ConventionalRealEstateMortgage** | | | | **0.00** |
| Account No. **161252101** <br><br> **Omnium Worldwide, Inc** <br> **7171 Mercy Rd** <br> **Omaha, NE 68106** | | H | | Opened 8/01/08 <br> **CollectionAttorney Embarq** | | | | **394.00** |
| Account No. **4202870010022220** <br><br> **Pacific Bay Fed Cr Uni** <br> **Po Box 23783** <br> **Oakland, CA 94623** | | J | | Opened 6/01/94 Last Active 1/20/05 <br> **CreditCard** | | | | **Unknown** |

Sheet no. __**7**___ of __**10**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                   **394.00**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 63 of 201
Case 09-96391-fed Doc 1 Entered 04/09/09 19:30:34 Page 26 of 46

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re __Carol Mainor__ _____,  Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **571706** <br><br> **Pg&e** <br>**P.o. Box 8329** <br>**Stockton, CA 95208** | J | | | **Opened  8/26/88  Last Active  7/13/06** <br>**Agriculture** | | | | **0.00** |
| Account No. **571706** <br><br> **Pg&e** <br>**P.o. Box 8329** <br>**Stockton, CA 95208** | - | | | **Opened  8/26/88  Last Active  7/13/06** <br>**Agriculture** | | | | **0.00** |
| Account No. **5546219941036** <br><br> **Sallie Mae** <br>**Attn: Claims Dept** <br>**Po Box 9500** <br>**Wilkes Barre, PA 18773** | J | | | **Opened  5/01/04  Last Active  8/20/04** <br>**Educational** | | | | **Unknown** |
| Account No. **554621994103F** <br><br> **Sallie Mae** <br>**Attn: Claims Dept** <br>**Po Box 9500** <br>**Wilkes Barre, PA 18773** | J | | | **Opened  5/13/04  Last Active  8/20/04** <br>**Educational** | | | | **0.00** |
| Account No. **5546219941036** <br><br> **Sallie Mae** <br>**Attn: Claims Dept** <br>**Po Box 9500** <br>**Wilkes Barre, PA 18773** | - | | | **Opened  5/01/04  Last Active  8/20/04** <br>**Educational** | | | | **Unknown** |

Sheet no. __8___ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **0.00**

Case 2:16-cv-06383-RFB-BNW Document 131-1 Filed 02/11/19 Page 64 of 201
Case 09-96391-fed Doc 1 Entered 04/09/09 19:30:34/11 Page 22 of 46

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re **Carol Mainor**                                                                                    Case No. _____

_____,
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **554621994103F** <br><br> **Sallie Mae** <br> **Attn: Claims Dept** <br> **Po Box 9500** <br> **Wilkes Barre, PA 18773** | - | | | | Opened 5/13/04 Last Active 8/20/04 <br> Educational | | | | 0.00 |
| Account No. **54163000** <br><br> **Usaa Federal Savings B** | | | J | | Opened 11/01/84 Last Active 1/01/02 <br> CreditCard | | | | 0.00 |
| Account No. **54163000** <br><br> **Usaa Federal Savings B** <br> **Po Box 47504** <br> **San Antonio, TX 78265** | - | | | | Opened 11/01/84 Last Active 1/01/02 <br> CreditCard | | | | 0.00 |
| Account No. **1608711520090001** <br><br> **Verizon Wireless** <br> **15900 Se Eastgate Way** <br> **Bellevue, WA 98008** | | H | | | Opened 1/01/08 Last Active 7/01/08 <br> Agriculture | | | | 169.00 |
| Account No. **6436775460** <br><br> **Wash Mutual/providian** <br> **Attn: Bankruptcy Dept** <br> **Po Box 10467** <br> **Greenville, SC 29601** | | | J | | Opened 4/20/07 Last Active 2/27/08 <br> CreditCard | | | | Unknown |

Sheet no. __9___ of __10__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)       **169.00**

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 65 of 201
Case 09-06393-rcb Doc 1 Entered 04/09/09 19:30:54 Page 28 of 46

4/09/09 7:26PM

B6F (Official Form 6F) (12/07) - Cont.

In re __Carol Mainor__ ,       Case No. _____
                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6436775460**<br><br>**Wash Mutual/providian**<br>**Attn: Bankruptcy Dept**<br>**Po Box 10467**<br>**Greenville, SC 29601** | - | | **Opened 4/20/07 Last Active 2/27/08**<br>**CreditCard** | | | | **Unknown** |
| Account No. **511610004535**<br><br>**Wfs Financial/Wachovia Dealer Services**<br>**Po Box 19657**<br>**Irvine, CA 92623** | | H | **Opened 5/01/96 Last Active 4/01/01**<br>**Automobile** | | | | **0.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __10__ of __10__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

            Subtotal              **0.00**
        (Total of this page)

                Total          **5,569.00**
(Report on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

               Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 66 of 201
Case 09-26391-led Doc 1 Entered 04/09/09 19:30:34 Page 29 of 48
4/09/09 7:26PM

B6G (Official Form 6G) (12/07)

.

In re    **Carol Mainor**                         ,      Case No. _____
                                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Case 2:16-cv-06183-RFB-BNW Document 131-9 Filed 02/11/19 Page 67 of 201
Case 09-96391-reb Doc 1 Entered 04/09/09 19:30:34 Page 30 of 40

4/09/09 7:26PM

B6H (Official Form 6H) (12/07)

In re **Carol Mainor** ,     Case No. _____
_____
Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Case 2:16-cv-00383-RFB-BNW   Document 14191   Filed 02/11/19   Page 68 of 201
Case 09-96393-fed   Doc 1   Entered 04/09/09 19:30:34   Page 91 of 46

4/09/09 7:26PM

**B6I (Official Form 6I) (12/07)**

In re **Carol Mainor**                                          Case No. _____
_____
          Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **retired** | **n/a** |
| Name of Employer | **Retirement** | **Retirement** |
| How long employed | **n/a** | **n/a** |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | **0.00** | $ | **0.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **0.00** | $ | **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **0.00** | $ | **0.00** |
| b. Insurance | $ | **0.00** | $ | **0.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **0.00** | $ | **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance (Specify): **Social Security** | $ | **376.00** | $ | **1,424.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **805.00** | $ | **2,600.00** |
| 13. Other monthly income (Specify): **daughter cont.** | $ | **1,500.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **2,681.00** | $ | **4,024.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **2,681.00** | $ | **4,024.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | **6,705.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor expects to earn significantly more money through her business in the near future.  Debtor is also renting out rooms in her home starting February 1.**

Case 2:16-cv-00363-RFB-BNW Document 131-1 Filed 03/11/19 Page 69 of 201
Case 09-06393-red-9w Doc 1 Entered 04/09/09 19:30:34 Page 32 of 46
4/09/09 7:26PM

B6J (Official Form 6J) (12/07)

In re __Carol Mainor__ _____  Case No. _____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 4,709.00 |
|   a. Are real estate taxes included? | Yes __X__  No ___ | |
|   b. Is property insurance included? | Yes __X__  No ___ | |
| 2. Utilities:   a. Electricity and heating fuel | | $ 210.00 |
|          b. Water and sewer | | $ 38.00 |
|          c. Telephone | | $ 175.00 |
|          d. Other | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 0.00 |
| 4. Food | | $ 500.00 |
| 5. Clothing | | $ 100.00 |
| 6. Laundry and dry cleaning | | $ 0.00 |
| 7. Medical and dental expenses | | $ 0.00 |
| 8. Transportation (not including car payments) | | $ 375.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 0.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|          a. Homeowner's or renter's | | $ 0.00 |
|          b. Life | | $ 60.00 |
|          c. Health | | $ 0.00 |
|          d. Auto | | $ 138.00 |
|          e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|          a. Auto | | $ 0.00 |
|          b. Other | | $ 0.00 |
|          c. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other | | $ 0.00 |
|     Other | | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 6,305.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ 6,705.00 |
| b.   Average monthly expenses from Line 18 above | | $ 6,305.00 |
| c.   Monthly net income (a. minus b.) | | $ 400.00 |

Case 2:16-cv-00183-RFB-BNW   Document 131-9   Filed 02/11/19   Page 70 of 201
Case 09-16393-led   Doc 1   Entered 04/09/09 19:30:41   Page 82 of 49

4/09/09 7:26PM

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## District of Nevada

In re   **Carol Mainor**
_____
                                    Debtor(s)

Case No. _____
Chapter   **13**   _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **25** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **April 9, 2009**_____

Signature   **/s/ Carol Mainor**_____
            **Carol Mainor**
            Debtor

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Case 2:16-cv-00183-RFB-BNW Document 131-1 Filed 02/11/19 Page 71 of 201
Case 09-96391-reb Doc 1 Entered 04/09/09 19:30:34 Page 32 of 46

4/09/09 7:26PM

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## District of Nevada

In re   **Carol Mainor**                                              Case No.

_____                       Chapter   **13**   _____
                                    Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$24,322.00** | **2008 Income from employment** |
| **$47,000.00** | **2007** <br> **Income from business and employment** |
| **$42,672.00** | **2006** <br> **Employment** |

Case 2:16-cv-06183-RFB-BNW   Document 131-9   Filed 02/11/19   Page 72 of 201
Case 09-96391-reb   Doc 1   Entered 04/09/09 19:30:34   Page 96 of 46

4/09/09 7:26PM

2

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$29,760.00** | **2007 Income from retirement (husband(** |
| **$4,176.00** | **2007 Social Security** |
| **$10,800.00** | **2007 Income from retirment (Wife)** |

**3. Payments to creditors**

None ■ *Complete a. or b., as appropriate, and c.*

a.  *Individual or joint debtor(s) with primarily consumer debts*.  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■ c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ■ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Case 2:16-cv-00883-RFB-BNW   Document 131-1   Filed 02/11/19   Page 73 of 201
Case 09-16391-led   Doc 1   Entered 04/09/09 19:30:34   Page 36 of 46

4/09/09 7:26PM

3

### 5. Repossessions, foreclosures and returns

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **HAINES & KRIEGER, LLC** **1020 Garces Ave.** **Suite 100** **Las Vegas, NV 89101** | **12/21/2007** | **$2,000.00** |

Case 2:16-cv-00183-RFB-BNW  Document 131-2  Filed 02/11/19  Page 74 of 201
Case 09-96393-led  Doc 1  Entered 04/09/09 19:30:54  Page 32 of 46

4/09/09 7:26PM

4

**10. Other transfers**

None ■
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ☐
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| **Wells Fargo**<br>**530 Las Vegas Blvd**<br>**Las Vegas, NV 89101** | **Carol Mainor**<br>**7113 Via Locanda Ave**<br>**Las Vegas, NV** | **Documents** | |

**13. Setoffs**

None ■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 75 of 201
Case 09-96881-red Doc 1 Entered 04/09/09 19:30:41 Page 98 of 46

4/09/09 7:26PM

5

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                        NAME USED                                        DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

|                         | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
| SITE NAME AND ADDRESS   | GOVERNMENTAL UNIT   | NOTICE  | LAW |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

|                         | NAME AND ADDRESS OF | DATE OF | ENVIRONMENTAL |
| SITE NAME AND ADDRESS   | GOVERNMENTAL UNIT   | NOTICE  | LAW |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF |                 |                        |
| GOVERNMENTAL UNIT   | DOCKET NUMBER   | STATUS OR DISPOSITION  |

Case 2:16-cv-00183-RFB-BNW   Document 131-1   Filed 02/11/19   Page 76 of 201
Case 09-15891-led   Doc 1   Entered 04/09/09 19:30:54   Page 38 of 49

4/09/09 7:26PM

6

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **United Auto Services, LLC** | **1003014356** | **814 Bonanaza Road Las Vegas, NV 89131** | **Used Cars Sales Business has been closed.** | **May 2006 - February 2007** |
| **Untied Auto Services** | **1994** | **1020 High Street Oakland, CA 94601** | **Used Cars (Sole proprietorship)** | **December 1997 to present** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **April 9, 2009**                    Signature    **/s/ Carol Mainor**
                                                          **Carol Mainor**
                                                          Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Case 2:16-cv-00183-RFB-BNW Document 131-9 Filed 02/11/19 Page 77 of 201
Case 09-96393-red Doc 1 Entered 04/09/09 19:30:34 Page 40 of 46

4/09/09 7:26PM

# United States Bankruptcy Court
## District of Nevada

In re __Carol Mainor__

Debtor(s)

Case No. _____

Chapter __13__

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept...............................................................  $ _____6,073.00

Prior to the filing of this statement I have received.............................................  $ _____2,000.00

Balance Due...........................................................................................................  $ _____4,073.00

2.  The source of the compensation paid to me was:

■ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:

■ Debtor      ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]
    **Attorney/Client Retainer governs these provisions.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Reaffirmation Agreements, 2004 Examinations, Contested Matters and/or Motions, Motions for Relief from Stay, Adversary proceedings, and any other matter beyond the scope of the written retainer agreement with Haines & Krieger, LLC.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   __April 9, 2009__

__/s/ George Haines, Esq.__
**George Haines, Esq.
HAINES & KRIEGER, LLC
1020 Garces Ave.
Suite 100
Las Vegas, NV 89101
(702) 880-5554  Fax: (702) 385-5518
info@hainesandkrieger.com**

---

Case 2:16-cv-00183-RFB-BNW Document 131-2 Filed 02/11/19 Page 78 of 201
Case 09-16391-led Doc 1 Entered 04/09/09 19:30:54 Page 4 of 46

4/09/09 7:26PM

# United States Bankruptcy Court
## District of Nevada

In re    **Carol Mainor**                         Case No. _____

Debtor(s)          Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **April  9, 2009**                  **/s/ Carol Mainor**

                                      **Carol Mainor**
                                      Signature of Debtor

Carol Mainor
7113 Via Locanda Ave
Las Vegas, NV 89131

George Haines, Esq.
HAINES & KRIEGER, LLC
1020 Garces Ave.
Suite 100
Las Vegas, NV 89101

Acclaim Crdt
Acct No 143517
Po Box 3028
Visalia, CA 93277

Amc Mortgage Services
Acct No 8740071089999

Amc Mortgage Services
Acct No 8740061161279
Po Box 769
Santa Ana, CA 92866

Amc Mortgage Services
Acct No 8740061161279
Po Box 11000
Santa Ana, CA 92711

American Express
Acct No 022650105010399271
c/o Becket and Lee
Po Box 3001
Malvern, PA 19355

American Home Mtg Srv
Acct No 6470021919451
Attn: Bankruptcy
4600 Regent Blvd
Irving, TX 75063

American Home Mtg Svci
Acct No 6473022415

American Home Mtg Svci
Acct No 6473022415
4600 Regent Blvd Ste 200
Irving, TX 75063

Aurora Loan Services
Acct No 3640106167414
Attn: Bankruptcy
Po Box 1706
Scottsbluff, NE 69363

Aurora Loan Services
Acct No 3640106167414
Attn: Bankruptcy Dept.
Po Box 1706
Scottsbluff, NE 69363

Beneficial/hfc
Acct No 2117860813
Attn: Bankruptcy
961 Weigel Dr
Elmhurst, IL 60126

Blue Haven's Pool
1126 South Rainbow
Las Vegas, NV 89146

Byl Services
Acct No 1324159
301 Lacey St
West Chester, PA 19382

Cap One
Acct No 438864172510
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091

Capital 1 Bank
Acct No 479124204810
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091

Chase - Cc
Acct No 603028124067
Attention: Banktruptcy Department
Po Box 100018
Kennesaw, GA 30156

Continental Central Cr
Acct No 3118491

Countrywide Home Lending
Acct No 32192815
Attention: Bankruptcy SV-314B
Po Box 5170
Simi Valley, CA 93062

Credit Control Corp
Acct No 2080880121
Po Box 120568.
Newport News, VA 23612

```
Emc Mortgage
Acct No 5899611773
Attention: Bankruptcy Clerk
Po Box 293150
Lewisville, TX 75029

Gecccc
Acct No 15068987
345 Saint Peter St
Saint Paul, MN 55102

Gemb/care Credit
Acct No 601918038574
Attn: Bankruptcy
Po Box 103106
Roswell, GA 30076

Gemb/care Credit
Acct No 601918038574
Po Box 981439
El Paso, TX 79998

Global Payments Check
Acct No 56183885
6215 W Howard St
Niles, IL 60714

Green Tree Services
345 St Peter Stree Suite 600
Saint Paul, MN 55102

Hfc-ta
Acct No 21178608131081
Attn.: Bankruptcy
961 Weigel Dr
Elmhurst, IL 60126

Homeq Servicing
Acct No 6930323349365
Po Box 13716
Sacramento, CA 95853

IRS
Insolvency Dept
110 City Parkway
Las Vegas, NV 89101

Mil Star
Acct No 601944240006
Attention: Bankruptcy
Po Box 650062
Dallas, TX 75236
```

Mil Star
Acct No 601945200001
3911 Walton Walker
Dallas, TX 75266

Military Star
Acct No 6019452000338649
3911 Walton Walker
Dallas, TX 75266

Navy Fcu
Acct No 256604026
820 Follin Lane
Vienna, VA 22180

Ocwen Federal Bank
Acct No 35489749
12650 Ingenuity Dr.
Orlando, FL 32826

Ocwen Loan Servicing L
Acct No 35489749
12650 Ingenuity Dr
Orlando, FL 32826

Omnium Worldwide, Inc
Acct No 161252101
7171 Mercy Rd
Omaha, NE 68106

Option One Mortgage Co
Acct No 21919451
c/o American Home Mort. SVC
PO Box 44042
Jacksonville, FL 32231

Pacific Bay Fed Cr Uni
Acct No 4202870010022220
Po Box 23783
Oakland, CA 94623

Pg&e
Acct No 571706
P.o. Box 8329
Stockton, CA 95208

Sallie Mae
Acct No 5546219941036
Attn: Claims Dept
Po Box 9500
Wilkes Barre, PA 18773

Tuscana Owners Association
c/o Platinum Community Services
P.O. Box 502077
San Diego, CA 92150

Usaa Federal Savings B
Acct No 54163000


Usaa Federal Savings B
Acct No 54163000
Po Box 47504
San Antonio, TX 78265

Verizon Wireless
Acct No 16087115200900001
15900 Se Eastgate Way
Bellevue, WA 98008

Wash Mutual/providian
Acct No 6436775460
Attn: Bankruptcy Dept
Po Box 10467
Greenville, SC 29601

Wfs Financial/Wachovia Dealer Services
Acct No 511610004535
Po Box 19657
Irvine, CA 92623

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 09-15391-LED |
|     CAROL MAINOR | |
|     Debtor(s) | |

**CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT**

Kathleen A. Leavitt, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 04/09/2009.

2) The plan was confirmed on 09/10/2009.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on 12/13/2010, 07/26/2012.

4) The trustee filed action to remedy default by the debtor in performance under the plan on 03/20/2012, 05/24/2012, 11/02/2012, 01/10/2013, 03/06/2013, 01/18/2014.

5) The case was completed on 07/02/2014.

6) Number of months from filing to last payment: 63.

7) Number of months case was pending: 73.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $9,810.00.

10) Amount of unsecured claims discharged without payment: $67,379.44.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (9/1/2009)**

080

| Receipts: | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $18,753.00 | |
| Less amount refunded to debtor | $0.00 | |
| **NET RECEIPTS:** | | **$18,753.00** |

| Expenses of Administration: | | |
|---|---|---|
| Attorney's Fees Paid Through the Plan | $5,773.00 | |
| Court Costs | $0.00 | |
| Trustee Expenses & Compensation | $1,220.03 | |
| Other | $0.00 | |
| **TOTAL EXPENSES OF ADMINISTRATION:** | | **$6,993.03** |
| Attorney fees paid and disclosed by debtor: | $2,000.00 | |

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| Acclaim Crdt | Unsecured | 235.00 | NA | NA | 0.00 | 0.00 |
| AMC MORTGAGE SERVICES | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| AMC Mortgage Services | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Ame Mortgage Services ,Acct No 874007 | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| AMERICAN EXPRESS | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| AMERICAN HOME MORTGAGE SERV | Secured | 710,742.00 | 0.00 | 863,298.39 | 0.00 | 0.00 |
| American Home Mtg Svci | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| American Home Mtg Svci ,Acct No 6473( | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Aurora Loan Services | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Aurora Loan Services | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| BENEFICIAL/HFC | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| BLUE HAVEN'S POOL | Secured | 2,700.00 | 0.00 | 2,700.00 | 2,700.00 | 0.00 |
| BYL SERVICES | Unsecured | 256.00 | NA | NA | 0.00 | 0.00 |
| CAPITAL ONE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CAPITAL ONE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CAPITAL ONE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CAPITAL ONE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| CHASE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Continental Central Cr ,Acct No 3118491 | Unsecured | 984.00 | NA | NA | 0.00 | 0.00 |
| Countrywide Home Lending | Unsecured | 2,965.00 | NA | NA | 0.00 | 0.00 |
| Credit Control Corp | Unsecured | 444.00 | NA | NA | 0.00 | 0.00 |
| Credit Control Corp | Unsecured | 122.00 | NA | NA | 0.00 | 0.00 |
| DR CALVERT ENDODONTICS | Unsecured | 603.00 | NA | NA | 0.00 | 0.00 |
| ECAST SETTLEMENT CORPORATION | Unsecured | 0.00 | 0.00 | 514.52 | 175.93 | 0.00 |
| ECAST SETTLEMENT CORPORATION | Unsecured | 0.00 | 0.00 | 11,934.91 | 4,080.93 | 0.00 |
| ECAST SETTLEMENT CORPORATION | Unsecured | 0.00 | 0.00 | 2,198.81 | 751.84 | 0.00 |
| EMC MORTGAGE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| GEMB/CARE CREDIT | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| GEMB/CARE CREDIT | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| GLOBAL PAYMENT CHECK SERVICE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| GREEN TREE SERVICES | Unsecured | 47,312.00 | NA | NA | 0.00 | 0.00 |

**UST Form 101-13-FR-S (9/1/2009)**

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| Hfc-ta | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| HOME EQUITY SERVICES | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| IRS | Priority | 0.00 | NA | NA | 0.00 | 0.00 |
| MERIDIAN FINANCIAL SERVICES, IN | Unsecured | 2,295.29 | NA | NA | 0.00 | 0.00 |
| Mil Star | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| MIL STAR | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| MIL STAR | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| NAVY FEDERAL CR UNION | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| NVENERGY | Unsecured | 1,143.16 | NA | NA | 0.00 | 0.00 |
| OCWEN FEDERAL BANK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| OCWEN LOAN SERVICING, LLC | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| OMNIUM WORLDWIDE, INC | Unsecured | 394.00 | NA | NA | 0.00 | 0.00 |
| PACIFIC BAY FED CR UNI | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| PG&E BILLING DEPT | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Sallie Mae | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Sallie Mae | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Sallie Mae | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Sallie Mae | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| TUSCANA OWNERS ASSOCIATION | Secured | 1,000.00 | 0.00 | 3,626.51 | 3,626.51 | 0.00 |
| Usaa Federal Savings B | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| USAA FEDERAL SAVINGS B ,ACCT N | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| Verizon Wireless | Unsecured | 169.00 | NA | NA | 0.00 | 0.00 |
| Wash Mutual/providian | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| WELLS FARGO BANK NA | Unsecured | 0.00 | 0.00 | 1,242.21 | 424.76 | 0.00 |
| Wfs Financial/Wachovia Dealer Services | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $863,298.39 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $6,326.51 | $6,326.51 | $0.00 |
| **TOTAL SECURED:** | **$869,624.90** | **$6,326.51** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$15,890.45** | **$5,433.46** | **$0.00** |

UST Form 101-13-FR-S (9/1/2009)

| Disbursements: | |
|---|---|
| Expenses of Administration | $6,993.03 |
| Disbursements to Creditors | $11,759.97 |
| **TOTAL DISBURSEMENTS** : | **$18,753.00** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 04/29/2015                    By: /s/ Kathleen A. Leavitt
                                                          Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (9/1/2009)**

# EXHIBIT 2 –

# Deposition Transcript of Ms. Methvin, 30(b)(6) Designee

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2                 DISTRICT OF NEVADA
 3

   CAROL MAINOR,                ) NO. 2:16-cv-00183
 4                              )           RFB-PAL
                  Plaintiff,    )
 5                              )
        v.                      )
 6                              )
   EXPERIAN INFORMATION SYSTEMS,)
 7   INC.,                      )
                                )
 8              Defendant.      )
   _____)
 9
10
11
12              CONFIDENTIAL TRANSCRIPT
13         Deposition of MARY METHVIN, taken on behalf of
14   Plaintiff, at 3161 Michelson Drive, Suite 800, Irvine,
15   California, beginning at 10:04 a.m. and ending at
16   6:12 p.m., on Thursday, June 7, 2018, before
17   Heidi Hummel-Grant, Certified Shorthand Reporter
18   No. 12556.
19
20
21
22
23
24
25
```

                                                    Page  2

CONFIDENTIAL

```
 1    APPEARANCES:

 2    For Plaintiff:

 3        KNEPPER & CLARK LLC

          BY:  MILES N. CLARK, PRESENT TELEPHONICALLY

 4        10040 West Cheyenne Avenue

          Suite 170-109

 5        Las Vegas, Nevada 89129

          702.825.6060

 6        miles.clark@knepperclark.com

 7    For Defendant EXPERIAN INFORMATION SOLUTIONS, INC.:

 8        JONES DAY

          BY:  BRIANNE J. KENDALL

 9            CHERYL L. O'CONNOR

          3161 Michelson Drive

10        Suite 800

          Irvine, California 92612-4408

11        949.851.3939

          bkendall@jonesday.com

12        coconnor@jonesday.com

13

14

15

16

17

18

19

20

21

22

23

24

25

                                            Page  3
```

CONFIDENTIAL

```
 1                        I N D E X
 2   Witness:
 3   MARY METHVIN
 4
 5   Examination by:                          Page
 6   MR. CLARK                                  7
 7
 8                   INDEX OF EXHIBITS
 9           Description                        Page
10   Exhibit 1   Notice of Taking Deposition    11
11   Exhibit 2   Amended Objections and Responses  11
                 to Notice of Taking Deposition
12
     Exhibit 3   Oral Deposition of Anna Simmons   54
13               February 24, 2017
14   Exhibit 4   Oral Deposition of Anna Simmons   64
                 3 March 2017
15
     Exhibit 5   Oral Deposition of Anna Simmons   65
16               May 3, 2017
17   Exhibit 6   Expert Report by Kimberly Cave    70
                 in the Matter of Carol Mainor v
18               Experian Information Solutions, Inc.
19   Exhibit 7   Expert Witness Disclosures        76
20   Exhibit 8   EPC Sorter Manual                 96
                 Participant Guide
21
     Exhibit 9   Disclosure                        131
22
     Exhibit 10  February 29, 2016, ACDV           136
23               from Experian to Ocwen
24   Exhibit 11  March 11, 2916, Experian          152
                 Report of Reinvestigation
25
```

CONFIDENTIAL

```
 1    Exhibits (Continued):                              Page
 2    Exhibit 12   February 5, 2016, Proof of            157
                   Service on Experian
 3
      Exhibit 13   Matter List Report                    162
 4                 by Matter Type
 5    Exhibit 14   Second Set of Interrogatories,        199
                   Second Set of Requests for
 6                 Admission, and Second Set of
                   Requests for Production of
 7                 Documents
 8
 9                   ^INSTRUCTED NOT TO ANSWER
                          Page   Line
10
                           89      6
11                         140     6
                           143    13
12                         149    14
                           197    13
13                         198     7
14
15
16
17
18
19
20
21
22
23
24
25

                                              Page  5
```

CONFIDENTIAL

```
 1        Q    All right.                                    10:27

 2             Are you familiar with the term CDF?

 3        A    Yes.

 4        Q    What does that term mean?

 5        A    It stands for consumer disclosure final.       10:28

 6        Q    What is a consumer disclosure final?

 7        A    It's a document that's a format of -- that is

 8   provided to consumers for reinvestigation results.

 9        Q    What does the term C -- the letter C refer to in

10   the term CDF?                                            10:28

11        A    I think I just told you that; right?

12        Q    I see.  I'm just trying to make sure.

13             Does the C stand for consumer, if I understand

14   you correctly?

15        MS. KENDALL:  Asked and answered.                   10:29

16        THE WITNESS:  Yes, sir.

17        MR. CLARK:

18        Q    And the D stands for disclosure; is that

19   correct?

20        MS. KENDALL:  Asked and answered.                   10:29

21        THE WITNESS:  Yes, sir.

22        MR. CLARK:

23        Q    So is a CDF a consumer disclosure?

24        A    Yes.

25        Q    Okay.                                          10:29
```

Page 20

CONFIDENTIAL

```
 1    Reporter is here to record the stenograph -- the words      10:32

 2    of counsel and the words of Ms. Methvin and not to

 3    interpret the actions of anything in the room.  If

 4    Mr. Clark wished to observe that himself, he was more

 5    the welcome to appear in person today.                      10:32

 6        MR. CLARK:  In brief response, Brianne, that is not

 7    my intention.  This is a routine instruction that I

 8    give in many, if not all, of the depositions I conduct.

 9        MS. O'CONNOR:  Why don't we accommodate --

10        MR. CLARK:  And with that, we can go off the record.    10:33

11        MS. O'CONNOR:  -- the court reporter's request to go

12    off the record.

13        THE REPORTER:  And we're off the record.

14            (A discussion is held off the record.)

15        MR. CLARK:  Are we back on?                              10:39

16        THE REPORTER:  Yes.

17        MR. CLARK:

18        Q   Ms. Methvin, do you know what a DR log is?

19        A   Yes, sir.

20        Q   What is it?                                         10:39

21        A   It's a log of activity on a consumer file.

22        Q   Who maintains that log?

23        A   Experian.

24        Q   Do you know what an ACDV is?

25        A   Yes, sir.                                           10:40
```

                                                    Page 23

1    Q    What is it?                                          10:40

2    A    It is the physical manifestation of the consumer

3    dispute transmission and the response from the data

4    furnisher.

5    Q    Okay.                                                10:40

6         When you say physical manifestation, what do you

7    mean by that?

8    A    I mean a physical copy or document that is --

9    that represents an electronic submission.

10   Q    Okay.                                                10:40

11        Is the information in the ACDV electronically

12   stored?

13   A    Yes, sir.

14   Q    Does Experian store it?

15   A    Yes, sir.                                            10:41

16   Q    Do you know what a DRN is?

17   A    Yes, sir.

18   Q    What is it?

19   A    It's a notification to the data furnisher.

20   Q    When you say a notification, what type of           10:41

21   notification are you talking about?

22   A    An electronic notification.

23   Q    Notification of what?

24   A    A notification of either an update or a deletion

25   of information.                                           10:41

Veritext Legal Solutions
877-955-3855

CONFIDENTIAL

```
 1    Experian's obligations?                               10:46

 2        MR. CLARK:  That was not my question at all,

 3    Brianne.  And I would like you to keep clarifications

 4     of that nature to a minimum.

 5            Heidi, could you please read back my last       10:46

 6    question to the witness?

 7        THE REPORTER:  Yes.

 8            (The record is read by the reporter.)

 9        THE WITNESS:  I understand your statement.

10        MR. CLARK:  Okay.                                   10:46

11            And I think that as I heard the question was

12    said SCRA.  I believe it should be FCRA.

13        THE REPORTER:  Thank you.

14        MR. CLARK:

15        Q   Does that change your answer at all Ms. Methvin?   10:46

16        A   No, sir.

17        Q   Thank you.

18            Under what circumstances does Experian

19    reinvestigate a consumer dispute?

20        A   I'm not sure I understand your question.  When   10:47

21    it's necessary to do so.

22        Q   When is it necessary to do so?

23        MS. KENDALL:  Objection.  Vague.

24        THE WITNESS:  Well, generally speaking, when a

25     consumer disputes an item of information on their      10:47
```

Veritext Legal Solutions
877-955-3855

CONFIDENTIAL

1    credit report, it requires a reinvestigation.                    10:47

2        MR. CLARK:

3        Q    Is a reinvestigation required at any other

4    circumstances besides the ones that you've described?

5        A    Not that I can think of, no, sir.                       10:48

6        Q    Ms. Methvin, when you used the term credit -- or

7    the phrase credit report a moment ago, what does that

8    phrase mean?

9        A    Well, I probably should have used the word

10   credit disclosure.  Sometimes those words are used          10:48

11   interchangeably.  And -- but most consumers, they call

12   their consumer disclosure a credit report.  We can -- we

13   can clarify that.  If a consumer disputes an item of

14   information on their consumer disclosure, then there may

15   be a need to reinvestigate.                                 10:49

16       Q    Okay.  Thank you.

17            And to be clear, if you need to clarify any of

18   your answers today, please just let me know.  I'm happy

19   to give you that opportunity.  So thank you for the

20   clarification.                                              10:49

21            When Experian reinvestigates a dispute, is

22   Experian required to identify what item of information

23   the consumer is disputing?

24       MS. KENDALL:  Objection.  Vague.  Lacks foundation.

25       Objection to the extent it calls for a legal           10:49

Page 28

CONFIDENTIAL

```
 1    information.  So there are inquiries also internally as      11:01

 2    well.

 3        Q   Okay.  Thank you for that clarification.

 4            Does the term inquiry have any other meaning as

 5    to Experian other than the ones you've described?           11:01

 6        A   Well, that's how I use them in my course of

 7    business.  If you wanted to ask me about something else

 8    specifically, I could maybe try to answer you.  But

 9    that's what I understand an inquiry to be.

10        Q   Thank you.                                          11:01

11            And we talked about this in passing today, but

12    do you know what a dispute is?

13        MS. KENDALL:  Object.  Asked and answered.

14        THE WITNESS:  A consumer dispute is -- that's what

15    you're asking me?                                           11:02

16        MR. CLARK:

17        Q   Yeah, just the -- the term dispute.

18        MS. KENDALL:  Same objection.

19        THE WITNESS:  Yes, sir.

20        MR. CLARK:                                              11:02

21        Q   And what is it?

22        A   Well, a consumer dispute is a when consumer

23    disagrees with an item of information that may be on

24    their consumer disclosure and they contact Experian to

25    request an investigation or a reinvestigation.             11:02
```

Page 32

| | | |
|---|---|---|
| 1 | (A discussion is held off the record.) | 11:10 |
| 2 | THE REPORTER:  We're back on the record. | |
| 3 | MR. CLARK:  Thank you. | |
| 4 | Q   Ms. Methvin, just for purposes of clarity, what | |
| 5 | is a disclosure log? | 11:12 |
| 6 | A   It's a log that records when a consumer file is | |
| 7 | accessed by Experian. | |
| 8 | Q   When Experian receives a consumer dispute, does | |
| 9 | it send an ACDV to the data furnisher whose information | |
| 10 | is subject to the dispute, provided Experian can | 11:13 |
| 11 | identify the disputed information? | |
| 12 | MS. KENDALL:  Objection.  Lacks foundation.  Vague. | |
| 13 | Compound. | |
| 14 | THE WITNESS:  Sometimes. | |
| 15 | MR. CLARK: | 11:13 |
| 16 | Q   In what circumstances would Experian not send an | |
| 17 | ACDV to that furnisher? | |
| 18 | (A discussion is held off the record.) | |
| 19 | THE WITNESS:  There are several circumstances. | |
| 20 | Sometimes the item of information already shows as the | 11:13 |
| 21 | consumer wants it to show, sometimes the consumer | |
| 22 | disputes the item that is not anywhere on a credit | |
| 23 | disclosure so then they can't send one, sometimes | |
| 24 | there's an internal policy that could be applied so | |
| 25 | it's not necessary, sometimes a consumer may send a | 11:13 |

Page 38

1    document that would provide enough information that --    11:14

2    that Experian could independently update or delete an

3    item.  Those are just some of the examples when an ACDV

4    wouldn't be sent.

5        MR. CLARK:                                           11:14

6        Q   Are those all the examples that Experian has for

7    when it would not send an ACDV?

8        A   No, sir, those are some of the examples that I

9    can think of offhand.

10       Q   And when you say offhand, what do you mean by    11:14

11   that?

12       A   Oh, I just mean off the top of my head as I'm

13   sitting here right now trying to recall some examples

14   when an ACDV might not be sent.  I don't have an

15   exhaustive memory; I'm doing the best I can by my        11:14

16   memory.  So I may have missed one or two.  There may be

17   other situations when an ACDV was not sent.  I did give

18   you several examples, at least four; right?

19       Q   I appreciate that, Ms. Methvin.

20           Is there a document that Experian maintains that 11:15

21   indicates specifically the circumstances in which an

22   ACDV is not sent to a data furnisher?

23       A   No, sir.  I think that it would be

24   all-encompassing, you know, in our dispute manual, as we

25   talk about explaining -- you're training an agent what   11:15

Page 39

CONFIDENTIAL

| | | |
|---|---|---|
| 1 | sorry? | 11:20 |
| 2 | MS. KENDALL:  Miles, if we can go off the record | |
| 3 | again? | |
| 4 | MR. CLARK:  Sure. | |
| 5 | (A discussion is held off the record.) | 11:20 |
| 6 | THE REPORTER:  And we're back on the record. | |
| 7 | MR. CLARK: | |
| 8 | Q   Ms. Methvin, in connection with disputes | |
| 9 | Experian receives, does Experian generate CDFs? | |
| 10 | MS. KENDALL:  Objection.  Vague.  Lack of | 11:22 |
| 11 | foundation. | |
| 12 | THE WITNESS:  Usually, yes, sir. | |
| 13 | MR. CLARK: | |
| 14 | Q   Disputes Experian receives -- well, strike that. | |
| 15 | A   It just did it again. | 11:22 |
| 16 | Q   All right.  Let me try something else. | |
| 17 | THE REPORTER:  And we're off the record. | |
| 18 | (A discussion is held off the record.) | |
| 19 | THE REPORTER:  And we're back on the record. | |
| 20 | MR. CLARK:  Thank you. | 11:23 |
| 21 | Q   Ms. Methvin, does Experian consider the | |
| 22 | transmission of dispute results to a consumer to be part | |
| 23 | of its reinvestigation obligation? | |
| 24 | MS. KENDALL:  Objection.  Vague.  Lacks foundation. | |
| 25 | THE WITNESS:  Yes, sir. | 11:23 |

Page 43

| | | |
|---|---|---|
| 1 | many times there are no notes necessary because the | 12:07 |
| 2 | dispute is straightforward.  And sometimes we attach | |
| 3 | documents, but I don't know that I would call that a | |
| 4 | note.  There may be some situations where additional | |
| 5 | information may need -- relevant information or | 12:07 |
| 6 | additional information may need to be conveyed to the | |
| 7 | data furnisher.  In those cases I would say there may | |
| 8 | be some notes.  Again, it depends on what you mean by | |
| 9 | notes and what you mean by information. | |
| 10 | MR. CLARK:  Sure.  So thank you.  I'll clarify | 12:07 |
| 11 | slightly. | |
| 12 | Q    The -- in addition to the information you just | |
| 13 | outlined to your answer, does Experian contain or place | |
| 14 | on the ACDV that it sends to a data furnisher a dispute | |
| 15 | code? | 12:08 |
| 16 | MS. KENDALL:  Objection.  Vague.  Lacks foundation. | |
| 17 | THE WITNESS:  Yes, sir. | |
| 18 | MR. CLARK: | |
| 19 | Q    And is that dispute code -- is that part of a | |
| 20 | numerical list, like 112 or 109 or something like that? | 12:08 |
| 21 | MS. KENDALL:  Objection.  Same objection. | |
| 22 | THE WITNESS:  Yes, sir. | |
| 23 | MR. CLARK: | |
| 24 | Q    Following the dispute code is there a form | |
| 25 | description of what that dispute code means? | 12:08 |

Page 69

098

1      MS. KENDALL:   Same objection.                    12:08

2      THE WITNESS:   Yes, sir.

3      MR. CLARK:   Thank you.   All right.

4          Can we please have Tab 4 as Exhibit 6?

5          (Exhibit 6 was marked for identification by the    12:09

6      Certified Shorthand Reporter, a copy of which is

7      attached hereto.)

8      THE WITNESS:   Okay.

9      MR. CLARK:

10     Q   Ms. Methvin, please read through Exhibit 6 and    12:09

11     let me know when you've had an opportunity to read

12     those.   I'm going to focus your attention on page 6 --

13     A   Okay.

14     Q   -- if that helps.

15     MS. KENDALL:   Miles, sorry, this is Brianne.   Just    12:09

16      to the extent this is a document that's been designated

17      as confidential, we request that we either designate

18      the portion of the transcript relating to this document

19      as confidential or the entire transcript, and we can

20      de-designate at some later time.                    12:10

21      MR. CLARK:   Yeah.   Customarily, Brianne, we -- and

22      we can handle it on the break.   But customarily we do

23      stipulate that the deposition be designated

24      confidential until such time as the review and sign

25      period can lapse.   The problem in this case is that we    12:10

Page 70

CONFIDENTIAL

```
 1              Certification of Court Reporter Federal Jurat

 2

 3              I, the undersigned, a Certified Shorthand

 4      Reporter of the State of California do hereby certify:

 5              That the foregoing proceedings were taken

 6      before me at the time and place herein set forth; that

 7      any witnesses in the foregoing proceedings, prior to

 8      testifying, were placed under oath; that a verbatim

 9      record of the proceedings was made by me using machine

10      shorthand, which was thereafter transcribed under my

11      direction; further, that the foregoing is an accurate

12      transcription thereof.

13              That before completion of the deposition a

14      review of the transcript was requested.

15              I further certify that I am neither

16      financially interested in the action nor a relative or

17      employee of any of the parties.

18              IN WITNESS WHEREOF, I hereby subscribe my name

19      this 18th day of June, 2018.

20

21

22

23

                Heidi Hummel-Grant

24              Certified Shorthand Reporter No. 12556

25
```

Page 240

# INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below. If additional pages are necessary, please furnish them and attach the pages to the back of the errata sheet.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

If you are in possession of the original transcript, do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

## ERRATA SHEET

| Page | Line | |
|------|------|---|
| 99 | 21 | Change: "to the internet" should be "from the internet" |
| | | Reason: either misspoke or misheard by court reporter |
| 104 | 17 | same Change: 3 to 12,000   should be 3,000 to 12,000 |
| 117 | 22 | Reason: my intent was (3-12 thousand) not 3 - 12,000 |
| 128 | 5 | Change: so to or |
| | | Reason: misheard by CR; or misspoke |
| 139 | 18 | Change: Experian to counsel |
| | | Reason: misspoke? My intent was to say counsel |

| Page | Line | |
|------|------|---|
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |

_____✓_____   Subject to the above changes, I certify that the transcript is true and correct.


_____   No changes have been made. I certify that the transcript is true and correct.


__Mary A Methvia__                    __6/29/18__
**Signature**                          **Date**

# EXHIBIT 3 –

# Deposition Transcript of Mr. Hollon, 30(b)(6) Designee

```
 1                UNITED STATES DISTRICT COURT
                      DISTRICT OF NEVADA
 2

     CAROL MAINOR,                    )
 3              Plaintiff,            )
                                      )
 4   VS.                              )
                                      )  NO. 2:16-cv-00183
 5   ACCTCORP OF SOUTHERN             )
     NEVADA; OCWEN LOAN               )
 6   SERVICING; EXPERIAN              )
     INFORMATION SYSTEMS,             )
 7   INC.,                            )
                Defendants.           )
 8

                      ORAL DEPOSITION OF
 9
                       DOUGLAS HOLLON
10
                      NOVEMBER 11, 2016
11
                          Volume 1
12

13

14

15      ORAL DEPOSITION OF DOUGLAS HOLLON, produced as a
16   witness at the instance of the Plaintiff, and duly
17   sworn, was taken in the above-styled and numbered cause
18   on the 11th of November, 2016, from 10:09 a.m. to 6:09
19   p.m., before Deana L. West, CSR in and for the State of
20   Texas, reported by machine shorthand at the office of
21   Jones Day, 2727 N. Harwood Street, Dallas, Texas,
22   pursuant to the Federal Rules of Civil Procedure and the
23   provisions stated on the record or attached hereto.
24

25   JOB NO. 2483913
```

                                                        Page 1

```
 1                    A P P E A R A N C E S
 2
    FOR  THE  PLAINTIFF:
 3       Mr.  Matthew  I.  Knepper
         Mr.  Miles  N.  Clark
 4       Knepper  &  Clark,  LLC
         10040  W.  Cheyenne  Avenue,  Suite  170-109
 5       Las  Vegas,  NV   89129
         (702)  825-6060
 6       (702)  447-8048   (Fax)
         miles.clark@knepperclark.com
 7       matthew.knepper@knepperclark.com
 8
    FOR  THE  DEFENDANTS:
 9       Mr.  Jennifer  L.  Braster
         Maupin  Naylor  Braster
10       Wright,  Finlay  &  Zak,  LLP
         7785  W.  Sahara  Avenue,  Suite  200
11       Las  Vegas,  NV   89117
         (702)  475-7964
12       (702)  946-1345   (Fax)
         jbraster@naylorandbrasterlaw.com
13
         Mr.  Michael  A.  Deshong
14       Jones  Day
         3161  Michaelson  Drive,  Suite  800
15       Irvine,  CA   92612.4408
         (949)  851-3939
16       (949)  553-7539   (Fax)
17
18
19
20
21
22
23
24
25

                                        Page  2
```

```
1                          INDEX
                                              PAGE
2
    Appearances...................................   2
3
    Stipulations..................................   4
4
    DOUGLAS HOLLON
5        Examination by Mr. Clark.................   4
         Examination by Ms. Braster............... 217
6        Further Examination by Mr. Clark......... 218
7   Changes and Signature........................ 222
8   Reporter's Certificate....................... 224
9
10
                          EXHIBITS
11
    NO.            DESCRIPTION                    PAGE
12  Exhibit 1    Third Amended Plaintiff's Notice of   26
                 Taking Deposition of Person Most
13               Knowledgeable by Stenographer and/or
                 Videotape
14  Exhibit 2    A/CDVs:  Evaluating and Processing,   36
                    Participant Guide
15               Dispute:  Trades
    Exhibit 3    Transaction Log Trades                51
16  Exhibit 4    2013 Credit Reporting Resource       122
                    Guide
17  Exhibit 5    EXP/CMainor00001 through             173
                    EXP/CMainor 80
18
19               REQUESTED DOCUMENTS/INFORMATION
    NO.  DESCRIPTION                             PAGE
20       None
21
         CERTIFIED QUESTIONS/INSTRUCTIONS NOT TO ANSWER
22  NO.                                     PAGE/LINE
         None
23
24
25
                                          Page  3
```

1                    MS. BRASTER:  Can we take a break now?

2                    MR. CLARK:  Yeah.  You know what, this has

3      taken way longer than it should.  So, we'll just take a

4      break now and then try to figure out -- take 10?

5                    MS. BRASTER:  Yep.

6                    MR. DESHONG:  Yes.

7                    MS. BRASTER:  Thank you.

8                    (Recess 3:15 p.m. to 3:34 p.m.)

9                    MR. CLARK:  Okay.  So, let's go back on

10     the record.

11         Q.    (By Mr. Clark)  Okay.  So, sir, I'm going to

12     direct your attention back to Exhibit 5 -- sorry,

13     sorry -- Exhibit 2, and this is the Experian Trade

14     Disputes.

15                    MR. CLARK:  And, Jen, that's Bates 403 to

16     516.

17                    MS. BRASTER:  Okay.  Give me one second to

18     find that.

19                    MR. CLARK:  Sure.

20                    MS. BRASTER:  Okay.  I'm there.

21         Q.    (By Mr. Clark)  And, sir, I'll direct your

22     attention to pages 25 through 31, please?

23         A.    425 to 431?

24         Q.    Oh -- oh, sorry.  I'm using the young numbers

25     again.  I'm sorry.  Bates 428 to 434.

                                          Page 151

1       A.   Okay.  Yes, sir, I'm there.

2       Q.   So, we'll turn first to -- to 429, please.

3       A.   Yes, sir.

4       Q.   Are you familiar with this statement?

5       A.   Yes, sir.

6       Q.   And what is this page?

7       A.   This page is "Account included in bankruptcy,"

8   the dispute steps.

9       Q.   Okay.  So, is this a -- is this what an

10  Experian agent would rely on when determining how to

11  handle an account included in a bankruptcy?

12      A.   Yes, sir.

13      Q.   Okay.  And let's see.  What about the next

14  page, 430?  Does that provide additional guidance for

15  how to handle an account included in bankruptcy?

16      A.   Which area are you speaking about?

17      Q.   I'm speaking about the -- the entire page, but

18  if you don't believe that the entire page references the

19  question that I posed, feel free to specify which

20  sections of the page you're referring to.

21      A.   Well, at the top of the page, it continues

22  with the steps on when a consumer claims an account was

23  included in his or her bankruptcy.

24      Q.   Okay.

25      A.   So, I wasn't sure if we're -- where we were --

Page 152

1    which part we're talking about.

2        Q.    Okay.    Do you see below that where -- where

3    there's a heading that says "bankruptcy proof

4    documents"?

5        A.    Yes, sir, I see that.

6        Q.    Okay.    And does this -- does this subheading

7    contain a list of documents which a consumer can provide

8    to Experian to indicate that a particular trade line is

9    included in a bankruptcy?

10               MS. BRASTER:    Object.    The document speaks

11    for itself.

12               (Mr. Deshong exits the deposition.)

13        A.    (By the Witness)    According to what I read

14    here, it says "The bankruptcy Schedule A, Schedule D, or

15    Schedule F that includes a list of debts included in the

16    bankruptcy."

17        Q.    (By Mr. Clark)    Are these the only types of

18    bankruptcy proof documents which are sufficient for

19    Experian to determine that a consumer's account was

20    included in a bankruptcy?

21               MS. BRASTER:    Objection to the extent it

22    asks for a legal conclusion.

23        A.    (By the Witness)    Right.    I -- when you say

24    are these the only documents -- you know, these are the

25    only documents that are specified in our policy, so all

Page 153

1    I can say is, it says that we want Schedule A, D, or F.

2         Q.    (By Mr. Clark)   Okay.   So, if a document -- if

3    I understood you correctly, if a document is not

4    included in this list, it would not be a document which

5    Experian would accept as proof of an account that was

6    included in bankruptcy?

7              MS. BRASTER:   Same objection.   Calls for

8    speculation and assumes facts.

9         A.    (By the Witness)   Right.   As I understand the

10   policy, we would need the schedules as definitive proof

11   to update an item included in bankruptcy.

12        Q.    (By Mr. Clark)   So, if a consumer included in

13   a credit dispute a voluntary petition of a Chapter 13

14   bankruptcy along with their credit dispute, that would

15   not be accepted by Experian as indication that an

16   account was included in bankruptcy?

17             MS. BRASTER:   Objection, calls for

18   speculation, calls for a legal conclusion.

19        A.    (By the Witness)   Right.   I -- I'm not sure if

20   I heard all the words you said, but as I understand, if

21   a consumer --

22             MR. CLARK:   Could --

23        A.    (By the Witness)   I'm sorry.

24        Q.    (By Mr. Clark)   Oh, did I -- I didn't mean to

25   interrupt, sir.   I was just going to -- if you wish, I

Veritext Legal Solutions
877-955-3855

1    could -- I certainly don't want you to answer a question

2    if you haven't -- if you weren't sure about what I was

3    asking.

4        A.   Okay.

5        Q.   So, would you like the court reporter to read

6    back my question so you're sure you heard it?

7        A.   Yes, sir, that'd be great.

8            MR. CLARK:   Okay.   Madam court reporter,

9    if you could please read back my last question, please?

10           THE REPORTER:   Okay.   "So, if a consumer

11   included in a credit dispute a voluntary petition of a

12   Chapter 13 bankruptcy along with their credit dispute,

13   that would not be accepted by Experian as indication

14   that an account was included in bankruptcy?"

15       A.   (By the Witness)   The voluntary petition,

16   along with just a dispute letter from a consumer

17   disputing accounts included in bankruptcy would not be

18   sufficient to update the account included in bankruptcy.

19       Q.   (By Mr. Clark)   During your time as a dispute

20   agent, did you ever -- did you ever process a dispute

21   which included a Chapter 13 voluntary petition?

22           MS. BRASTER:   Objection to relevant time

23   and date.   Outside the scope.

24       A.   (By the Witness)   Yes, sir.   I have processed

25   disputes that were included in bankruptcy.

Page 155

1        Q.   (By Mr. Clark)   Okay.   Have you processed

2   disputes which -- for which the consumer attached a

3   voluntarily petition for Chapter 13 bankruptcy?

4                MS. BRASTER:   Same objection.

5        A.   (By the Witness)   Yes, sir.   I have processed

6   disputes when someone has -- a consumer has provided a

7   bankruptcy 13 voluntary petition only, along with their

8   dispute letter.

9        Q.   (By Mr. Clark)   So, is it fair to say that

10  your processing of that -- of those disputes did not

11  follow Experian's policies and procedures?

12                MS. BRASTER:   Objection, misstates his

13  testimony; assumes facts; calls for speculation.

14        A.   (By the Witness)   To my knowledge, when a

15  consumer disputes someone included in bankruptcy and

16  they only provided the petition but they claimed a trade

17  item was included in their bankruptcy, I have processed

18  those disputes according to our policy.

19        Q.   (By Mr. Clark)   So, when you say you processed

20  those disputes according to Experian's policy, did that

21  mean that you did not accept the voluntary petition as

22  proof of the fact that the account was included in

23  Chapter 13 bankruptcy?

24                MS. BRASTER:   Objection to foundation;

25  assumes facts; outside the scope.

                                        Page 156

1      A.   (By the Witness)  If an account was already

2    included in bankruptcy, then there was no reason to do

3    anything further other than make sure the dates are

4    consistent.  But there's other circumstances.  You have

5    to follow the guidelines.  We're looking at pages 429

6    and 430, and they outline specifically what to do when a

7    consumer provides their dispute indicating an item is

8    included in bankruptcy.

9      Q.   (By Mr. Clark)  Do you see anywhere in that

10   bankruptcy proof documents section we've been talking

11   about where it -- it explicitly states that a Chapter 13

12   voluntary petition is not sufficient proof?

13     A.   No, sir, it doesn't state anywhere in the

14   bankruptcy proof document that a petition is not

15   sufficient proof, but what it does state is that we can

16   use the schedules, Schedule A, D, and F, to make sure we

17   can update it.  So, we're supposed to accept those as

18   proof.

19     Q.   Could you -- could you read for me the last

20   sentence on the -- on the last paragraph in that

21   bankruptcy proof document section we've been talking

22   about?

23     A.   It states if a -- if I'm reading the right

24   one -- "If a consumer disputes all accounts included in

25   a bankruptcy, then request a more specific dispute or

Page  157

1    request a Schedule A, Schedule D, or Schedule F (for

2    mail).  If it's by telephone, ask the consumer to send

3    their Schedule A, D, or F.  If a consumer does not

4    provide a Schedule A, Schedule D, or Schedule F, then

5    dispute."

6         Q.   What does the phrase "then dispute" mean at

7    the very end of that paragraph?

8         A.   As I understand it, that means we are to

9    notify the data furnisher of the consumer's concerns.

10        Q.   So, regardless of whether or not there was a

11   Chapter 13 voluntary petition as sufficient proof of

12   bankruptcy, Experian would still notify the data

13   furnisher if a consumer did not provide a Schedule A,

14   Schedule D, or Schedule F; is that correct?

15             MS. BRASTER:  Object to the extent it

16   misstates his testimony; vague.

17        A.   (By the Witness)  What I'm understanding here

18   and what I'm conveying is that the sentence says if a

19   consumer does not provide a Schedule A, Schedule D, or

20   Schedule F, then we're going to dispute.

21        Q.   (By Mr. Clark)  So, all a consumer would

22   theoretically have to do to dispute an account which

23   they claim to be included in a bankruptcy is simply to

24   send Experian a written letter which -- which stated

25   that the account was in bankruptcy?

Page 158

1          A.    Yes, sir, April 9, 2016.

2          Q.    So, when the status on August 27, 2015,

3    reinvestigation report says by July 2019 the account is

4    scheduled to go to positive status, does that indicate

5    that -- that Experian will be reporting the negative

6    account longer than the seven years for reporting of

7    accounts in bankruptcy?

8                     MS. BRASTER:   Objection to assumes facts

9    and calls for speculation and legal conclusion.

10         A.    (By the Witness)   Well, since Ocwen is

11   providing -- these are the results from Ocwen.   Ocwen is

12   stating that it's not included in bankruptcy, so this

13   2019 date has nothing to do with Ms. Mainor's

14   bankruptcy.   However, if Ms. Mainor would be so kind to

15   provide her bankruptcy schedules to us and we can see

16   that the Ocwen account was actually truly included in

17   her bankruptcy, maybe we can assist her.

18         Q.    (By Mr. Clark)   So, it's -- it's your position

19   that Experian would not have to do any investigation

20   into -- into Ms. Mainor's bankruptcy if she did not

21   provide the bankruptcy schedules to Experian when she

22   disputed her credit information?

23                     MS. BRASTER:   Objection, misstates his

24   testimony.

25         A.    (By the Witness)   Okay.   I don't quite

                                              Page 195

1    understand your question, but if I understand it, if

2    Ms. Mainor provides her bankruptcy schedules, we can

3    review them and we can see if Ocwen's included.  If she

4    didn't provide them -- which she didn't -- what did we

5    do; we sent an ACDV to Ocwen.  Ocwen reviewed their

6    information and responded back to Experian.

7         Q.   (By Mr. Clark)  Does Experian have access to

8    public records as a general matter?

9         A.   Experian, as a general matter, does have

10   access through our public records vendor.

11        Q.   Okay.  And through that access, could Experian

12   have ascertained whether or not this Ocwen account was

13   included in Ms. Mainor's bankruptcy?

14             MS. BRASTER:  Objection, calls for

15   speculation.

16        A.   (By the Witness)  Okay.  If I understand your

17   question correctly, you're stating could we go to our

18   public record vendor.

19        Q.   (By Mr. Clark)  I'm sorry, sir.  Was that your

20   answer?

21        A.   I'm trying to -- yes, sir, we -- I guess we

22   could notify the public record vendor, but the public

23   record vendor is not to -- we notify -- I tell you what,

24   let me rephrase that.

25             Our role of notifying the public record vendor

Veritext Legal Solutions
877-955-3855

1    is to verify public records, not to verify trade items.

2    So, if we needed to verify the bankruptcy -- well, we

3    didn't need to verify the bankruptcy.   Why?   Because the

4    bankruptcy was already listed on her file.   So, that's

5    what we -- if we needed to verify the bankruptcy and

6    Ms. Mainor disputed her bankruptcy as being incorrect,

7    then we would notify our public record vendor that

8    Ms. Mainor is stating the bankruptcy is incorrect.

9        Q.   So, Experian has no way of accessing public

10   records to verify -- verify information in a Chapter 13

11   bankruptcy if the dispute is to an entry on the trade

12   line?

13                  MS. BRASTER:   Objection, misstates his

14   testimony.

15       A.   (By the Witness)   Our rule to contact our

16   public records vendor is to check data on public

17   records, not to check data on trade lines.

18       Q.   (By Mr. Clark)   Does Experian have any means

19   of accessing public records to check data on trade

20   lines?

21       A.   Right, I'd have to clarify and I don't know at

22   the time what we can access.   I'd have to check.

23                  MR. CLARK:   I -- I'm going to hold the

24   deposition open on -- on this line of questioning

25   regarding whether Experian has a -- has a means of

Page 197

```
 1   STATE OF TEXAS      )

 2   COUNTY OF GRAYSON )

 3       I, Deana L. West, Certified Shorthand Reporter, duly

 4   qualified in and for the State of Texas, do hereby

 5   certify that, pursuant to the stipulation hereinbefore

 6   set forth, there came before me Douglas Hollon, who was

 7   by me duly sworn to testify the truth, the whole truth,

 8   and nothing but the truth of his knowledge concerning

 9   the matters in controversy in this case; and that he was

10   thereupon carefully examined upon his oath and his

11   examination reduced to typewriting by me or under my

12   supervision; that the deposition is a true record of the

13   testimony given by the witness; that review of the

14   deposition was requested by the witness and/or party.

15       I further certify that I am neither attorney nor

16   counsel for nor related to or employed by any of the

17   parties to the action in which this deposition is taken,

18   and further that I am not a relative or employee of any

19   attorney or counsel employed by the parties hereto or

20   financially interested in the action.

21       In witness whereof, I have hereunto set my hand and

22   affixed my seal this 23rd day of November, 2016.

23

24                    Deana L. West

                      Deana L. West, CSR No. 1793

25                    Expiration Date: 12/31/17
```

Page  223

*Carol Mainor v. Acctcorp of Southern Nevada, et al.*
U.S.D.C. for the District of Nevada
Case No. 2:16-cv-00183-RFB-PAL

### CORRECTIONS AND SIGNATURE

### DOUGLAS HOLLON – NOVEMBER 11, 2016

| PAGE / LINE | CHANGE |
|---|---|
| Page 27 / Line 1 | "No, sir." to "No Sir, that is not true. In my current role, when I was interviewed for this position, I did understand that depositions were part of the job." |
| Page 80 / Line 25 | "behalf." to "behalf, which as I testified before, could be an attorney, their congressman, the attorney general, or Better Business Bureau." |
| Page 85 / Line 23 | "wasn't written correspondence." to "wasn't a written correspondence, generally." |
| Page 86 / Line 25 | "call written" to "call a written" |
| Page 87 / Line 1 | "correspondence." to "correspondence, generally." |
| Page 156 / Line 15 | "someone" to "something" |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

_____
SIGNATURE OF WITNESS

STATE OF TEXAS          )
COUNTY OF _Collin_   )

SUBSCRIBED AND SWORN TO by the said witness, DOUGLAS HOLLON, on this 3rd day
of January 2017.

_Lisa Wallace_
_____
Notary Public in and
for the State of Texas

My Commission expires: _06-03-2020_



LISA WALLACE
Notary Public, State of Texas
Comm. Expires 06-03-2020
Notary ID 126519481

- 1 -

# EXHIBIT 4 –

# Bankruptcy Docket (Ex. 2 to Plf's Deposition)

BAPCPA, DISMISSED, CLOSED

**U.S. Bankruptcy Court**
**District of Nevada (Las Vegas)**
**Bankruptcy Petition #: 07-18776-mkn**

Δ π EXHIBIT 2
Deponent Mainor
Date 11-17-16 RMR M
WWW.DEPOBOOK.COM

|                        |            |
|------------------------|------------|
| *Date filed:*          | 12/27/2007 |
| *Date terminated:*     | 05/14/2009 |
| *Debtor dismissed:*    | 11/24/2008 |
| *Plan confirmed:*      | 03/25/2008 |
| *341 meeting:*         | 02/19/2008 |

*Assigned to:* MIKE K. NAKAGAWA
Chapter 13
Voluntary
Asset

*Debtor disposition:*  Dismissed for Other Reason

**Debtor**
**CAROL F MAINOR**
7113 VIA LOCANDA AVE
LAS VEGAS, NV 89131
CLARK-NV
SSN / ITIN: xxx-xx-1994

represented by **ELIZABETH RUTH DEFLYER**
2300 W SAHARA, STE 5500 BOX 18
LAS VEGAS, NV 89102
(702) 813 2482
Email: elizabethdeflyer@yahoo.com

**GEORGE HAINES**
HAINES & KRIEGER, L.L.C.
8985 S. EASTERN AVE.
SUITE 350
HENDERSON, NV 89123
(702) 880-5554
Fax : (702) 385-5518
Email: ghaines@hainesandkrieger.com

**DAVID KRIEGER**
HAINES & KRIEGER, L.L.C
8985 S. EASTERN AVE.
SUITE 350
HENDERSON, NV 89123
(702) 880-5554
Fax : (702) 385-5518
Email: dkrieger@hainesandkrieger.com

**Trustee**
**RICK A. YARNALL**
701 BRIDGER AVE., #820
LAS VEGAS, NV 89101
(702) 853-4500

| Filing Date | # | Docket Text |
|-------------|---|-------------|
|             |   |             |

121

| 12/27/2007 | 1<br>(8 pgs) | Chapter 13 Voluntary Petition. Fee Amount $274. Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) (Entered: 12/27/2007) |
|---|---|---|
| 12/27/2007 | 2 | Statement of Social Security Number(s). This document contains sensitive information and cannot be viewed by the public. Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) (Entered: 12/27/2007) |
| 12/27/2007 | 3 | Receipt of Filing Fee for Voluntary Petition (Chapter 13)(07-18776) [misc,volp13a] ( 274.00). Receipt number 4643173, fee amount $ 274.00. (U.S. Treasury) (Entered: 12/27/2007) |
| 12/27/2007 | 5 | Set Deficient Filing Deadlines. Declaration Re: E-Filing due by 1/11/2008. 316 Incomplete Filing (11 USC 521(i)) 2/11/2008 Incomplete Filings due by 1/11/2008. Notice to Individual Consumer Debtor due by 1/11/2008. Summary of schedules due by 1/11/2008. Schedules A-J due by 1/11/2008. Declaration Re: Schedules due by 1/11/2008. Statement of Financial Affairs due by 1/11/2008. Declaration Re: Statements due by 1/11/2008. Atty Disclosure Statement due by 1/11/2008. Chapter 13 Plan due by 1/11/2008. Chapter 13 Monthly and Disposable Income Form 22C Due 1/11/2008 (Fisher, MD) (Entered: 12/28/2007) |
| 12/28/2007 | 4<br>(3 pgs) | Meeting of Creditors and Notice of Appointment of Trustee RICK A. YARNALL. 341 meeting to be held on 02/19/2008 at 09:00 AM at 341s - Foley Bldg,Rm 1500. Confirmation hearing to be held on 03/20/2008 at 01:30 PM at Foley Bldg,Third Floor. Objection to Dischargeability of Certain Debts due by 04/21/2008. Chapter 13 Proof of Claims due by 05/19/2008. (Entered: 12/28/2007) |
| 12/28/2007 | 6<br>(6 pgs) | Notice of Incomplete and/or Deficient Filing. (Fisher, MD) (Entered: 12/28/2007) |
| 12/28/2007 | 7<br>(2 pgs) | Notice of Requirement to File Certification of Completion of Instructional Course Concerning Financial Management. (Fisher, MD) (Entered: 12/28/2007) |
| 12/30/2007 | | |

|  |  |  |
|---|---|---|
|  | <u>8</u><br>(7 pgs) | BNC Certificate of Mailing (Related document(s)<u>4</u> Meeting of Creditors Chapter 13 (BNC), Meeting of Creditors Chapter 13 (BNC)) No. of Notices: 17. Service Date 12/30/2007. (Admin.) (Entered: 12/30/2007) |
| 12/30/2007 | <u>9</u><br>(7 pgs) | BNC Certificate of Mailing. (Related document(s)<u>6</u> Incomplete and/or Deficient Filing-Ch 13 (BNC)) No. of Notices: 2. Service Date 12/30/2007. (Admin.) (Entered: 12/30/2007) |
| 12/30/2007 | <u>10</u><br>(3 pgs) | BNC Certificate of Mailing. (Related document(s)<u>7</u> Notice of Requirement to File Certification of Completion of Instructional Course Concerning Financial Management (BNC)) No. of Notices: 3. Service Date 12/30/2007. (Admin.) (Entered: 12/30/2007) |
| 01/02/2008 | <u>11</u><br>(20 pgs) | Schedule[s] A, Real Property Amount: $ 950000, B, Personal Property Amount: $ 30310, C, D, Creditors Holding Secured Claims Amount: $ 761254, E, Creditors Holding Unsecured Priority Claims Amount: $ 0, F, Creditors Holding Unsecured Nonpriority Claims Amount: $ 33611, G, H, I, Average Income Amount: $ 7848, J, Current Expenditures Amount: $ 7206, Summary of Schedules, Declaration Concerning Debtor(s) Schedules, Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/02/2008 | <u>12</u><br>(6 pgs) | Statement of Financial Affairs Filed by GEORGE HAINES on behalf of CAROL F MAINOR (Related document(s) 5 Set Deficient Filing Deadlines,, ) (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/02/2008 | <u>13</u><br>(1 pg) | Disclosure of Compensation of Attorney for Debtor Filed by GEORGE HAINES on behalf of CAROL F MAINOR (Related document(s) 5 Set Deficient Filing Deadlines,, ) (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/02/2008 | <u>14</u><br>(6 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/02/2008 |  |  |

| | 15 (1 pg) | Declaration Re: Electronic Filing Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 01/02/2008) |
|---|---|---|
| 01/02/2008 | 16 (2 pgs) | Certificate of Credit Counseling Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) Modified on 1/3/2008 to reflect incorrect image attached (Lyons, MK). (Entered: 01/02/2008) |
| 01/02/2008 | 17 (4 pgs) | Amendment to List of Creditors Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/02/2008 | 18 (2 pgs) | Notice to Individual Consumer Debtor Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 01/02/2008) |
| 01/04/2008 | 19 (9 pgs) | Chapter 13 Plan #1 Filed by GEORGE HAINES on behalf of CAROL F MAINOR (Related document(s) 5 Set Deficient Filing Deadlines,,.)(HAINES, GEORGE) (Entered: 01/04/2008) |
| 01/07/2008 | 20 | Hearing Scheduled/Rescheduled. Confirmation hearing to be held on 3/20/2008 at 01:30 PM at Foley Bldg,Third Floor. (Related document(s)19 Chapter 13 Plan #1 (BNC) filed by Debtor CAROL F MAINOR) (Fisher, MD) (Entered: 01/07/2008) |
| 01/09/2008 | 21 (10 pgs) | BNC Certificate of Mailing - pdf (Related document (s)19 Chapter 13 Plan #1 (BNC) filed by Debtor CAROL F MAINOR) No. of Notices: 24. Service Date 01/09/2008. (Admin.) (Entered: 01/09/2008) |
| 01/14/2008 | 22 (1 pg) | Request for Special Notice Filed by RECOVERY MANAGEMENT SYSTEMS CORPORATION (SINGH, RAMESHWAR) (Entered: 01/14/2008) |
| 02/04/2008 | 23 (11 pgs) | (NONCONFORMING ENTRY) Amended Schedule [s] F, Creditors Holding Unsecured Nonpriority Claims Amount: $ 34352.42, Declaration Concerning Debtor[s] Schedules, Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) Modified on 2/5/2008 to reflect docket entry change-see #24 (Lyons, MK). (Entered: 02/04/2008) |

| 02/04/2008 | 24<br>(11 pgs) | Amended Schedule[s] F, Creditors Holding Unsecured Nonpriority Claims Amount: $ 34,352.42, Fee Amount $26, Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (Fisher, MD) (Entered: 02/05/2008) |
| --- | --- | --- |
| 02/13/2008 | 25<br>(1 pg) | Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management. Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) (Entered: 02/13/2008) |
| 02/20/2008 | 26 | 341 Meeting Concluded - Assets (YARNALL(df), RICK) (Entered: 02/20/2008) |
| 02/21/2008 | 27<br>(1 pg) | Trustee's Opposition to Confirmation of Plan Combined with Trustee's Recommendation for Dismissal. (YARNALL, RICK) (Entered: 02/21/2008) |
| 02/24/2008 | 28<br>(3 pgs) | BNC Certificate of Mailing - pdf (Related document (s)27 Trustee's Opposition to Confirmation/Motion to Dismiss (BNC)) No. of Notices: 29. Service Date 02/24/2008. (Admin.) (Entered: 02/24/2008) |
| 03/04/2008 | 29<br>(1 pg) | Certificate of Credit Counseling Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) (Entered: 03/04/2008) |
| 03/18/2008 | 30<br>(28 pgs; 2 docs) | Motion for Relief from Stay Property: 7113 Via Locanda Avenue, Las Vegas, NV 89131 . Fee Amount $150. Filed by KRISTIN A. SCHULER-HINTZ on behalf of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE (Attachments: 1 Exhibit)(SCHULER-HINTZ, KRISTIN) (Entered: 03/18/2008) |
| 03/18/2008 | 31<br>(4 pgs) | Notice of Hearing/Motion with Certificate of Service Hearing scheduled 4/9/2008 at 01:30 PM at MKN LV-Courtroom 2, Foley Federal Bldg. Filed by KRISTIN A. SCHULER-HINTZ on behalf of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE (Related document(s)30 Motion for Relief from Stay, filed by Creditor HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE) (SCHULER-HINTZ, KRISTIN) (Entered: 03/18/2008) |

| 03/18/2008 | 32 | Receipt of Filing Fee for Motion for Relief from Stay(07-18776-mkn) [motion,mrlfsty] ( 150.00). Receipt number 4879944, fee amount $ 150.00. (U.S. Treasury) (Entered: 03/18/2008) |
|---|---|---|
| 03/19/2008 | 33 (9 pgs) | Amended Chapter 13 Plan Number 2 Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 03/19/2008) |
| 03/19/2008 | 34 (33 pgs; 2 docs) | Objection to Confirmation of Plan *with Certificate of Service* Filed by KRISTIN A. SCHULER-HINTZ on behalf of Option One Mortgage Corporation, its assignees and/or successors (Related document(s)19 Chapter 13 Plan #1 (BNC) filed by Debtor CAROL F MAINOR.) (Attachments: 1 Exhibit)(SCHULER-HINTZ, KRISTIN) (Entered: 03/19/2008) |
| 03/20/2008 | 35 | Hearing Scheduled/Rescheduled. Confirmation hearing to be held on 3/20/2008 at 01:30 PM at Foley Bldg,Third Floor. (Related document(s)33 Amended Chapter 13 Plan filed by Debtor CAROL F MAINOR) (Fisher, MD) (Entered: 03/20/2008) |
| 03/22/2008 | 36 (2 pgs) | Motion to Retain IRS Refund Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) (Entered: 03/22/2008) |
| 03/22/2008 | 37 (2 pgs) | Notice of Hearing/Motion Hearing scheduled 4/24/2008 at 02:30 PM(CHECK WITH COURT FOR LOCATION). Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (Related document(s) 36 Motion to Retain IRS Refund filed by Debtor CAROL F MAINOR) (KRIEGER, DAVID) (Entered: 03/22/2008) |
| 03/24/2008 | 38 | Hearing Scheduled/Rescheduled.Hearing scheduled 4/24/2008 at 02:30 PM at MKN LV-Courtroom 2, Foley Federal Bldg. (Related document(s)36 Motion to Retain IRS Refund filed by Debtor CAROL F MAINOR) (Fisher, MD) (Entered: 03/24/2008) |
| 03/25/2008 | 39 (11 pgs) | Order Confirming the Debtor(s) Plan #2 and Awarding Fees to the Debtor(s) Attorney (Related document(s)33 Amended Chapter 13 Plan filed by Debtor CAROL F MAINOR.) (Fisher, MD) (Entered: 03/25/2008) |

| 03/27/2008 | 40<br>(3 pgs; 2 docs) | Objection to Claim 2-2 of Green Tree in the amount of 47312.93 with Certificate of Service filed by GEORGE HAINES on behalf of CAROL F MAINOR (Attachments: 1 Certificate of Service) (HAINES, GEORGE) (Entered: 03/27/2008) |
| --- | --- | --- |
| 03/27/2008 | 41<br>(3 pgs; 2 docs) | Notice of Hearing/Motion with Certificate of Service Hearing scheduled 5/1/2008 at 02:30 PM at MKN LV-Courtroom 2, Foley Federal Bldg. Filed by GEORGE HAINES on behalf of CAROL F MAINOR (Related document(s)40 Objection to Claim filed by Debtor CAROL F MAINOR) (Attachments: 1 Certificate of Service) (HAINES, GEORGE) (Entered: 03/27/2008) |
| 03/27/2008 | 42<br>(13 pgs) | BNC Certificate of Mailing - pdf (Related document (s)39 Order Confirming Chapter 13 Plan) No. of Notices: 32. Service Date 03/27/2008. (Admin.) (Entered: 03/27/2008) |
| 04/06/2008 | 43<br>(3 pgs) | Certificate of Service Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (Related document(s)37 Notice of Hearing/Motion, filed by Debtor CAROL F MAINOR, 36 Motion to Retain IRS Refund filed by Debtor CAROL F MAINOR) (KRIEGER, DAVID) (Entered: 04/06/2008) |
| 04/23/2008 | 44<br>(7 pgs) | Amended Schedule[s] F, Creditors Holding Unsecured Nonpriority Claims Amount: $ 35159.93, Declaration Concerning Debtor[s] Schedules, Fee Amount $26. Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (KRIEGER, DAVID) Modified on 4/24/2008 to Reflect Declaration Concerning Debtor(s) Schedules Missing (Lakas, WM). (Entered: 04/23/2008) |
| 04/23/2008 | 45 | Receipt of Filing Fee for Amended Schedules(07-18776-mkn) [misc,amdschsa] ( 26.00). Receipt number 5001888, fee amount $ 26.00. (U.S. Treasury) (Entered: 04/23/2008) |
| 05/09/2008 | 46<br>(2 pgs) | Certificate of Service *of proposed order* Filed by KRISTIN A. SCHULER-HINTZ on behalf of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE (SCHULER-HINTZ, KRISTIN) (Entered: 05/09/2008) |
| 05/13/2008 | | |

| | 47<br>(5 pgs) | Stipulation for Adequate Protection and Order Thereon (Related document(s) 30) (Fisher, MD) (Entered: 05/13/2008) |
|---|---|---|
| 05/23/2008 | 48<br>(2 pgs) | Order on Objection to Green Tree LLC's Claim by Debtor (Related document(s)40 Objection to Claim filed by Debtor CAROL F MAINOR.) (Fisher, MD) (Entered: 05/23/2008) |
| 06/13/2008 | 50 | Receipt Number-Filing Fee 187283, Fee Amount $26. (Related document(s)24 Amended Schedules filed by Debtor CAROL F MAINOR) (Sharkey, CM) (Entered: 06/16/2008) |
| 06/16/2008 | 49<br>(3 pgs) | Chapter 13 Trustee's Notice to Debtor(s) and Creditors of Filed Claims, Classification, and Proposed Distribution (YARNALL, RICK) (Entered: 06/16/2008) |
| 06/18/2008 | 51<br>(2 pgs) | Order on Motion to Retain Tax Refund (Related document(s) 36) (Fisher, MD) (Entered: 06/18/2008) |
| 06/19/2008 | 52<br>(5 pgs) | BNC Certificate of Mailing - pdf (Related document (s)49 Chapter 13 Trustee's Notice to Debtor(s) and Creditors of Filed Claims, Classification, and Proposed Distribution (BNC)) No. of Notices: 31. Service Date 06/19/2008. (Admin.) (Entered: 06/19/2008) |
| 07/14/2008 | 53<br>(1 pg) | Assignment/Transfer of Claim filed by Option One Mortgage Corporation, its assignees and/or successors (Stiles, TE) (Entered: 07/18/2008) |
| 07/18/2008 | 54<br>(1 pg) | Notice of Assignment of Claim and Pending Order Thereon. (Related document(s)53 Assignment/Transfer of Claim filed by Creditor Option One Mortgage Corporation, its assignees and/or successors) (Stiles, TE) (Entered: 07/18/2008) |
| 07/21/2008 | 55<br>(1 pg) | Assignment/Transfer of Claim filed by ECAST SETTLEMENT CORPORATION (BECKET, ALANE) (Entered: 07/21/2008) |
| 07/22/2008 | 56<br>(1 pg) | Notice of Assignment of Claim and Pending Order Thereon. (Related document(s)55 Assignment/Transfer of Claim) (Espinoza, LM) (Entered: 07/22/2008) |

| 07/23/2008 | 57<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)54 Notice of Assignment of Claim and Pending Order Thereon) No. of Notices: 2. Service Date 07/23/2008. (Admin.) (Entered: 07/24/2008) |
| 07/24/2008 | 58<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)56 Notice of Assignment of Claim and Pending Order Thereon) No. of Notices: 1. Service Date 07/24/2008. (Admin.) (Entered: 07/25/2008) |
| 08/05/2008 | 59<br>(5 pgs; 2 docs) | Application for Compensation for DAVID KRIEGER, Fees: $1500.00, Expenses: $. Filed by DAVID KRIEGER (Attachments: 1 Exhibit of Fees) (KRIEGER, DAVID) (Entered: 08/05/2008) |
| 08/05/2008 | 60<br>(3 pgs) | Notice of Hearing Hearing scheduled 9/11/2008 at 03:00 PM at MKN LV-Courtroom 2, Foley Federal Bldg. Filed by DAVID KRIEGER on behalf of CAROL F MAINOR (Related document(s)59 Application for Compensation filed by Debtor CAROL F MAINOR) (KRIEGER, DAVID) (Entered: 08/05/2008) |
| 08/07/2008 | 61<br>(3 pgs) | Certificate of Service Filed by GEORGE HAINES on behalf of CAROL F MAINOR (Related document(s)60 Notice of Hearing, filed by Debtor CAROL F MAINOR) (HAINES, GEORGE) (Entered: 08/07/2008) |
| 08/28/2008 | 62<br>(1 pg) | Motion to Dismiss Case For Failure to Make Plan Payments (YARNALL, RICK) (Entered: 08/28/2008) |
| 08/28/2008 | 63<br>(2 pgs) | Notice of Hearing on Motion to Dismiss Hearing scheduled 10/2/2008 at 2:30 PM at Foley Bldg,Third Floor.(Related document(s)62 Motion to Dismiss (BNC).)(YARNALL, RICK) (Entered: 08/28/2008) |
| 09/03/2008 | 64<br>(1 pg) | Assignment/Transfer of Claim filed by PRA Receivables Management LLC (PORTFOLIO RECOVERY ASSOCIATES, LLC (dg), ) (Entered: 09/03/2008) |
| 09/04/2008 | 65<br>(1 pg) | Notice of Assignment of Claim and Pending Order Thereon. (Related document(s)64 Assignment/Transfer of Claim filed by Creditor PRA Receivables Management LLC) (Fisher, MD) (Entered: 09/04/2008) |

| | | |
|---|---|---|
| 09/04/2008 | [66](#)<br>(4 pgs) | BNC Certificate of Mailing - pdf (Related document(s)63 Notice of Hearing on Motion to Dismiss (BNC)) No. of Notices: 34. Service Date 09/04/2008. (Admin.) (Entered: 09/05/2008) |
| 09/04/2008 | [67](#)<br>(3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)62 Motion to Dismiss (BNC)) No. of Notices: 34. Service Date 09/04/2008. (Admin.) (Entered: 09/05/2008) |
| 09/06/2008 | [68](#)<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s)65 Notice of Assignment of Claim and Pending Order Thereon) No. of Notices: 1. Service Date 09/06/2008. (Admin.) (Entered: 09/06/2008) |
| 09/25/2008 | [69](#)<br>(14 pgs; 3 docs) | Declaration *Re Non Cure Of Default Under Adequate Protection Order* Filed by KRISTIN A. SCHULER-HINTZ on behalf of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE (Related document(s)47 Order on Motion For Relief From Stay) (Attachments: 1 Exhibit 2 Certificate of Service) (SCHULER-HINTZ, KRISTIN) (Entered: 09/25/2008) |
| 10/02/2008 | 70 | **Virtual Minute Entry in reference to hearing On: 10/02/2008**<br>**Subject:** MOTION TO DISMISS CASE FOR FAILURE TO MAKE PLAN PAYMENTS.<br>**Appearances:** MARIANNE GATTI, ATTORNEY FOR RICK YARNALL, TRUSTEE.<br>**Proceedings:** CONTINUED TO 10/16/2008 @ 2:30 PM.<br>(vCal Hearing ID (160944)).(related document(s)62) Hearing scheduled 10/16/2008 at 02:30 PM at Foley Bldg,Third Floor.(Rawling, BR) (Entered: 10/03/2008) |
| 10/14/2008 | [71](#)<br>(3 pgs) | Order Terminating Automatic Stay (Related document(s) 30) (Fisher, MD) (Entered: 10/14/2008) |
| 10/16/2008 | 74 | **Virtual Minute Entry in reference to hearing On: 10/16/2008**<br>**Subject:** MOTION TO DISMISS CASE FOR FAILURE TO MAKE PLAN PAYMENTS.<br>**Appearances:** MARIANNE GATTI, ATTORNEY FOR RICK YARNALL, TRUSTEE; DAVID KRIEGER, ATTORNEY FOR CAROL F MAINOR;. |

| | | Proceedings: CONTINUED TO 11/6/2008 @ 2:30 PM.<br>(vCal Hearing ID (171851)).(related document(s)62) Hearing scheduled 11/06/2008 at 02:30 PM at Foley Bldg,Third Floor.(Rawling, BR) (Entered: 10/17/2008) |
|---|---|---|
| 10/17/2008 | 72<br>(18 pgs; 2 docs) | Modified Chapter 13 Plan Number 3 Filed by ELIZABETH R. DEFLYER on behalf of CAROL F MAINOR (DEFLYER, ELIZABETH) Modified on 10/20/2008 to Reflect Hearing Information Missing from Document (Lakas, WM). Additional attachment(s) added on 10/20/2008 (Lakas, WM). (Entered: 10/17/2008) |
| 10/17/2008 | 73<br>(2 pgs) | Notice of Confirmation Hearing . Confirmation hearing to be held on 11/20/2008 at 01:30 PM at Foley Bldg,Third Floor. Filed by ELIZABETH R. DEFLYER on behalf of CAROL F MAINOR (Related document(s)72 Modified Plan filed by Debtor CAROL F MAINOR) (DEFLYER, ELIZABETH) (Entered: 10/17/2008) |
| 10/28/2008 | 75<br>(3 pgs) | Certificate of Service Filed by ELIZABETH R. DEFLYER on behalf of CAROL F MAINOR (Related document(s)73 Confirmation Hearing, filed by Debtor CAROL F MAINOR) (DEFLYER, ELIZABETH) (Entered: 10/28/2008) |
| 10/28/2008 | 76<br>(1 pg) | Trustee's Opposition to Confirmation of Plan Combined with Trustee's Recommendation for Dismissal. *PLAN NO. 3* (YARNALL, RICK) (Entered: 10/28/2008) |
| 10/28/2008 | 77<br>(1 pg) | Trustee's Opposition to Confirmation of Plan Combined with Trustee's Recommendation for Dismissal. *PLAN NO. 3* (YARNALL, RICK) Modified on 10/30/2008 to Reflect Incorrect Case Number on Document (Lakas, WM). (Entered: 10/28/2008) |
| 10/30/2008 | 78<br>(2 pgs) | Notice of Entry of Order with Certificate of Service Filed by KRISTIN A. SCHULER-HINTZ on behalf of HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE (Related document(s)71 Order on Motion For Relief From Stay) (SCHULER-HINTZ, KRISTIN) (Entered: 10/30/2008) |
| | | |

| 11/01/2008 | 79 (3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)76 Trustee's Opposition to Confirmation/Recommendation for Dismissal (BNC)) No. of Notices: 36. Service Date 11/01/2008. (Admin.) (Entered: 11/01/2008) |
| 11/01/2008 | 80 (3 pgs) | BNC Certificate of Mailing - pdf (Related document(s)77 Trustee's Opposition to Confirmation/Recommendation for Dismissal (BNC)) No. of Notices: 36. Service Date 11/01/2008. (Admin.) (Entered: 11/01/2008) |
| 11/20/2008 | 81 (2 pgs) | Ex Parte Motion to Dismiss Case Filed by GEORGE HAINES on behalf of CAROL F MAINOR (HAINES, GEORGE) (Entered: 11/20/2008) |
| 11/24/2008 | 82 (2 pgs) | Ex-Parte Order And Motion To Dismiss Chapter 13 Case (Related document(s) 81) (Lyons, MK) (Entered: 11/24/2008) |
| 11/24/2008 | 83 (1 pg) | Notice of Dismissal; Notice That All Pending Hearings Are Vacated (Lyons, MK) (Entered: 11/24/2008) |
| 11/26/2008 | 84 (3 pgs) | BNC Certificate of Mailing. (Related document(s)83 Notice of Dismissal; Notice That All Pending Hearings Are Vacated (BNC-BK)) No. of Notices: 29. Service Date 11/26/2008. (Admin.) (Entered: 11/27/2008) |
| 12/30/2008 | 85 (1 pg) | Assignment/Transfer of Claim filed by Option One Mortgage Corporation, its assignees and/or successors (4 S TECHNOLOGIES, LLC (bt), ) (Entered: 12/30/2008) |
| 01/09/2009 | 86 (3 pgs) | Chapter 13 Trustee's Final Distribution Account and Report - Dismissed Case. Chapter 13 Closing due 02/18/2009. (YARNALL, RICK) (Entered: 01/09/2009) |
| 01/14/2009 | 87 (5 pgs) | BNC Certificate of Mailing - pdf (Related document(s)86 Chapter 13 Trustee's Final Distribution Account and Report - Dismissed Case (BNC)) No. of Notices: 35. Service Date 01/14/2009. (Admin.) (Entered: 01/15/2009) |
| 05/14/2009 | 88 (1 pg) | Order Discharging Chapter 13 Trustee and Closing of Dismissed Case (mdf) (Entered: 05/14/2009) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/16/2016 13:40:16 | | | |
| **PACER Login:** | jbraster:4282150:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 07-18776-mkn Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# EXHIBIT 5 –

# Motion to Dismiss (Ex. 3 to Plf's Deposition)

**RICK A. YARNALL**
**CHAPTER 13 BANKRUPTCY TRUSTEE**
**701 Bridger Ave, Suite 820**                                    E-FILED
**Las Vegas, NV  89101**
**RAY13mail@LasVegas13.com**
**(702) 853-4500**



### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| **IN RE:** | **Chapter 13** |
| | **BKS-07-18776-MKN** |
| | **MOTION TO DISMISS FOR FAILURE TO** |
| **CAROL F. MAINOR** | **MAKE PLAN PAYMENTS** |
| | |
| | **MOTION TO DISMISS** |
| | Hearing Date: October 02, 2008 |
| | Hearing Time:  2:30 pm |
| Debtor(s). | |

     Comes now RICK A. YARNALL, Chapter 13 Bankruptcy Trustee in the above captioned bankruptcy case and for his motion states and alleges as follows:

    1. Debtor(s) filed an Original Petition under Chapter 13, Title 11 of the United States Code on December 27, 2007.

    2. Debtors Plan was confirmed by the Court on 03/25/2008.

    3. The Trustee requests that this case be dismissed pursuant to 11 U.S.C. § 1307 for one or more of the following reasons, to wit:

(c)(1)  Unreasonable delay by the debtor that is prejudicial to creditors to wit:

    • Other:  FAILURE TO FILE MODIFIED PLAN TO REPAY 2007 REFUND PER HEARING ON MOTION TO RETAIN REFUND.

(c)(6)  Material default by the debtor with respect to a term of a confirmed plan to wit:

    • Failure to make plan payments

        The last payment by the debtor(s) was made on 07/29/2008 and the debtor(s) are $498.66 in default under the terms of the current plan. The Debtor remains responsible for all payments that become due subsequent to the filing of the instant motion.  Accordingly, Trustee requests an Order dismissing the case unless the debtor(s) **EITHER:**

        A.  cure the default **AND** remain current with all future payments coming due, **OR**

        B.  file a Modified Plan, **OR**

        C.  Stipulate to resolve the Trustee's Motion to Dismiss to be approved by the Court

    WHEREFORE, the Trustee prays the Court issue an order dismissing the within case for the reasons as stated above and that expenses in the amount of $0.00 be allowed in this case.

                      /s/ RICK A YARNALL, TRUSTEE

DATED: <u>8/28/2008</u>                                Rick A. Yarnall
JCL                                                        CHAPTER 13 BANKRUPTCY TRUSTEE

135

# EXHIBIT 6 –

# Notice of Default (Ex. 4 to Plf's Deposition)

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV 89101
(702)853-0700
kal13mail@las13.com



## UNITED STATES BANKRUPTCY COURT
## NEVADA DIVISION

IN RE:
CAROL MAINOR

CASE NO: BKS-09-15391-BAM

NOTICE OF DEFAULT IN CHAPTER 13 PLAN
PAYMENTS AND DEMAND FOR CURE

Debtor (s)

**TO THE DEBTOR(S) AND HIS OR HER ATTORNEY:**
**YOU ARE BEHIND IN YOUR CHAPTER 13 PLAN PAYMENTS AND YOUR CASE MAY BE**
**DISMISSED, WITHOUT FURTHER NOTICE OR HEARING, UNLESS YOU TAKE ACTION**
**WITHIN 30 DAYS OF THE DATE LISTED BELOW.**

YOU ARE HEREBY NOTIFIED that the Chapter 13 Trustee's records show that you have not made all of the
payments required by your Confirmed Plan.

YOU ARE IN DEFAULT UNDER YOUR CHAPTER 13 PLAN. As of March 19, 2012, payments are delinquent
in the amount of $840.00. A list of payments received is attached as "Exhibit A". Any tax refunds or proceeds from
insurance or sales do not appear on this exhibit.

IN ORDER TO CONTINUE TO RECEIVE THE PROTECTION OF THE U.S. BANKRUPTCY COURT:

**YOU MUST, by 04/18/2012, bring the case current by paying, in certified funds to the Chapter 13 Trustee,**
**the amount of $1,120.00** (This amount represents your delinquency plus your next plan payment due after
3/19/2012); OR

YOU MUST, by 04/18/2012, submit to the Chapter 13 Trustee through your attorney, if you are represented, a
Modified Chapter 13 Plan. Such modified Plan must propose terms under which you would not be in default and
which will provide for Plan completion within 60 months of the original date you filed your Chapter 13 petition; OR

YOU MUST file and serve a request for a hearing on the Trustee's Notice of Default, setting forth the reason for
requesting the hearing supported by affidavits or declarations.

**THIS NOTICE ADDRESSES PLAN PAYMENT DEFAULT ONLY AND DOES NOT ADDRESS**
**OTHER PROBLEMS THAT MAY EXIST IN YOUR CASE. PLEASE CONTACT YOUR**
**ATTORNEY IMMEDIATELY. YOUR CASE MAY BE DISMISSED.**

Dated: March 19, 2012

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
Chapter 13 Trustee

137

**Exhibit A to Notice of Default**
**CAROL MAINOR**

**CASE NO.: 09-15391-BAM**

| Date Posted | Source Number | Description | Amount of Receipt |
|---|---|---|---|
| Jun 09, 2009 | WF 1527 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jun 16, 2009 | WF 7698 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jul 07, 2009 | WF 7816 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Aug 18, 2009 | WF 8819 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Sep 09, 2009 | WF 8289 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Oct 14, 2009 | WF 4903 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Nov 13, 2009 | WF 8841 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Dec 08, 2009 | WF 9486 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jan 13, 2010 | WF 9260 | MONEY ORDER FROM DEBTOR | 400.00 |
| Feb 10, 2010 | WF 2087 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Mar 16, 2010 | WF 3380 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Apr 14, 2010 | WF 0065 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| May 18, 2010 | WF 3267 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jun 08, 2010 | WF 2410 | CASHIER'S CHECK FROM DEBTO | 672.00 |
| Jun 08, 2010 | 2009 TAX REF/WF 2411 | INCOME TAX REFUND CHECK | 289.00 |
| Jun 22, 2010 | WF 743 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jul 27, 2010 | WF 6831 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Sep 08, 2010 | WF 6995 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Oct 06, 2010 | WF 7709 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Nov 03, 2010 | WF 7587 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Dec 07, 2010 | WF 7930 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jan 07, 2011 | WF 3518 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Feb 15, 2011 | WF 8694 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Mar 16, 2011 | WF 9103 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Apr 22, 2011 | WF 9580 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jun 07, 2011 | WF 2808 | MONEY ORDER FROM DEBTOR | 280.00 |
| Aug 09, 2011 | WF 906 | MONEY ORDER FROM DEBTOR | 560.00 |
| Aug 23, 2011 | WF 7728 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Oct 04, 2011 | WF 3311 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Nov 01, 2011 | WF 1932 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jan 03, 2012 | WF 2686 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| | | **Gross Debtor Receipts:** | $15,953.00 |

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101
(702)853-0700

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

**CAROL MAINOR**

CASE NO: BKS-09-15391-BAM
Chapter 13

                    **Debtor (s)**

## CERTIFICATE OF SERVICE

1. On March 19, 2012 I served the following document(s):

   **NOTICE OF DEFAULT IN CHAPTER 13 PLAN PAYMENTS AND DEMAND FOR CURE**

2. I served the above- named document(s) by the following means to the persons as listed below:

   **United States Mail, postage fully prepaid**

HAINES & KRIEGER L.L.C.          CAROL MAINOR
5041 N RAINBOW BLVD              7113 VIA LOCANDA AVE
LAS VEGAS NV  89130             LAS VEGAS NV  89131

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 3/19/12

                                /s/ Esther Carr
                                _____
                                Employee of
                                Kathleen A. Leavitt
                                Chapter 13 Standing Trustee

139

# EXHIBIT 7 –

# Notice of Default (Ex. 5 to Plf's Deposition)

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101
(702)853-0700
kal13mail@las13.com



## UNITED STATES BANKRUPTCY COURT
## NEVADA DIVISION

IN RE:
CAROL MAINOR

CASE NO: BKS-09-15391-BAM

NOTICE OF DEFAULT IN CHAPTER 13 PLAN
PAYMENTS AND DEMAND FOR CURE

Debtor (s)

**TO THE DEBTOR(S) AND HIS OR HER ATTORNEY:**
**YOU ARE BEHIND IN YOUR CHAPTER 13 PLAN PAYMENTS AND YOUR CASE MAY BE**
**DISMISSED, WITHOUT FURTHER NOTICE OR HEARING, UNLESS YOU TAKE ACTION**
**WITHIN 30 DAYS OF THE DATE LISTED BELOW.**

YOU ARE HEREBY NOTIFIED that the Chapter 13 Trustee's records show that you have not made all of the
payments required by your Confirmed Plan.

YOU ARE IN DEFAULT UNDER YOUR CHAPTER 13 PLAN.  As of November 01, 2012, payments are
delinquent in the amount of $560.00.  A list of payments received is attached as "Exhibit A".  Any tax refunds or
proceeds from insurance or sales do not appear on this exhibit.

IN ORDER TO CONTINUE TO RECEIVE THE PROTECTION OF THE U.S. BANKRUPTCY COURT:

**YOU MUST, by 12/01/2012, bring the case current by paying, in certified funds to the Chapter 13 Trustee,**
**the amount of $840.00**  (This amount represents your delinquency plus your next plan payment due after
11/1/2012); OR

YOU MUST, by 12/01/2012, submit to the Chapter 13 Trustee through your attorney, if you are represented, a
Modified Chapter 13 Plan.  Such modified Plan must propose terms under which you would not be in default and
which will provide for Plan completion within 60 months of the original date you filed your Chapter 13 petition; OR

YOU MUST file and serve a request for a hearing on the Trustee's Notice of Default, setting forth the reason for
requesting the hearing supported by affidavits or declarations.

**THIS NOTICE ADDRESSES PLAN PAYMENT DEFAULT ONLY AND DOES NOT ADDRESS**
**OTHER PROBLEMS THAT MAY EXIST IN YOUR CASE.  PLEASE CONTACT YOUR**
**ATTORNEY IMMEDIATELY.  YOUR CASE MAY BE DISMISSED.**

Dated: November 01, 2012

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
Chapter 13 Trustee

141

**Exhibit A to Notice of Default**
**CAROL MAINOR**

**CASE NO.: 09-15391-BAM**

| Date Posted | Source Number | Description | Amount of Receipt |
|-------------|---------------|-------------|-------------------|
| Jun 09, 2009 | WF 1527 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jun 16, 2009 | WF 7698 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jul 07, 2009 | WF 7816 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Aug 18, 2009 | WF 8819 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Sep 09, 2009 | WF 8289 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Oct 14, 2009 | WF 4903 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Nov 13, 2009 | WF 8841 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Dec 08, 2009 | WF 9486 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jan 13, 2010 | WF 9260 | MONEY ORDER FROM DEBTOR | 400.00 |
| Feb 10, 2010 | WF 2087 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Mar 16, 2010 | WF 3380 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Apr 14, 2010 | WF 0065 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| May 18, 2010 | WF 3267 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jun 08, 2010 | WF 2410 | CASHIER'S CHECK FROM DEBTO | 672.00 |
| Jun 08, 2010 | 2009 TAX REF/WF 2411 | INCOME TAX REFUND CHECK | 289.00 |
| Jun 22, 2010 | WF 743 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jul 27, 2010 | WF 6831 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Sep 08, 2010 | WF 6995 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Oct 06, 2010 | WF 7709 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Nov 03, 2010 | WF 7587 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Dec 07, 2010 | WF 7930 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jan 07, 2011 | WF 3518 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Feb 15, 2011 | WF 8694 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Mar 16, 2011 | WF 9103 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Apr 22, 2011 | WF 9580 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jun 07, 2011 | WF 2808 | MONEY ORDER FROM DEBTOR | 280.00 |
| Aug 09, 2011 | WF 906 | MONEY ORDER FROM DEBTOR | 560.00 |
| Aug 23, 2011 | WF 7728 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Oct 04, 2011 | WF 3311 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Nov 01, 2011 | WF 1932 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jan 03, 2012 | WF 2686 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| Aug 14, 2012 | WF 0667 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| | | **Gross Debtor Receipts:** | $16,233.00 |

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101
(702)853-0700

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

**CAROL MAINOR**

**CASE NO: BKS-09-15391-BAM**
Chapter 13

_____**Debtor (s)**_____

## CERTIFICATE OF SERVICE

1. On November 01, 2012 I served the following document(s):

   **NOTICE OF DEFAULT IN CHAPTER 13 PLAN PAYMENTS AND DEMAND FOR CURE**

2. I served the above- named document(s) by the following means to the persons as listed below:

   **United States Mail, postage fully prepaid**

HAINES & KRIEGER LLC
5041 N RAINBOW BLVD
LAS VEGAS NV  89130

CAROL MAINOR
7113 VIA LOCANDA AVE
LAS VEGAS NV  89131

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 11/1/12

/s/ Esther Carr
_____
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee

143

# EXHIBIT 8 –
# Notice of Default (Ex. 6 to Plf's Deposition)

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV 89101
(702)853-0700
kal13mail@las13.com



# UNITED STATES BANKRUPTCY COURT
## NEVADA DIVISION

IN RE:
CAROL MAINOR

CASE NO: BKS-09-15391-BAM

NOTICE OF DEFAULT IN CHAPTER 13 PLAN
PAYMENTS AND DEMAND FOR CURE

Debtor (s)

**TO THE DEBTOR(S) AND HIS OR HER ATTORNEY:**
**YOU ARE BEHIND IN YOUR CHAPTER 13 PLAN PAYMENTS AND YOUR CASE MAY BE DISMISSED, WITHOUT FURTHER NOTICE OR HEARING, UNLESS YOU TAKE ACTION WITHIN 30 DAYS OF THE DATE LISTED BELOW.**

YOU ARE HEREBY NOTIFIED that the Chapter 13 Trustee's records show that you have not made all of the payments required by your Confirmed Plan.

YOU ARE IN DEFAULT UNDER YOUR CHAPTER 13 PLAN. As of January 09, 2013, payments are delinquent in the amount of $840.00. A list of payments received is attached as "Exhibit A". Any tax refunds or proceeds from insurance or sales do not appear on this exhibit.

IN ORDER TO CONTINUE TO RECEIVE THE PROTECTION OF THE U.S. BANKRUPTCY COURT:

**YOU MUST, by 02/08/2013, bring the case current by paying, in certified funds to the Chapter 13 Trustee, the amount of $1,120.00** (This amount represents your delinquency plus your next plan payment due after 1/9/2013); OR

YOU MUST, by 02/08/2013, submit to the Chapter 13 Trustee through your attorney, if you are represented, a Modified Chapter 13 Plan. Such modified Plan must propose terms under which you would not be in default and which will provide for Plan completion within 60 months of the original date you filed your Chapter 13 petition; OR

YOU MUST file and serve a request for a hearing on the Trustee's Notice of Default, setting forth the reason for requesting the hearing supported by affidavits or declarations.

**THIS NOTICE ADDRESSES PLAN PAYMENT DEFAULT ONLY AND DOES NOT ADDRESS OTHER PROBLEMS THAT MAY EXIST IN YOUR CASE. PLEASE CONTACT YOUR ATTORNEY IMMEDIATELY. YOUR CASE MAY BE DISMISSED.**

Dated: January 09, 2013

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
Chapter 13 Trustee

145

**Exhibit A to Notice of Default**
**CAROL MAINOR**

**CASE NO.: 09-15391-BAM**

| Date Posted | Source Number | Description | Amount of Receipt |
|---|---|---|---|
| Jun 09, 2009 | WF 1527 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jun 16, 2009 | WF 7698 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jul 07, 2009 | WF 7816 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Aug 18, 2009 | WF 8819 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Sep 09, 2009 | WF 8289 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Oct 14, 2009 | WF 4903 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Nov 13, 2009 | WF 8841 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Dec 08, 2009 | WF 9486 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jan 13, 2010 | WF 9260 | MONEY ORDER FROM DEBTOR | 400.00 |
| Feb 10, 2010 | WF 2087 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Mar 16, 2010 | WF 3380 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Apr 14, 2010 | WF 0065 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| May 18, 2010 | WF 3267 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jun 08, 2010 | WF 2410 | CASHIER'S CHECK FROM DEBTO | 672.00 |
| Jun 08, 2010 | 2009 TAX REF/WF 2411 | INCOME TAX REFUND CHECK | 289.00 |
| Jun 22, 2010 | WF 743 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jul 27, 2010 | WF 6831 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Sep 08, 2010 | WF 6995 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Oct 06, 2010 | WF 7709 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Nov 03, 2010 | WF 7587 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Dec 07, 2010 | WF 7930 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jan 07, 2011 | WF 3518 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Feb 15, 2011 | WF 8694 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Mar 16, 2011 | WF 9103 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Apr 22, 2011 | WF 9580 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jun 07, 2011 | WF 2808 | MONEY ORDER FROM DEBTOR | 280.00 |
| Aug 09, 2011 | WF 906 | MONEY ORDER FROM DEBTOR | 560.00 |
| Aug 23, 2011 | WF 7728 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Oct 04, 2011 | WF 3311 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Nov 01, 2011 | WF 1932 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jan 03, 2012 | WF 2686 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| Aug 14, 2012 | WF 0667 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Dec 04, 2012 | NVY FCU 7595 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| | | **Gross Debtor Receipts:** | $16,793.00 |

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101
(702)853-0700

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>**CAROL MAINOR**<br><br><br><br>**Debtor (s)** | **CASE NO: BKS-09-15391-BAM**<br>**Chapter 13** |

# CERTIFICATE OF SERVICE

1.  On January 09, 2013 I served the following document(s):

     **NOTICE OF DEFAULT IN CHAPTER 13 PLAN PAYMENTS AND DEMAND FOR CURE**

2.  I served the above- named document(s) by the following means to the persons as listed below:

     **United States Mail, postage fully prepaid**

HAINES & KRIEGER LLC          CAROL MAINOR
5041 N RAINBOW BLVD           7113 VIA LOCANDA AVE
LAS VEGAS NV  89130           LAS VEGAS NV  89131


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 1/9/13

/s/ Esther Carr
_____
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee

147

# EXHIBIT 9 –
# Notice of Default (Ex. 7 to Plf's Deposition)



KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV 89101
(702)853-0700
kal13mail@las13.com

## UNITED STATES BANKRUPTCY COURT
## NEVADA DIVISION

IN RE:
CAROL MAINOR

CASE NO: BKS-09-15391-BAM

NOTICE OF DEFAULT IN CHAPTER 13 PLAN
PAYMENTS AND DEMAND FOR CURE

_____Debtor (s)_____

**TO THE DEBTOR(S) AND HIS OR HER ATTORNEY:**
**YOU ARE BEHIND IN YOUR CHAPTER 13 PLAN PAYMENTS AND YOUR CASE MAY BE
DISMISSED, WITHOUT FURTHER NOTICE OR HEARING, UNLESS YOU TAKE ACTION
WITHIN 30 DAYS OF THE DATE LISTED BELOW.**

YOU ARE HEREBY NOTIFIED that the Chapter 13 Trustee's records show that you have not made all of the
payments required by your Confirmed Plan.

YOU ARE IN DEFAULT UNDER YOUR CHAPTER 13 PLAN. As of March 05, 2013, payments are delinquent
in the amount of $560.00. A list of payments received is attached as "Exhibit A". Any tax refunds or proceeds from
insurance or sales do not appear on this exhibit.

IN ORDER TO CONTINUE TO RECEIVE THE PROTECTION OF THE U.S. BANKRUPTCY COURT:

**YOU MUST, by 04/04/2013, bring the case current by paying, in certified funds to the Chapter 13 Trustee,
the amount of $840.00** (This amount represents your delinquency plus your next plan payment due after
3/5/2013); OR

YOU MUST, by 04/04/2013, submit to the Chapter 13 Trustee through your attorney, if you are represented, a
Modified Chapter 13 Plan. Such modified Plan must propose terms under which you would not be in default and
which will provide for Plan completion within 60 months of the original date you filed your Chapter 13 petition; OR

YOU MUST file and serve a request for a hearing on the Trustee's Notice of Default, setting forth the reason for
requesting the hearing supported by affidavits or declarations.

**THIS NOTICE ADDRESSES PLAN PAYMENT DEFAULT ONLY AND DOES NOT ADDRESS
OTHER PROBLEMS THAT MAY EXIST IN YOUR CASE. PLEASE CONTACT YOUR
ATTORNEY IMMEDIATELY. YOUR CASE MAY BE DISMISSED.**

Dated: March 05, 2013

/s/ Kathleen A. Leavitt
_____
Kathleen A. Leavitt
Chapter 13 Trustee

**Exhibit A to Notice of Default**                          **CASE NO.: 09-15391-BAM**
**CAROL MAINOR**

| Date Posted | Source Number | Description | Amount of Receipt |
|---|---|---|---|
| Jun 09, 2009 | WF 1527 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jun 16, 2009 | WF 7698 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jul 07, 2009 | WF 7816 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Aug 18, 2009 | WF 8819 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Sep 09, 2009 | WF 8289 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Oct 14, 2009 | WF 4903 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Nov 13, 2009 | WF 8841 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Dec 08, 2009 | WF 9486 | MONEY ORDER FROM DEBTOR | 400.00 |
| Jan 13, 2010 | WF 9260 | MONEY ORDER FROM DEBTOR | 400.00 |
| Feb 10, 2010 | WF 2087 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Mar 16, 2010 | WF 3380 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Apr 14, 2010 | WF 0065 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| May 18, 2010 | WF 3267 | CASHIER'S CHECK FROM DEBTO | 400.00 |
| Jun 08, 2010 | WF 2410 | CASHIER'S CHECK FROM DEBTO | 672.00 |
| Jun 08, 2010 | 2009 TAX REF/WF 2411 | INCOME TAX REFUND CHECK | 289.00 |
| Jun 22, 2010 | WF 743 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jul 27, 2010 | WF 6831 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Sep 08, 2010 | WF 6995 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Oct 06, 2010 | WF 7709 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Nov 03, 2010 | WF 7587 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Dec 07, 2010 | WF 7930 | CASHIER'S CHECK FROM DEBTO | 1,072.00 |
| Jan 07, 2011 | WF 3518 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Feb 15, 2011 | WF 8694 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Mar 16, 2011 | WF 9103 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Apr 22, 2011 | WF 9580 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jun 07, 2011 | WF 2808 | MONEY ORDER FROM DEBTOR | 280.00 |
| Aug 09, 2011 | WF 906 | MONEY ORDER FROM DEBTOR | 560.00 |
| Aug 23, 2011 | WF 7728 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Oct 04, 2011 | WF 3311 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Nov 01, 2011 | WF 1932 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Jan 03, 2012 | WF 2686 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| Aug 14, 2012 | WF 0667 | CASHIER'S CHECK FROM DEBTO | 280.00 |
| Dec 04, 2012 | NVY FCU 7595 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| Jan 29, 2013 | NVY FCU 5085 | CASHIER'S CHECK FROM DEBTO | 560.00 |
| | | **Gross Debtor Receipts:** | $17,353.00 |

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101
(702)853-0700

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

**CAROL MAINOR**

        **Debtor (s)**

CASE NO: BKS-09-15391-BAM
Chapter 13

## CERTIFICATE OF SERVICE

1.  On March 05, 2013 I served the following document(s):

    **NOTICE OF DEFAULT IN CHAPTER 13 PLAN PAYMENTS AND DEMAND FOR CURE**

2.  I served the above- named document(s) by the following means to the persons as listed below:

    **United States Mail, postage fully prepaid**

HAINES & KRIEGER LLC       CAROL MAINOR
5041 N RAINBOW BLVD       7113 VIA LOCANDA AVE
LAS VEGAS NV  89130        LAS VEGAS NV  89131

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 3/5/13

                   /s/ Esther Carr
                   Employee of
                   Kathleen A. Leavitt
                   Chapter 13 Standing Trustee

# EXHIBIT 10 –
# June 22, 2015, Disclosure

# Your personal credit report

**Experian™**
A world of insight

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

In response to your recent request, we're pleased to send you this credit report. Your credit information can change over time, so we recommend you keep track of any changes by signing up for credit monitoring at experian.com/monitor.

## Contents

2  About the information in this report

2  Tools to manage your personal credit

2  Disputing information in this report

3  Your accounts that may be considered negative

9  Record of requests for your credit history

10  Your personal information

12  Dispute form

13  Notification of Rights

**For your attention**
Visit experian.com/view to view this credit report instantly online. You may also dispute most information directly and easily within the online report.

CAROL F MAINOR
LAS VEGAS NV 89131-0115

PO Box 9701
Allen, TX 75013

## ■ About the information in this report

Here's an explanation of the key information about you and your credit history that's included in this report:

*Your credit items that may be considered negative*

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. The key word is "potentially." Experian doesn't make judgments about the information in your credit report. The list is provided as a service to direct your attention to what Experian thinks lenders are likely to consider negative when reviewing your credit history. For example, if you have missed payments in the past, they would likely be viewed negatively.

*Your accounts in good standing*

Items display in this section when your creditor reports that you have satisfactorily met the terms of your agreements with them. Some creditors may not report consumer credit information to us, so all of your accounts may not be listed. This section also includes up to two years of your monthly balances on an account if reported by your creditor.

*Companies that have requested your credit history*

We list anyone that has requested your credit information in the last two years, including companies that have requested your credit report as a result of an action you took, such as applying for credit. We also include requests about you from those with a permissible purpose, such as a potential employer, investor or pre-approved credit grantor.

*Your personal information*

This information is reported to us by you, your creditors and other sources, and includes your name, variations of your name reported to us, addresses, Social Security number (and variations reported to us), date of birth, telephone numbers and employers.

## ■ Medical Information

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider". Consumer statements included on your report at your request that contain medical information are disclosed to others.

## ■ Tools to manage your personal credit

*What's your credit score?*

Find out how by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore, call **1 888 322 5583.**

*Credit Monitoring*

Monitor and protect your credit with Experian's credit management tools. Visit **experian.com/monitor** to find out more.

## ■ Disputing information in this report

Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process your dispute generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record.

The fastest and easiest way to dispute most information is to visit us at: **www.experian.com/disputes**

You can also complete the dispute form at the end of this report and **mail it to us at:**

Experian, NCAC, P.O. Box 2002, Allen TX 75013

*Or you can call us at:*
800 509 8495, M - F 9am - 5pm in your time zone.

You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload.

Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

0250939653

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Payment history legend

| | |
|---|---|
| **OK** | Current/Terms of agreement met |
| **30** | Account 30 days past due |
| **60** | Account 60 days past due |
| **90** | Account 90 days past due |
| **120** | Account 120 days past due |
| **150** | Account 150 days past due |
| **180** | Account 180 days past due |
| **CRD** | Creditor received deed |
| **FS** | Foreclosure proceedings started |
| **F** | Foreclosed |
| **VS** | Voluntarily surrendered |
| **R** | Repossession |
| **PBC** | Paid by creditor |
| **IC** | Insurance claim |
| **G** | Claim filed with government |
| **D** | Defaulted on contract |
| **C** | Collection |
| **CO** | Charge off |
| **CLS** | Closed |
| **ND** | No data for this time period |

### ■ Public Records

**US BKPT CT NV LAS VEGAS**
FEDERAL BANKRUPTCY COURT
LAS VEGAS NV 89125
**(702) 388-6257**
**Address identification number**
0545947418

| Identification number | Date filed | Claim amount |
|---|---|---|
| 0915391LED | Apr 2009 | $0 |
| **Responsibility** | **Date resolved** | **Liability amount** |
| Individual | Mar 2015 | $0 |

**Status**
Chapter 13 bankruptcy discharged.
This item is scheduled to continue on record until Apr 2016.

**ALAMEDA COUNTY / RECORDE**
1106 MADISON ST FL 1
OAKLAND CA 94607
**(510) 272-6362**
**Address identification number**
0191546051

| Identification number | Date filed | Claim amount |
|---|---|---|
| SQ2012121176 | Apr 2012 | $1,566 |
| **Responsibility** | **Date resolved** | **Liability amount** |
| Individual | Feb 2013 | Not reported |

**Status**
State tax lien paid, released.
This item is scheduled to continue on record until Jan 2019.

**ALAMEDA COUNTY / RECORDE**
1106 MADISON ST FL 1
OAKLAND CA 94607
**(510) 272-6362**
**Address identification number**
0191546051

| Identification number | Date filed | Claim amount |
|---|---|---|
| SQ2012365631 | Nov 2012 | $1,669 |
| **Responsibility** | **Date resolved** | **Liability amount** |
| Individual | Feb 2013 | Not reported |

**Status**
State tax lien paid, released.
This item is scheduled to continue on record until Aug 2019.

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

Your accounts that may be considered negative (continued)

■ Credit items

**AARGON AGENCY**
8668 SPRING MOUNTAIN RD
LAS VEGAS NV 89117
**Phone number**
(800) 852 0411
**Partial account number**
5700
**Address identification number**
0545947418
**Original creditor** CENTENNIAL
HILLS HOSPITAL

| | | |
|---|---|---|
| **Date opened** Feb 2010 | **Type** Collection | **Credit limit or original amount** $500 |
| **First reported** Nov 2008 | **Terms** Not reported | **High balance** Not reported |
| **Date of status** Sep 2011 | **Monthly payment** Not reported | |
| | | **Recent balance** Not reported |
| | | **Responsibility** Individual |
| | | **Status** Paid, Closed. |

**Payment history**

| 2011 | | | | | | | | | | | | | 2010 | | | | | | | | | | | | | 2009 | | | | | | | | | | | | | 2008 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY |
| CLS | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | C | | | | | | | | | | | | | | |

**ACCTCORP OF SOUTHERN NEV**
4955 S DURANGO DR STE 177
LAS VEGAS NV 89113
**Phone number**
(702) 240 3007
**Partial account number**
51N1
**Address identification number**
0545947418
**Original creditor** BALANCE
CENTERS OF AMERICA

| | | |
|---|---|---|
| **Date opened** Jun 2012 | **Type** Collection | **Credit limit or original amount** $145 |
| **First reported** Oct 2014 | **Terms** 1 Months | **High balance** Not reported |
| **Date of status** Oct 2014 | **Monthly payment** Not reported | |
| | | **Recent balance** $145 as of Oct 2014 |
| | | **Responsibility** Individual |
| | | **Status** Collection account. $145 past due as of Oct 2014. This account is scheduled to continue on record until Jan 2019. |

**Payment history**

| 2014 | |
|---|---|
| OCT | |
| C | |

0250939653

156

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

Your accounts that may be considered negative (continued)

**ACCTCORP OF SOUTHERN NEV**
4955 S DURANGO DR STE 177
LAS VEGAS NV 89113
**Phone number**
(702) 240 3007
**Partial account number**
51N2
**Address identification number**
0545947418
**Original creditor** TRUE DENTISTRY

| Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|
| Sep 2013 | Collection | original amount | $1,497 as of Apr | Individual |
| **First reported** | **Terms** | $1,497 | 2015 | **Status** |
| Apr 2015 | 1 Months | **High balance** | | Collection account. $1,497 past due as of Apr 2015. |
| **Date of status** | **Monthly** | Not reported | | This account is scheduled to continue on record until Dec |
| Apr 2015 | **payment** | | | 2019. |
| | Not reported | | | |

**Payment history**
2015
APR
C

---

**CLARK COUNTY COLLECTION**
8860 W SUNSET RD STE 100
LAS VEGAS NV 89148
**Phone number**
(702) 889 9229
**Partial account number**
2530
**Address identification number**
0545947418
**Original creditor** LABORATORY
MEDICINE CONSULTANT

| Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|
| May 2009 | Collection | original amount | $392 as of May | Individual |
| **First reported** | **Terms** | $321 | 2013 | **Status** |
| Jun 2009 | 1 Months | **High balance** | | Collection account. $392 past due as of May 2013. |
| **Date of status** | **Monthly** | Not reported | | This account is scheduled to continue on record until Aug |
| Jul 2009 | **payment** | | | 2015. |
| | Not reported | | | |

**Payment history**

| 2013 | | | | 2012 | | | | | | | | | 2011 | | | | | | | | | | | | 2010 | | | | | | | | | | | | 2009 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC |
| C | ND | C | C | ND | C | C | ND | C | C | ND | C | C | ND | C | C | ND | C | ND | ND | C | C | ND | C | C | ND | C | C | ND | C | C | ND | C | C | ND | C | C | ND | ND | C |

| NOV | OCT | SEP | AUG | JUL | JUN |
|---|---|---|---|---|---|
| C | ND | C | C | ND | C |

Your accounts that may be considered negative (continued)

**CREDIT CONTROL CORP**
11821 ROCK LANDING DR
NEWPORT NEWS VA 23606
**Phone number**
(757) 873 3332
**Partial account number**
0932
**Address identification number**
0545947418
**Original creditor** COX
COMMUNICATIONS LAS VEGAS

| Date opened | Type | Credit limit or | Recent balance |
|---|---|---|---|
| Sep 2012 | Collection | original amount | $0 as of Feb 2015 |
| **First reported** | **Terms** | $306 | |
| Nov 2012 | 1 Months | **High balance** | |
| **Date of status** | **Monthly** | Not reported | |
| Feb 2015 | **payment** | | |
| | Not reported | | |

**Responsibility**
Individual
**Status**
Discharged through Bankruptcy Chapter 7.
This account is scheduled to continue on record until Sep 2019.
**Account History**
Debt included in Chapter 7 Bankruptcy on Feb 11, 2015.

**Payment history**
2012
NOV
C

---

**CREDIT CONTROL CORP**
11821 ROCK LANDING DR
NEWPORT NEWS VA 23606
**Phone number**
(757) 873 3332
**Partial account number**
0933
**Address identification number**
0545947418
**Original creditor** COX
COMMUNICATIONS LAS VEGAS T

| Date opened | Type | Credit limit or | Recent balance |
|---|---|---|---|
| Sep 2012 | Collection | original amount | $0 as of Feb 2015 |
| **First reported** | **Terms** | $111 | |
| Nov 2012 | 1 Months | **High balance** | |
| **Date of status** | **Monthly** | Not reported | |
| Feb 2015 | **payment** | | |
| | Not reported | | |

**Responsibility**
Individual
**Status**
Discharged through Bankruptcy Chapter 7.
This account is scheduled to continue on record until Sep 2019.
**Account History**
Debt included in Chapter 7 Bankruptcy on Feb 11, 2015.

**Payment history**
2012
NOV
C

0250939653

158

www.experian.com

Case 2:16-cv-00183-RFB-BNW   Document 131-1   Filed 02/11/19   Page 164 of 201

Prepared for: **CAROL F MAINOR**
Date: June 22, 2015
Report number: **2680-3973-04**

Page 7 of 14

## Your accounts that may be considered negative (continued)

**OCWEN LOAN SERVICING**
1661 WORTHINGTON RD STE 100
WEST PALM BEACH FL 33409
**Phone number**
(800) 746 2936
**Partial account number**
4146...
**Address identification number**
0545947418

| Type | Date opened | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Mortgage | Jun 2006 | $712,500 | $938,186 as of Jun 2015 | Individual |
| **Terms** | **First reported** | **High balance** | **Recent payment** | **Status** |
| 30 Years | Mar 2013 | Not reported | $2,737 | Open. |
| **Monthly payment** | **Date of status** | | | By Jul 2019, this account is scheduled to go to a positive status. |
| $2,790 | Aug 2014 | | | **Comment:** Loan modified under federal government plan. |

**Payment history**

| | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | | | | | | | | | | | | | | | |
| | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 180 | 180 | 180 | 180 | 180 |
| 2014 | | | | | | | | | | | | | | | | |
| | OK | OK | OK | OK | OK | OK | OK | OK | 180 | 180 | 180 | 180 | 180 | 180 | 180 | 180 |
| 2013 | | | | | | | | | | | | | | | | |

**AB** = Account balance ($)   **DPR** = Date payment received   **SPA** = Scheduled payment amount ($)   **AAP** = Actual amount paid ($)

| | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 | Dec13 | Nov13 | Oct13 | Sep13 | Aug13 | Jul13 | Jun13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 938,590 | 938,993 | 939,394 | 939,794 | 940,167 | 940,564 | 561,771 | 564,960 | 564,960 | 564,960 | 564,960 | 564,960 | 566,550 | 566,550 | 568,137 | 568,137 | 568,137 | 568,137 | 569,722 | 568,137 | 571,305 | 572,884 |
| **DPR** | Apr06 | Mar05 | Feb10 | Dec10 | Nov26 | Oct30 | Oct30 | Apr08 | Apr08 | Apr08 | Apr08 | Apr08 | Feb10 | Feb10 | Oct07 | Oct07 | Oct07 | Oct07 | Oct07 | Aug01 | Jul02 | May01 |
| **SPA** | 2,737 | 2,737 | 2,737 | 2,737 | 3,105 | 3,105 | 3,105 | 3,257 | 3,257 | 3,257 | 3,257 | 3,257 | 3,257 | 3,257 | 3,191 | 3,191 | 3,191 | 3,191 | 3,191 | 3,191 | 3,191 | 3,191 |
| **AAP** | 2,737 | 2,737 | 2,737 | 2,737 | 3,425 | 3,425 | 2,049 | ND | ND | ND | ND | 3,748 | 3,257 | 3,257 | ND | ND | ND | 3,257 | 3,257 | 3,257 | 3,257 | ND |

► The original amount of this account was $712,500

**Account history** - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

---

**QUALITY ACCEPTANCE LLC**
14546 HAMLIN ST
VAN NUYS CA 91411
**Phone number**
(818) 503 1322
**Partial account number**
0026...
**Address identification number**
0545947418

| Type | Date opened | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Auto Loan | Jan 2014 | $6,788 | $4,586 as of May 2015 | Individual |
| **Terms** | **First reported** | **High balance** | | **Status** |
| 33 Months | Jan 2014 | Not reported | | Open. |
| **Monthly payment** | **Date of status** | | | By Dec 2021, this account is scheduled to go to a positive status. |
| $289 | Apr 2015 | | | |

**Payment history**

| | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | | | | | | | | | | | | | | | | |
| | OK | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | | | | | |
| 2014 | | | | | | | | | | | | | | | | | |

**AB** = Account balance ($)   **DPR** = Date payment received   **SPA** = Scheduled payment amount ($)   **AAP** = Actual amount paid ($)

| | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 4,573 | 5,193 | 5,153 | 5,139 | 5,520 | 5,505 | 5,677 | 6,003 | 5,988 | 6,383 | 6,479 | 6,465 | 6,706 | 6,691 | 6,788 | 6,788 |
| **DPR** | Apr22 | Jan20 | Jan20 | Jan20 | Nov21 | Nov21 | Oct22 | Aug22 | Aug22 | Jul08 | May26 | May26 | Mar11 | Mar11 | Mar11 | ND |

**Account history** - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

0250939653

www.experian.com

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

## Your accounts that may be considered negative (continued)

| SPA | | | | | | | | | | | | | | | | | |
|-----|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AAP | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 |
| | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

▲ *The original amount of this account was $6,788*

0250939653

www.experian.com

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

Page 9 of 14

## Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

### Inquiries shared with others

The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit

**OCWEN LOAN SERVICING LLC**
1661 WORTHINGTON RD STE 100
WEST PALM BEACH FL 33409
(800) 746 2936
Address identification number:
0545947418

**Date**
Jul 17, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Aug 2016.

**KOHLS/CAPONE**
PO BOX 3115
MILWAUKEE WI 53201
(800) 564 5740

**Date**
Jul 4, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Aug 2016.

**KOHLS/CAPONE**
No phone number available

**Date**
Jun 30, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Jul 2016.

**QUALITY ACCEPTANCE LLC**
14546 HAMLIN ST
VAN NUYS CA 91411
(818) 503 1322
Address identification number:
0545947418

**Date**
Feb 4, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Mar 2016.

**CAR LOANS INC**
100 N ARLINGTON AVE STE 350
RENO NV 89501
(775) 336 3333
Address identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Feb 2016.

**UNITED AUTO CREDIT CO**
1071 CAMELBACK ST STE 100
NEWPORT BEACH CA 92660
(949) 224 1917
Address identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**VEROS CREDIT**
2333 N BROADWAY
SANTA ANA CA 92706
(714) 918 1800
Address identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Feb 2016.

**PRIME ACCEPTANCE CORP**
5097 S 900 E
SALT LAKE CITY UT 84117
(801) 312 0700
Address identification number:
0545947418

**Date**
Jan 27, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**DT CREDIT**
PO BOX 659
DALLAS TX 75221
(800) 863 7483
Address identification number:
0545947418

**Date**
Jan 6, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**700 CREDIT/PLANET HYUNDA**
6200 CENTENNIAL CENTER BLVD
LAS VEGAS NV 89149
(702) 938 1400
Address identification number:
0545947418

**Date**
Oct 15, 2013
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Nov 2015.

0250939653

161

www.experian.com

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

Page 10 of 14

**NCCINC/ED BOZARTH NEVADA**
5501 DREXEL RD
LAS VEGAS NV 89130
(702) 967 5500
**Address identification number:**
0545947418

**Date**
Jun 17, 2013
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Jul 2015.

**NCCINC/JIM MARSH MITSU S**
8555 W CENTENNIAL PARKWAY
LAS VEGAS NV 89149
(702) 946 1000
**Address identification number:**
0545947418

**Date**
Jun 13, 2013
**Reason**
Auto loan on behalf of JIM MARSH MITSUBISHI SUZ. This inquiry is scheduled to continue on record until Jul 2015.

*Inquiries shared only with you*
You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and **we do not include any of these requests on credit reports to others.**

We offer credit information about you to those with a permissible purpose, such as:
• other creditors who want to offer you preapproved credit;
• an employer who wishes to extend an offer of employment;
• a potential investor in assessing the risk of a current obligation;
• Experian Consumer Assistance to process a report for you;
• your current creditors to monitor your accounts (date listed may reflect only the most recent request).

These inquiries DO NOT affect your credit score.

**NORTHLAND GROUP, INC** 7831 GLEN ROY ROAD    EDINA MN 55439
(888) 287 5711
**Date of Inquiry: Jun 08, 2015**

**OCWEN LOAN SERVICING INC** 1661 WORTHINGTON RD STE 100    WEST PALM
BEACH FL 33409
(800) 746 2936
**Date of Inquiry: Apr 27, 2015**

**CONVERGENT OUTSOURCING,** 800 SW 39TH ST    RENTON WA 98057
(425) 643 3111
**Date of Inquiry: Apr 09, 2014**

**OCWEN LOAN SERVICING INC** 1661 WORTHINGTON RD STE 100    WEST PALM
BEACH FL 33409
(800) 746 2936
**Date of Inquiry: Jul 23, 2013**

**NCCINC/JIM MARSH CHRYSLE** 2605 CAMINO DEL RIO S STE 400    SAN DIEGO
CA 92108
(619) 209 3610
**Date of Inquiry: Jun 13, 2013**

## Personal information

The following information is reported to us by you, your creditors and/or other sources. Each source may report your personal information differently, which may result in variations of your name, address, Social Security number, etc. As part of our fraud protection efforts, a notice with additional information may appear.

### ■ Names
CAROL MAINOR
    Name identification number: 12660
CAROL F MAINOR
    Name identification number: 957
CAROL FRANCES MAINOR
    Name identification number: 1
CAROL FRANCE MAINOR
    Name identification number: 22862
CAROL L MAINOR
    Name identification number: 26738

### ■ Addresses
These addresses are listed in no particular order and may include previous addresses where you received mail. The Address identification number is how our system identifies the address and the source of that address, such as a creditor, court or potential creditor. The geographical code shown with each address identifies the state, county, census tract, block group and Metropolitan Statistical Area associated with each address. These listings do not affect your credit score.

| Address | Type of address | Geographical code |
|---|---|---|
| LAS VEGAS NV 89131-0115 | Single family | 0-330110- 3-4120 |

Address identification number: 0545947418

0250939653

162

*Personal information continued*

| Address | Type of address | Geographical code |
|---|---|---|
| OAKLAND CA 94601-4407 | Single family | 0-4073020-1-5775 |
| Address identification number: 0191546051 | | |
| OAKLAND CA 94601-7042 | Post office box | 0-4071040-1-5775 |
| Address identification number: 0191551338 | | |
| OAKLAND CA 94609-1305 | Single family | 0-4004020-1-5775 |
| Address identification number: 0191684552 | | |
| LAS VEGAS NV 89118-2068 | Single family | 0-292510-3-6160 |
| Address identification number: 0298469483 | | |
| LAS VEGAS NV 89102-7053 | Apartment complex | 0-220310- 3- |
| Address identification number: 017912564 | | |
| LAS VEGAS NV 89131- | Single family | 0-00- 0- |
| Address identification number: 0639867102 | | |
| OAKLAND CA 94609- | | 0-00- 0- |
| Address identification number: 046864266 | | |

■ **Social Security number variations**

As a security precaution, we did not list the Social Security number that you provided when you contacted us. The numbers below are variations that have been reported to us. Only the last four digits of each reported variation are displayed. Numbers that appear here vary from the number you used to generate this report. Actual differences in the numbers may be part of the displayed portion or part of the hidden portion.

■ **Year of birth**

■ **Telephone numbers**
Residential
Cellular
Residential

*Personal information continued*

■ **Spouse or co-applicant**
JULIUS

■ **Former or current employers**
SSI
MILITARY LAS VEGAS NV 89131 0115
UNITED AUTO SERVICE 1020 HIGH STREET OAKLAND CA 94601-
US NAVY

■ **Notices**
This address has pertained to a business:
                                                                          LAS VEGAS NV 89131.

LEGAL SERVICE                              LAS VEGAS, NV, 89131.

— End of Report —

If you disagree with information in your report you may dispute most information at:
**www.experian.com/disputes**

You may also visit www.experian.com to view your report again.

www.experian.com

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

## Dispute form

*For the fastest and easiest way to dispute most information, visit:*

### www.experian.com/disputes

You may also mail this form to: Experian, P.O. Box 9701, Allen, TX 75013
Or, call us for assistance at 1 800 509 8495
You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload.

Use this form for any disputes you wish to submit by mail.
Complete all of the following information and submit by mail. Once we receive your dispute, it may take up to 30 days to process your dispute. We will then notify you of the results. You may make copies of this form to submit additional disputes or use a separate piece of paper.

Remember, most accurate negative information will remain a part of your credit history for up to seven years and bankruptcies for up to 10 years.

**What's your credit score?** Find out by ordering your VantageScore® for only $7.95.
☐ Send my VantageScore (Score will include results of any disputes submitted on this form. Make check or money order payable to Experian.)
☐ Request overnight delivery via FedEx for an additional $20 to receive your score report before processing of your disputes is completed.

*Intentionally making any false statement could be punishable by law.*

**Your current identification information** (correct any incorrect information)
Fill in your Social Security number: _____
**Current Mailing Address:** _____ LAS VEGAS NV ˉ 89131-0115
**Year of birth** ▇▇
Enter your email address to be notified when your credit results are ready: _____

Is any of the information below **incorrect** on your report?
☐ Spouse's name ☐ Telephone number – Which one is **incorrect?** ___ / ___ / ___
☐ Employer – Which one is **incorrect?** _____
☐ Date of birth – Fill in your **correct** date of birth: ___ / ___ / ___
☐ Address – Which one is **incorrect?** _____

### First dispute

Company name: _____
Your partial account number: _____
I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: _____ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to? _____
☐ Other – Must explain: _____

### Second dispute

Company name: _____
Your partial account number: _____
I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: _____ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to? _____
☐ Other – Must explain: _____

### Third dispute

Company name: _____
Your partial account number: _____
I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: _____ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to? _____
☐ Other – Must explain: _____

Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

0250939653

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

**Notification of Rights for Nevada Consumers**

You have a right to place a security freeze in your file which will prohibit a consumer credit reporting company from releasing any information in your file without your express authorization. A security freeze must be requested in writing by certified mail.

Security freezes are designed to prevent a credit reporting company from releasing your credit report without your consent. However, you should be aware that using a security freeze to take control over who is allowed access to the personal and financial information in your file may delay, interfere with or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, insurance, government services or payments, rental housing, employment, investment, license, cellular telephone, utilities, digital signature, Internet credit card transaction or other services, including an extension of credit at point of sale.

When you place a security freeze on your file, you will be provided a personal identification number or password to use if you choose to remove the security freeze from your file or authorize the temporary release of your credit report for a specific person or period after the security freeze is in place. To provide that authorization, you must contact the reporting agency and provide all the following:

1. Sufficient identification to verify your identity.

2. Your personal identification number or password provided by the credit reporting company.

3. A statement that you choose to remove the security freeze from your file or that you authorize the reporting agency to temporarily release your consumer report. If you authorize the temporary release of your consumer report, you must name the person who is to receive your consumer report or the period for which your consumer report must be available.

A credit reporting company must remove the security freeze from your file or authorize the temporary release of your consumer report not later than three business days after receiving the above information.

A security freeze does not apply to a person, or collection agencies acting on behalf of a person, with whom you have an existing account that requests information in your consumer report for the purposes of reviewing or collecting the account.

0250939653

165

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

THIS PAGE INTENTIONALLY LEFT BLANK

0250939653

www.experian.com

www.experian.com

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

*Para informacion en espanol, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

## A Summary of Your Rights under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.**

• **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

• **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

 – a person has taken adverse action against you because of information in your credit report;
 – you are the victim of identity theft and place a fraud alert in your file;
 – your file contains inaccurate information as a result of fraud;
 – you are on public assistance;
 – you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

• **You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

• **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

• **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

• **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

• **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

• **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

• **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

• **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

• **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For more information about your federal rights, contact:**

www.experian.com

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| **1.a.** Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | a. Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552 |
| **b.** Such affiliates that are not banks, savings associations, or credit unions also should list in addition to the Bureau: | b. Federal Trade Commission: Consumer Response Center – FCRA Washington, D.C. 20580 (877) 382-4357 |
| **2.** To the extent not included in item 1 above: | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050 |
| **a.** National banks, federal savings associations, and federal branches and federal agencies of foreign banks | |
| **b.** State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | b. Federal Reserve Consumer Help Center<br>PO Box 1200<br>Minneapolis, MN 55480 |
| **c.** Nonmember insured banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106 |
| **d.** Federal Credit Unions | d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| **3.** Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue S.E.<br>Washington, DC 20590 |
| **4.** Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| **5.** Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| **6.** Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, SW, 8th Floor<br>Washington, DC 20416 |
| **7.** Brokers and Dealers | Securities and Exchange Commission<br>100 F St NE<br>Washington, DC 20549 |
| **8.** Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| **9.** Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates as Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

# EXHIBIT 11 –

# Plaintiff's Dispute Letter



Carol F. Mainor

██████████████

Las Vegas, NV 89131
Phone: ████████████

July 29, 2015

**Via Certified Mail Return Receipt Requested**

**Experian
NCAC
P.O. Box 2002
Allen, Texas 75013**

RE:   Credit Report No. 2680-3973-04

To Whom it May Concern:

### CORRECT YOUR INACCURATE CREDIT REPORT INFORMATION ABOUT ME

Attached is a copy of my driver's license and other documentation to prove my identity.  I have also listed my other identifying information below to assist you in identifying my credit report properly.

| | |
|---|---|
| My Full Legal Name: | Carol F. Mainor |
| My Date of Birth: | ████████ |
| My Social Security No.: | ████████████ |
| My Street Address: | |
| My City, State & Zip: | Las Vegas, NV 89131 |
| My Day & Eve Phone: | ████████ |

The following items on my credit report are inaccurate.  Please make the following corrections to my consumer credit report immediately and then send me a copy of the corrected consumer credit report.  Please also ensure that any and all attachments are forwarded to the furnisher:

Page 1                          Carol F. Mainor                          SSN: ███████████

## INCORRECT FURNISHER ACCOUNT INFORMATION

The following Furnisher Account information listed on my credit report is incorrect:

| | |
|---|---|
| Furnisher Name/Address: | Aargon Agency<br>8668 Spring Mountain Rd<br>Las Vegas, NV 89117 |
| Furnisher Acct. No.: | ███5700 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Apr 2010 (C – Collection). |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 2                          Carol F. Mainor                          SSN: ████████

| Furnisher Name/Address: | Acctcorp of Southern Nev<br>4955 S Durango Dr Ste 177<br>Las Vegas, NV 89113 |
|---|---|
| Furnisher Acct. No.: | �in51N1 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Oct2014 (C – Collection).<br><br>• This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show a Recent balance of $145 as of Oct 2014 and the Status: Collection account. $145 past due as of Oct 2014. |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 3                           Carol F. Mainor                    SSN: ▆▆▆▆

| Furnisher Name/Address: | Acctcorp of Southern Nev<br>4955 S Durango Dr Ste 177<br>Las Vegas, NV 89113 |
|---|---|
| Furnisher Acct. No.: | ██████51N2 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Apr2015 (C – Collection).<br><br>• This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show the Recent balance $1,497 as of Apr 2015 and the Status: Collection account. $1,497 past due as of Apr 2015. |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 4                      Carol F. Mainor                      SSN: ████████

| Furnisher Name/Address: | Clark County Collection<br>8860 W Sunset Rd Ste 100<br>Las Vegas, NV 89148 |
|---|---|
| Furnisher Acct. No.: | ▇2530 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Jun2009, Jul2009, Sep2009, Nov2009, Dec2009, Feb2010, Apr2010 – Aug2010, Oct2010, Dec2010 – Feb2011, May2011, Jun2011, Oct2011, Dec2011, Jan2012, Mar2012 – Jul2012, Sep2012, Nov2012, Dec2012, Feb2013, Apr2013 and May2013.<br><br>• This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show the Recent balance $392 as of May 2013 and the Status: Collection account. $392 past due as of May 2013. |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 5                                Carol F. Mainor                    SSN: ▇▇▇▇

| Furnisher Name/Address: | Credit Control Corp<br>11821 Rock Landing Dr<br>Newport News, VA 23606 |
|---|---|
| Furnisher Acct. No.: | ▮▮▮▮0932 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2012 (C – Collection). |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 6                          Carol F. Mainor                          SSN: ▮▮▮▮▮▮

| Furnisher Name/Address: | Credit Control Corp<br>11821 Rock Landing Dr<br>Newport News, VA 23606 |
|---|---|
| Furnisher Acct. No.: | ████0933 |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2012 (C – Collection). |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Page 7                        Carol F. Mainor                        SSN: ████████

| Furnisher Name/Address: | Ocwen Loan Serivicing<br>1661 Worthington Rd Ste 100<br>West Palm Beach, FL 33409 |
|---|---|
| Furnisher Acct. No.: | ▉4146.... |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Mar2013 – Jul2014 (180 days past due).<br><br>• This account was discharged in my Bankruptcy which was filed on 4/09/2009 and discharged 3/27/2015, bearing docket No. 09-15391 in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show the Recent balance $938,186 as of Jun 2015. Also, in the Account history you show Account Balances from Jun13 – Apr15. |
| Action/Correction Requested: | • Immediately delete this account and the disputed derogatory information from my credit report.<br>• The discharged debt should be reported with an account balance of $0 with a status of "current".<br>• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/09/2009, since a default on this account occurred no later than the Bankruptcy filing date.<br>• Any post-bankruptcy derogatory information should be immediately deleted from my report.<br>• If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account. |

Thank you and I look forward to your immediate reply.

Sincerely,

Carol F. Mainor
Enclosures

Page 8                    Carol F. Mainor                    SSN: ▉▉▉

177

# Your personal credit report

Prepared for: **CAROL F MAINOR**
Date: **June 22, 2015**
Report number: **2680-3973-04**

In response to your recent request, we're pleased to send you this credit report. Your credit information can change over time, so we recommend you keep track of any changes by signing up for credit monitoring at experian.com/monitor.

## Contents

2   About the information in this report

2   Tools to manage your personal credit

2   Disputing information in this report

3   Your accounts that may be considered negative

8   Record of requests for your credit history

9   Your personal information

11  Dispute form

12  Notification of Rights

**For your attention**
Visit experian.com/view to view this credit report instantly online. You may also dispute most information directly and easily within the online report.



Scan me with your smart phone for special offers from Experian.

CAROL F MAINOR

PO Box 9701
Allen, TX 75013

Page 1 of 12



## ■ About the information in this report

Here's an explanation of the key information about you and your credit history that's included in this report:

*Your credit items that may be considered negative*

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. The key word is "potentially." Experian doesn't make judgments about the information in your credit report. The list is provided as a service to direct your attention to what Experian thinks lenders are likely to consider negative when reviewing your credit history. For example, if you have missed payments in the past, they would likely be viewed negatively.

*Your accounts in good standing*

Items display in this section when your creditor reports that you have satisfactorily met the terms of your agreements with them. Some creditors may not report consumer credit information to us, so all of your accounts may not be listed. This section also includes up to two years of your monthly balances on an account if reported by your creditor.

*Companies that have requested your credit history*

We list anyone that has requested your credit information in the last two years, including companies that have requested your credit report as a result of an action you took, such as applying for credit. We also include requests about you from those with a permissible purpose, such as a potential employer, investor or pre-approved credit grantor.

*Your personal information*

This information is reported to us by you, your creditors and other sources, and includes your name, variations of your name reported to us, addresses, Social Security number (and variations reported to us), date of birth, telephone numbers and employers.

## ■ Medical Information

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider". Consumer statements included on your report at your request that contain medical information are disclosed to others.

## ■ Tools to manage your personal credit

*What's your credit score?*

Find out by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore, call 1 888 322 5583.

*Credit Monitoring*

Monitor and protect your credit with Experian's credit management tools. Visit experian.com/monitor to find out more.

## ■ Disputing information in this report

Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process your dispute generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record.

The fastest and easiest way to dispute most information is to visit us at: www.experian.com/disputes

You can also complete the dispute form at the end of this report and mail it to us at:

Experian, NCAC, P.O. Box 2002, Allen TX 75013

Or you can call us at:
800 509 8495, M - F 9am - 5pm in your time zone.

You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload.

Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

0250939653

::: Experian™
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years after the date the account was transferred.

### Payment history legend

| | |
|---|---|
| **OK** | Current/Terms of agreement met |
| **30** | Account 30 days past due |
| **60** | Account 60 days past due |
| **90** | Account 90 days past due |
| **120** | Account 120 days past due |
| **150** | Account 150 days past due |
| **180** | Account 180 days past due |
| **CRD** | Creditor received deed |
| **FB** | Foreclosure proceedings started |
| **F** | Foreclosed |
| **VS** | Voluntarily surrendered |
| **R** | Repossession |
| **PBC** | Paid by creditor |
| **IC** | Insurance claim |
| **G** | Claim filed with government |
| **D** | Defaulted on contract |
| **C** | Collection |
| **CO** | Charge off |
| **CLS** | Closed |
| **ND** | No data for this time period |

## ■ Public Records

**US BKPT CT NV LAS VEGAS**
FEDERAL BANKRUPTCY COURT
LAS VEGAS NV 89125
(702) 388-6257
Address identification number
0545947418

Identification number
0915391LED
Responsibility
Individual

Date filed
Apr 2009
Date resolved
Mar 2015

Claim amount
$0
Liability amount
$0

**Status**
Chapter 13 bankruptcy discharged.
This item is scheduled to continue on record until Apr 2016.

**ALAMEDA COUNTY / RECORDE**
1106 MADISON ST FL 1
OAKLAND CA 94607
(510) 272-6362
Address identification number
0191546051

Identification number
SO2012121176
Responsibility
Individual

Date filed
Apr 2012
Date resolved
Feb 2013

Claim amount
$1,566
Liability amount
Not reported

**Status**
State tax lien paid, released.
This item is scheduled to continue on record until Jan 2019.

**ALAMEDA COUNTY / RECORDE**
1106 MADISON ST FL 1
OAKLAND CA 94607
(510) 272-6362
Address identification number
0191546051

Identification number
SO2012365631
Responsibility
Individual

Date filed
Nov 2012
Date resolved
Feb 2013

Claim amount
$1,669
Liability amount
Not reported

**Status**
State tax lien paid, released.
This item is scheduled to continue on record until Aug 2019.

0250939653



**Experian**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

Page 4 of 12

Your accounts that may be considered negative (continued)

■ Credit Items

**AARGON AGENCY**
8868 SPRING MOUNTAIN RD
LAS VEGAS NV 89117
Phone number
(800) 852 0411
Partial account number
5700

Address identification number
0545947418
Original creditor CENTENNIAL HILLS
HOSPITAL

| Date opened | Feb 2010 | Type | Collection | Credit limit or original amount | $500 | Recent balance | Not reported | Responsibility | Individual |
| First reported | Nov 2008 | Terms | Not reported | High balance | Not reported | | | Status | Paid, Closed. |
| Date of status | Sep 2011 | Monthly payment | Not reported | | | | | | |

Payment history
2011                                                                                            2010                                                                          2009                                                        2008
SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV
CLS ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND ND C ND ND ND ND ND ND ND ND ND ND ND C

**ACCTCORP OF SOUTHERN NEV**
4955 S DURANGO DR STE 177
LAS VEGAS NV 89113
Phone number
(702) 240 3007
Partial account number
51N1

Address identification number
0545947418
Original creditor BALANCE
CENTERS OF AMERICA

| Date opened | Jun 2012 | Type | Collection | Credit limit or original amount | $145 | Recent balance | $145 as of Oct 2014 | Responsibility | Individual |
| First reported | Oct 2014 | Terms | 1 Months | High balance | Not reported | | | Status | Collection account. $145 past due as of Oct 2014. This account is scheduled to continue on record until Jan 2019. |
| Date of status | Oct 2014 | Monthly payment | Not reported | | | | | | |

Payment history
2014
OCT
C

0250939853

181

::: Experian™
A world of insight

**Your accounts that may be considered negative (continued)**

**ACCTCORP OF SOUTHERN NEV**
4955 S DURANGO DR STE 177
LAS VEGAS NV 89113
Phone number
(702) 240 3007
Partial account number
51N2
Address identification number
0545947418
Original creditor TRUE DENTISTRY

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Sep 2013 | Collection | $1,497 | $1,497 as of Apr 2015 | Individual |
| First reported Apr 2015 | Terms 1 Months | High balance Not reported | | Status Collection account $1,497 past due as of Apr 2015. |
| Date of status Apr 2015 | Monthly payment Not reported | | | This account is scheduled to continue on record until Dec 2019. |

Payment history
2016
APR
C

**CLARK COUNTY COLLECTION**
8860 W SUNSET RD STE 100
LAS VEGAS NV 89148
Phone number
(702) 889 9229
Partial account number
2530
Address identification number
0545947418
Original creditor LABORATORY MEDICINE CONSULTANT

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| May 2009 | Collection | $321 | $392 as of May 2013 | Individual |
| First reported Jun 2009 | Terms 1 Months | High balance Not reported | | Status Collection account $392 past due as of May 2013. |
| Date of status Jul 2009 | Monthly payment Not reported | | | This account is scheduled to continue on record until Aug 2015. |

Payment history
2013
MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR FEB JAN DEC
2012                                        2011                                   2010                              2009
C C ND C ND C C C ND C ND C C C ND C ND C C C ND C ND C C C ND C ND C C C ND C ND C C

NOV OCT SEP AUG JUL JUN
C C ND C ND C C

0250939653



**Experian**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

Page 6 of 12

Your accounts that may be considered negative (continued)

**CREDIT CONTROL CORP**
11821 ROCK LANDING DR
NEWPORT NEWS VA 23606
**Phone number**
(757) 873 3332
**Partial account number**
9932
**Address identification number**
0545947418
**Original creditor** COX
COMMUNICATIONS LAS VEGAS

Payment history
2012
NOV
C

**Date opened** Sep 2012
**First reported** Nov 2012
**Date of status** Feb 2015

**Type** Collection
**Terms** 1 Months
**Monthly payment** Not reported

**Credit limit or original amount** $306
**High balance** Not reported

**Recent balance** $0 as of Feb 2015

**Responsibility**
Individual
**Status**
Discharged through Bankruptcy Chapter 7.
This account is scheduled to continue on record until Sep 2019.
**Account History**
Debt included in Chapter 7 Bankruptcy on Feb 11, 2015.

**CREDIT CONTROL CORP**
11821 ROCK LANDING DR
NEWPORT NEWS VA 23606
**Phone number**
(757) 873 3332
**Partial account number**
9933
**Address identification number**
0545947418
**Original creditor** COX
COMMUNICATIONS LAS VEGAS T

Payment history
2012
NOV
C

**Date opened** Sep 2012
**First reported** Nov 2012
**Date of status** Feb 2015

**Type** Collection
**Terms** 1 Months
**Monthly payment** Not reported

**Credit limit or original amount** $111
**High balance** Not reported

**Recent balance** $0 as of Feb 2015

**Responsibility**
Individual
**Status**
Discharged through Bankruptcy Chapter 7.
This account is scheduled to continue on record until Sep 2019.
**Account History**
Debt included in Chapter 7 Bankruptcy on Feb 11, 2015.

**OCWEN LOAN SERVICING**
1661 WORTHINGTON RD STE 100
WEST PALM BEACH FL 33409
**Phone number**
(800) 746 2936
**Partial account number**
4146....
**Address identification number**
0545947418

**Date opened** Jun 2006
**First reported** Mar 2013
**Date of status** Aug 2014

**Type** Mortgage
**Terms** 30 Years
**Monthly payment** $2,790

**Credit limit or original amount** $712,500
**High balance** Not reported

**Recent balance** $938,186 as of Jun 2015
**Recent payment** $2,737

**Responsibility**
Individual
**Status**
Open.
By Jul 2019, this account is scheduled to go to a positive status.
**Comment:**
Loan modified under federal government plan.

0250939653

183

**Experian**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

## Your accounts that may be considered negative (continued)

### Payment history

| | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2016 | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | |
| | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK |

*Account history* - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND* No Data.*

**AB** = Account balance ($)

| | Apr16 | Mar16 | Feb16 | Jan16 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 | Dec13 | Nov13 | Oct13 | Sep13 | Aug13 | Jul13 | Jun13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 838,600 | 938,993 | 938,304 | 939,794 | 940,187 | 940,584 | 941,771 | 504,890 | 564,860 | 504,960 | 504,960 | 564,960 | 564,960 | 558,550 | 558,550 | 558,550 | 558,137 | 558,137 | 558,137 | 508,722 | 508,137 | 571,305 | 572,884 |
| DPR | ApQ8 | ApQ8 | FeQ10 | Jan12 | Dec10 | Oct30 | | Sep08 | Aug08 | Aug08 | Apr08 | Apr08 | Apr08 | Feb10 | Feb10 | Feb10 | Oct07 | Oct07 | Oct07 | Aug09 | Aug08 | Jul02 | May01 |
| SPA | 2,737 | 2,737 | 2,737 | 2,737 | 2,737 | 2,737 | 3,105 | 3,105 | 3,105 | 2,049 | | | 3,257 | 3,257 | 3,257 | 3,748 | 3,257 | 3,257 | 3,257 | 3,191 | 3,191 | 3,191 | 3,191 |
| AAA | 2,737 | 2,737 | 2,737 | 2,737 | 2,737 | 2,737 | 3,425 | 3,105 | 3,105 | 2,049 | ND | ND | 3,257 | 3,257 | 3,257 | 3,748 | 3,257 | ND | 3,257 | ND | 3,257 | 3,257 | 3,257 |

**AAA** = Actual amount paid ($)     **DPR** = Date payment received     **SPA** = Scheduled payment amount ($)

▲ *The original amount of this account was $712,500.*

| Date opened | Jan 2014 | Type | Auto Loan |
|---|---|---|---|
| First reported | Jan 2014 | Terms | 33 Months |
| Date of status | Apr 2015 | Monthly payment | $289 |

| Credit limit or original amount | $6,788 |
|---|---|
| High balance | Not reported |
| Recent balance | $4,506 as of May 2015 |

| Responsibility | Individual |
|---|---|
| Status | Open. |

By Dec 2021, this account is scheduled to go to a positive status.

**QUALITY ACCEPTANCE LLC**
14546 HAMLIN ST
VAN NUYS CA 91411
**Phone number**
(818) 503 1322
**Partial account number**
8026...
**Address identification number**
0545947418

---

### Payment history

| | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2015 | | | | | 2014 | | | | | | | | | | | |
| | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK | CK |

*Account history* - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND* No Data.*

**AB** = Account balance ($)

| | Apr16 | Mar16 | Feb16 | Jan16 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 4,573 | 5,199 | 5,153 | 5,139 | 5,320 | 5,505 | 5,677 | 6,003 | 5,988 | 6,363 | 6,370 | 6,445 | 6,708 | 6,691 | 6,760 | 6,768 |
| DPR | Apr22 | Jan20 | Jan20 | Jan20 | Jan20 | Nov21 | Oct22 | Aug22 | Aug22 | Jul08 | May26 | May26 | Mar11 | Mar11 | ND | ND |
| SPA | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 | 289 |
| AAA | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

**AAA** = Actual amount paid ($)     **DPR** = Date payment received     **SPA** = Scheduled payment amount ($)

▲ *The original amount of this account was $6,788.*

0250939853



**Experian**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

Page 8 of 12

# Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years

*Inquiries shared with others*
The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit

**OCWEN LOAN SERVICING LLC**
1661 WORTHINGTON RD STE 100
WEST PALM BEACH FL 33409
(800) 746 2936
Address Identification number:
0545947418

**Date**
Jul 17, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Aug 2016.

**KOHLS/CAPONE**
PO BOX 3115
MILWAUKEE WI 53201
(800) 564 5740

**Date**
Jul 4, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Aug 2016.

**KOHLS/CAPONE**
No phone number available

**Date**
Jun 30, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Jul 2016.

**QUALITY ACCEPTANCE LLC**
14546 HAMLIN ST
VAN NUYS CA 91411
(818) 503 1322
Address Identification number:
0545947418

**Date**
Feb 4, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Mar 2016.

**CAR LOANS INC**
100 N ARLINGTON AVE STE 350
RENO NV 89501
(775) 336 3333
Address Identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Feb 2016.

**UNITED AUTO CREDIT CO**
1071 CAMELBACK ST STE 100
NEWPORT BEACH CA 92660
(949) 224 1917
Address Identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**VEROS CREDIT**
2333 N BROADWAY
SANTA ANA CA 92706
(714) 918 1800
Address Identification number:
0545947418

**Date**
Jan 28, 2014
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Feb 2016.

**PRIME ACCEPTANCE CORP**
5097 S 900 E
SALT LAKE CITY UT 84117
(801) 312 0700
Address Identification number:
0545947418

**Date**
Jan 27, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**DT CREDIT**
PO BOX 659
DALLAS TX 75221
(800) 863 7483
Address Identification number:
0545947418

**Date**
Jan 6, 2014
**Reason**
Unspecified. This inquiry is scheduled to continue on record until Feb 2016.

**700 CREDIT/PLANET HYUNDA**
6200 CENTENNIAL CENTER BLVD
LAS VEGAS NV 89149
(702) 938 1400
Address Identification number:
0545947418

**Date**
Oct 15, 2013
**Reason**
Auto loan. This inquiry is scheduled to continue on record until Nov 2015.

0250939653

::: Experian
A world of insight

NCCINC/ED BOZARTH NEVADA
5501 DREXEL RD
LAS VEGAS NV 89130
(702) 957 5500
Address identification number:
0545947418

**Date**
Jun 17, 2013
**Reason**
Auto loan. This inquiry is scheduled to
continue on record until Jul 2015.

NCCINC/JIM MARSH MITSU S
8555 W CENTENNIAL PARKWAY
LAS VEGAS NV 89149
(702) 946 1000
Address identification number:
0545947418

**Date**
Jun 13, 2013
**Reason**
Auto loan on behalf of JIM MARSH
MITSUBISHI SUZ. This inquiry is scheduled
to continue on record until Jul 2015

**Inquiries shared only with you**
You may not have initiated the following inquiries, so you may not recognize each
source. We report these requests to you only as a record of activities, and we do not
include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, such as:
• other creditors who want to offer you preapproved credit;
• an employer who wishes to extend an offer of employment;
• a potential investor in assessing the risk of a current obligation;
• Experian Consumer Assistance to process a report for you;
• your current creditors to monitor your accounts (date listed may reflect only the most
  recent request).

These inquiries DO NOT affect your credit score.

NORTHLAND GROUP, INC   7831 GLEN ROY ROAD     EDINA MN 55439
(888) 287 5711
Date of Inquiry: Jun 08, 2015

OCWEN LOAN SERVICING INC  1661 WORTHINGTON RD STE 100   WEST PALM
BEACH FL 33409
(800) 746 2936
Date of Inquiry: Apr 27, 2015

CONVERGENT OUTSOURCING, 800 SW 39TH ST     RENTON WA 98057
(425) 643 3111
Date of Inquiry: Apr 09, 2014

OCWEN LOAN SERVICING INC  1661 WORTHINGTON RD STE 100   WEST PALM
BEACH FL 33409
(800) 746 2936
Date of Inquiry: Jul 23, 2013

NCCINC/JIM MARSH CHRYSLE  2605 CAMINO DEL RIO S STE 400   SAN DIEGO
CA 92108
(619) 209 3610
Date of Inquiry: Jun 13, 2013

## Personal information

The following information is reported to us by you, your creditors and/or other sources.
Each source may report your personal information differently, which may result in
variations of your name, address, Social Security number, etc. As part of our fraud
protection efforts, a notice with additional information may appear

■ **Names**
CAROL  MAINOR
  Name identification number: 12860
CAROL F MAINOR
  Name identification number: 957
CAROL FRANCES MAINOR
  Name identification number: 1
CAROL FRANCE MAINOR
  Name identification number: 22862
CAROL L MAINOR
  Name identification number: 26738

■ **Addresses**
These addresses are listed in no particular order and may include previous addresses
where you received mail  The Address identification number is how our system
identifies the address and the source of that address, such as creditor, court or
potential creditor. The geographical code shown with each address identifies the state,
county, census tract, block group and Metropolitan Statistical Area associated with
each address. These listings do not affect your credit score.

| Address | Type of address | Geographical code |
|---|---|---|
| LAS VEGAS NV 89131-0115 | Single family | 0-330110- 3-4120 |
| Address identification number  0545947418 | | |
| OAKLAND CA 94601-4407 | Single family | 0-40730020- 1-5775 |
| Address identification number  0191546051 | | |

0250939853



:::Experian™
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2016
Report number: 2680-3973-04

Page 10 of 12

## Personal information continued

| Address | Type of address | Geographical code |
|---|---|---|
| OAKLAND CA 94601-7042 | Post office box | 0-407100-40- 1-5775 |
| Address identification number: 0191551338 | | |
| OAKLAND CA 94609-1305 | Single family | 0-404002-0- 1-5775 |
| Address identification number: 0191684552 | | |
| LAS VEGAS NV 89118-2068 | Single family | 0-292510- 3-8160 |
| Address identification number: 0208469483 | | |
| LAS VEGAS NV 89102-7053 | Apartment complex | 0-220310- 3- |
| Address identification number: 0177912584 | | |
| LAS VEGAS NV 89131- | Single family | 0-00- 0- |
| Address identification number: 0639867102 | | |
| OAKLAND CA 94609- | | 0-00- 0- |
| Address identification number: 0468842669 | | |

### ■ Social Security number variations

As a security precaution, we did not list the Social Security number that you provided when you contacted us. The numbers below are variations that have been reported to us. Only the last four digits of each reported variation are displayed. Numbers that appear here vary from the number you used to generate this report. Actual differences in the numbers may be part of the displayed portion or part of the hidden portion.

### ■ Year of birth

### ■ Telephone numbers

Residential
Cellular
Residential

### ■ Spouse or co-applicant

JULIUS

## Personal information continued

### ■ Former or current employers

SSI
MILITARY LAS VEGAS NV 891310115
UNITED AUTO SERVICE 1020 HIGH STREET OAKLAND CA 94601-
US NAVY
LAS VEGAS NV

### ■ Notices

This address has pertained to a business
89131.
LEGAL SERVICE:
LAS VEGAS, NV, 89131.

--- End of Report ---

If you disagree with information in your report you may dispute most information at:

## www.experian.com/disputes

You may also visit www.experian.com to view your report again.

0250939653

187

## Experian
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

Page 11 of 12

## Dispute form

*For the fastest and easiest way to dispute most information, visit:*

## www.experian.com/disputes

You may also mail this form to: Experian, P.O. Box 9701, Allen, TX 76013
Or, call us for assistance at 1 800 509 8495
You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload.

Use this form for any disputes you wish to submit by mail.
Complete all of the following information and submit by mail. Once we receive your dispute, it may take up to 30 days to process your dispute. We will then notify you of the results. You may make copies of this form to submit additional disputes or use a separate piece of paper.

Remember, most accurate negative information will remain a part of your credit history for up to seven years and bankruptcies for up to 10 years.

What's your credit score? Find out by ordering your VantageScore® for only $7.95.
☐ Send my VantageScore (Score will include results of any disputes submitted on this form. Make check or money order payable to Experian.)
☐ Request overnight delivery via FedEx for an additional $20 to receive your score report before processing of your disputes is completed.

*Intentionally making any false statement could be punishable by law.*

Your current identification information (correct any incorrect information)
Fill in your Social Security number:
Current Mailing Address: ▮ LAS VEGAS NV 89131-0115
Year of birth: ▮
*Enter your email address to be notified when your credit results are ready:*

Is any of the information below **incorrect** on your report?
☐ Spouse's name ☐ Telephone number – Which one is **incorrect**? ___ / ___ / ___
☐ Employer – Which one is **incorrect**?
☐ Date of birth – Fill in your **correct** date of birth: ___ / ___ / ___
☐ Address – Which one is **incorrect**?

### First dispute

Company name:

Your partial account number:

I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: ___ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to?
☐ Other – Must explain:

### Second dispute

Company name:

Your partial account number:

I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: ___ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to?
☐ Other – Must explain:

### Third dispute

Company name:

Your partial account number:

I believe this item is incorrect because (Choose only one):
☐ Payment never late ☐ Account closed ☐ Paid in full – On what date? ___ / ___ / ___
☐ Account included in bankruptcy – Chapter: ___ Filing date: ___ / ___ / ___
☐ Not my account – Who does it belong to?
☐ Other – Must explain:

Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

0250939053





**Experian™**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

## Notification of Rights for Nevada Consumers

You have a right to place a security freeze in your file which will prohibit a consumer credit reporting company from releasing any information in your file without your express authorization. A security freeze must be requested in writing by certified mail.

Security freezes are designed to prevent a credit reporting company from releasing your credit report without your consent. However, you should be aware that using a security freeze to take control over who is allowed access to the personal and financial information in your file may delay, interfere with or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, insurance, government services or payments, rental housing, employment, investment, license, cellular telephone, utilities, digital signature, Internet credit card transaction or other services, including an extension of credit at point of sale.

When you place a security freeze on your file, you will be provided a personal identification number or password to use if you choose to remove the security freeze from your file or authorize the temporary release of your credit report for a specific person or period after the security freeze is in place. To provide that authorization, you must contact the reporting agency and provide all the following:

1. Sufficient identification to verify your identity.

2. Your personal identification number or password provided by the credit reporting company.

3. A statement that you choose to remove the security freeze from your file or that you authorize the reporting agency to temporarily release your consumer report. If you authorize the temporary release of your consumer report, you must name the person who is to receive your consumer report or the period for which your consumer report must be available.

A credit reporting company must remove the security freeze from your file or authorize the temporary release of your consumer report not later than three business days after receiving the above information.

A security freeze does not apply to a person, or collection agencies acting on behalf of a person, with whom you have an existing account that requests information in your consumer report for the purposes of reviewing or collecting the account.



0250939653

189



**Experian™**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2015
Report number: 2680-3973-04

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

A Summary of Your Rights under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.

• You must be told if information in your file has been used against you. Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

• You have the right to know what is in your file. You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
– a person has taken adverse action against you because of information in your credit report;
– you are the victim of identity theft and place a fraud alert in your file;
– your file contains inaccurate information as a result of fraud;
– you are on public assistance;
– you are unemployed but expect to apply for employment within 60 days.
In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

• You have the right to ask for a credit score. Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

• You have the right to dispute incomplete or inaccurate information. If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

• Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information. Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

• Consumer reporting agencies may not report outdated negative information. In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

• Access to your file is limited. A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

• You must give your consent for reports to be provided to employers. A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

• You may limit "prescreened" offers of credit and insurance you get based on information in your credit report. Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

• You may seek damages from violators. If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

• Identity theft victims and active duty military personnel have additional rights. For more information, visit www.consumerfinance.gov/learnmore

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For more information about your federal rights, contact:



**Experian™**
A world of insight

Prepared for: CAROL F MAINOR
Date: June 22, 2016
Report number: 2680-3973-04



| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list in addition to the Bureau: | a. Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission: Consumer Response Center – FCRA Washington, D.C. 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act<br><br>c. Nonmember Insured banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>PO Box 1200<br>Minneapolis, MN 55480<br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Protection (OCP)<br>Division of Consumer Compliance and Outreach (DCCO)<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, S.W., 8th Floor<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F St NE<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA<br>Washington, DC 20580<br>(877) 382-4357 |

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>District of Nevada | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Mainor, Carol** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**Las Vegas, NV**<br>ZIP Code **89131** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Clark** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>□ Corporation (includes LLC and LLP)<br>□ Partnership<br>□ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | □ Health Care Business<br>□ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>□ Railroad<br>□ Stockbroker<br>□ Commodity Broker<br>□ Clearing Bank<br>□ Other | □ Chapter 7<br>□ Chapter 9<br>□ Chapter 11<br>□ Chapter 12<br>■ Chapter 13<br>□ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>□ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | Tax-Exempt Entity<br>(Check box, if applicable)<br>□ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."   □ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>□ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>□ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>□ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>□ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>□ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>□ A plan is being filed with this petition.<br>□ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**     *** George Haines, Esq. 9411 ***

□ Debtor estimates that funds will be available for distribution to unsecured creditors.
□ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| □<br>1-<br>49 | ■<br>50-<br>99 | □<br>100-<br>199 | □<br>200-<br>999 | □<br>1,000-<br>5,000 | □<br>5,001-<br>10,000 | □<br>10,001-<br>25,000 | □<br>25,001-<br>50,000 | □<br>50,001-<br>100,000 | □<br>OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| □<br>$0 to<br>$50,000 | □<br>$50,001 to<br>$100,000 | □<br>$100,001 to<br>$500,000 | ■<br>$500,001<br>to $1<br>million | □<br>$1,000,001<br>to $10<br>million | □<br>$10,000,001<br>to $50<br>million | □<br>$50,000,001<br>to $100<br>million | □<br>$100,000,001<br>to $500<br>million | □<br>$500,000,001<br>to $1 billion | □<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| □<br>$0 to<br>$50,000 | □<br>$50,001 to<br>$100,000 | □<br>$100,001 to<br>$500,000 | ■<br>$500,001<br>to $1<br>million | □<br>$1,000,001<br>to $10<br>million | □<br>$10,000,001<br>to $50<br>million | □<br>$50,000,001<br>to $100<br>million | □<br>$100,000,001<br>to $500<br>million | □<br>$500,000,001<br>to $1 billion | □<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

4/09/09  7.26PM

B1 (Official Form 1)(1/08)

Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Mainor, Carol** |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **Las Vegas, NV** | Case Number:<br>**0718776** | Date Filed:<br>**12/27/07** |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**Julius Mainor** | Case Number:<br>**08-23913** | Date Filed:<br>**11/21/08** |
| District:<br>**District of Nevada** | Relationship:<br>**husband** | Judge:<br>**mkn** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  /s/ George Haines, Esq.          April  9, 2009<br>   Signature of Attorney for Debtor(s)          (Date)<br>   **George Haines, Esq.** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                               Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Mainor, Carol** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Carol Mainor**
Signature of Debtor   **Carol Mainor**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**April 9, 2009**
Date

**Signature of Attorney\***

X **/s/ George Haines, Esq.**
Signature of Attorney for Debtor(s)

**George Haines, Esq. 9411**
Printed Name of Attorney for Debtor(s)

**HAINES & KRIEGER, LLC**
Firm Name

**1020 Garces Ave.**
**Suite 100**
**Las Vegas, NV 89101**
Address

Email: **info@hainesandkrieger.com**
**(702) 880-5554 Fax: (702) 385-5518**
Telephone Number

**April 9, 2009**
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*





endicia.com

071S00777793

US POSTAGE AND FEES PAID
FIRST-CLASS
Jul 29 2015
Mailed from ZIP 89131
6 oz First Class Mail
Flats Rate

USPS CERTIFIED MAIL

**9407 1102 0079 3647 9986 37**

Experian
NCAC
PO Box 2002
ALLEN TX 75013-2002

USPS CERTIFIED MAIL™

Carol F Mainor
LAS VEGAS NV 89131-0115

196