UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL MAINOR, | Case No. 2:16-cv-00183-RFB-BNW |
| Plaintiff, | ORDER |
| v. | |
| ACCTCORP OF SOUTHERN NEVADA, et al, | |
| Defendants. | |

## I.     INTRODUCTION

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (ECF No. 131). For the reasons stated below, the Court grants the motion.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint in this action on January 29, 2016 against Ocwen Loan Servicing and Experian Information Solutions, Inc. ECF No.1. Plaintiff and Ocwen Loan Servicing filed a Stipulation of Dismissal with prejudice on January 3, 2017 (ECF No. 38) which was granted on January 4, 2017, dismissing Defendant Ocwen Loan Servicing from the action. ECF No. 39. Plaintiff filed an Amended Complaint on October 13, 2017 (ECF No. 52) and Defendant Experian filed a Motion to Dismiss on October 27, 2017 (ECF No. 54). A hearing was held on that and other motions on August 16, 2018 (ECF No. 114) and the Court granted the motion as it related to Plaintiff's theory regarding initiation under § 1681i of the Fair Credit Reporting Act (FRCA). Defendant filed the instant motion on February 11, 2019. ECF No. 131. Plaintiff responded on March 18, 2019 (ECF No. 136) and Defendant replied on March 25, 2019 (ECF No. 137).

### III.    FACTUAL BACKGROUND

#### a.  Undisputed Facts

The Court finds the following facts to be undisputed.

On or about April 9, 2019, Plaintiff filed for Chapter 13 Bankruptcy. ECF No. 131, ECF No. 52 at 4. On June 22, 2015, Plaintiff sought and received a copy of her consumer disclosure. ECF No. 131 at 3, ECF No. 132 at 3. The disclosure reflected an Ocwen Loan Servicing mortgage account with a balance of $938,186. ECF No. 131 at 3, ECF No. 52 at 7. The payment history was reported as being 180 days past-due from March 2013 to July 2014. ECF No. 131 at 3, ECF No. 132 at 4. Plaintiff mailed a letter to Experian on July 29, 2015 disputing the reporting on the Ocwen account. ECF No. 132 at 4, ECF No. 131 at 3. On August 10, 2015 Experian sent an Automated Consumer Dispute Verification ("ACDV") to Ocwen. ECF No. 132 at 4, ECF No. 131 at 4. Ocwen responded to Experian on August 13, 2015. ECF No. 132 at 5, ECF No. 131 at 4. Experian mailed its reinvestigation report to Plaintiff on August 27, 2015 which indicated that it had updated Experian's reporting of the Ocwen account. ECF No. 132 at 6, ECF No. 131 at 4.

#### b.  Disputed Facts

The parties dispute the legal effect of the circumstances described. They also dispute whether the letter Plaintiff sent to Experian on July 29, 2015 identified any factual inaccuracies regarding her Ocwen account. Defendant claims the letter did not identify inaccuracies, ECF No. 131 at 3, while Plaintiff asserts that it did, ECF No. 132 at 7.

### IV.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## A. Fair Credit Reporting Act

"Congress enacted the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements.... However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." Id. at 1154 (citations omitted); see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002) ("That with these words Congress created a private right of action for consumers cannot be doubted. That right is to sue for violation of any requirement 'imposed with respect to any consumer.'").

15 U.S.C. § 1681s-2(b) provides for the duties of furnishers of information upon notice of a dispute. 15 U.S.C. §§ 1681s-2(b) provides in relevant part:

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

A furnisher may be held liable for violation of 15 U.S.C. § 1681s-2(b)(1) if it fails to conduct a reasonable investigation after being notified by a CRA of a consumer's dispute. Gorman, 584 F.3d at 1157. The question of whether an investigation was reasonable is typically left to the jury – however, summary judgment of the reasonableness issue is appropriate to grant "when only one conclusion about the conduct's reasonableness is possible." Id. (citation and quotation marks omitted). A furnisher may also be held liable if it conducts a reasonable investigation but subsequently declines to "rectify past misreporting and prevent future misreporting of information." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012).

The FCRA provides for actual damages, punitive damages, and attorney's fees for willful violations of its statutory requirements. 15 U.S.C. § 1681n(a). If a plaintiff establishes a negligent violation of the statute, the FCRA provides for actual damages and attorney's fees. 15 U.S.C. § 1681o(a). "The term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation.... [N]o case has held that a denial of credit is a prerequisite to recovery under the FCRA." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted). "The FCRA does not impose strict liability, however ... [a credit reporting] agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." Id. at 1333 (citation omitted) (discussing in the context of an alleged violation of § 1681e(b)).

"A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's injury-in-fact requirement." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017), cert. denied, 138 S. Ct. 447 (2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016)).

## V.  DISCUSSION

After the Court dismissed Plaintiff's claim regarding initiation, Plaintiff's remaining claim is an assertion that Defendant failed to conduct a reasonable reinvestigation into Plaintiff's dispute regarding Experian's reporting of the Owen account, in violation of § 1681i. Section 1681i(a)(1)(A) outlines the scope of the reinvestigation required by consumer reporting agencies. It states in part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . .

15 U.S.C. §1681i(a)(1)(A).

Following a reinvestigation, a consumer reporting agency must provide the consumer the results of the reinvestigation, pursuant to 15 U.S.C. § 1681i(a)(6), which provides:

> (A) In general. A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

Defendant argues that Plaintiff has failed to make a prima facie case that Experian failed to conduct a reasonable investigation after being notified of Plaintiff's dispute. First, Defendant argues that Plaintiff has not established that the report itself contained an inaccuracy. ECF No. 131 at 6. Defendant argues that Plaintiff merely alleges that her report was "derogatory" in violation

of the terms of her Chapter 13 bankruptcy and that the balance on her Ocwen account should therefore have been reported as $0 with a status of "current;" but that these arguments fail because 1) there is no evidence the Ocwen account was included and discharged in her bankruptcy, 2) that if it had been, Experian is not required to adjudicate the legal validity of the debt, and 3) it is not inaccurate for Experian to report the debt following bankruptcy. Id. Defendant further asserts that even if Plaintiff established an inaccuracy in her report, Plaintiff has not shown that Defendant's reinvestigation was unreasonable in violation of the statute. Specifically, Defendant argues that its investigation was reasonable because it forwarded the dispute to Ocwen and reasonably relied on Ocwen as the only entity capable of confirming the status of Plaintiff's account Id. at 8-9. Defendant asserts that the vendor it contracts with to verify the status of public records only verifies those records and does not verify specific trade lines that could be subject to bankruptcy. Id. at 9. Defendant further argues that even if it had attempted to locate Plaintiff's bankruptcy records, the bankruptcy docket did not indicate the Ocwen account had been included or discharged in bankruptcy. Id. at 10. Defendant also argues that Plaintiff has suffered no cognizable damages and presented no evidence that Defendant willfully violated the FCRA.

Plaintiff argues in her response brief that her dispute did illustrate inaccurate information. Specifically, Plaintiff argues that while the reported "payment history" was 180 days delinquent from March 2013 through July 2014, the "account history" section revealed that Experian had "no data" with respect to any actual amount paid in June 2013, September 2013, November 2013-January 2014, and March-June 2014. ECF No. 132 at 4. Furthermore, Plaintiff argues that this inaccuracy stems from Experian's unreasonable procedures—specifically, its reliance on ACDC was unreasonable because it "failed to provide Ocwen with any means by which it could correct the monthly account-history information, other than reporting that each month's payment was either on time or late." Id. at 11. Plaintiff further argues that Experian's conduct was willful because it "had full control over its ACDV request and response forms, and knew that it could not properly convey Plaintiff's dispute to Ocwen" which would not then have a mechanism to adequately respond to the dispute. Id. at 12. In the alternative, Plaintiff argues that even if Defendant's conduct is merely negligent, Plaintiff incurred cognizable damages in the form of out-

of-pocket expenses for gas, lost time, and emotional distress resulting from the adverse credit reporting. Id. at 13.

Defendants have objected in their reply to Plaintiff's argument regarding the alleged inaccuracy of the report as well as the alleged unreasonableness of Defendant's reinvestigation as having been raised for the first time in Plaintiff's response brief. Plaintiff's argument essentially comprises a new theory of liability.

"[A] plaintiff cannot raise a new theory for the first time in opposition to summary judgment." Patel v. City of Long Beach, 565 Fed. Appx. 881, 882 (9th Cir. 2014) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-93 (9th Cir. 2000)). "Allowing a plaintiff to proceed on a new theory would prejudice defendants because '[a] complaint guides the parties' discovery putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.'" Id. (citing Coleman, 232 F.3d at 1292).

Upon review of the record, the Court agrees that Plaintiff neither raised the specific argument that the report was inaccurate due to the discrepancy between the payment and account history, or that Defendant's use of the ACDV form was unreasonable, at any other time throughout this litigation. Indeed, the dispute letter itself attached as an exhibit to Plaintiff's complaint asserts that the inaccuracy contained in the report was that it reflected an outstanding balance and did not account for her bankruptcy. Ex. 2 at 8, ECF No. 52. Regarding the reinvestigation, Plaintiff asserted in her complaint that it was unreasonable because it did not adequately fix the alleged inaccuracy, as initially described in the complaint and its exhibits. ECF No. 52 at 9. These new assertions of liability are wholly divorced from those Plaintiff has asserted thus far, granting Defendant no opportunity to develop a defense through discovery devices. As such, the Court will not consider these arguments as put forth in Plaintiff's response.

Consequently, considering the arguments put forth in Plaintiff's complaint in the light most favorable to Plaintiff as the non-movant, the Court agrees with Defendant that Plaintiff has failed to satisfy her prima facie case. Regardless whether Plaintiff adequately asserted an inaccuracy in her dispute, the Court finds that Plaintiff has not shown that Defendant's reinvestigation was unreasonable. It is undisputed that Defendant initiated a reinvestigation to Plaintiff's dispute and

sent the original furnisher, Ocwen, an ACDC regarding that dispute, which included a copy of the dispute itself. Given that Ocwen itself was the company that held Plaintiff's account and therefore would have been involved in the bankruptcy, it was clearly in the best position to verify the inaccuracy alleged in Plaintiff's dispute. It was reasonable for Defendant to update its reporting in reliance on Ocwen's response.

Accordingly, because the Court finds that Plaintiff has not shown the reinvestigation was unreasonable, and therefore has not shown that Defendants are liable under § 1681i, the Court does not consider Defendant's remaining arguments and grants the Motion for Summary Judgment.

## VI.  CONCLUSION

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is GRANTED. (ECF no. 131).

**IT IS FURTHER ORDERED** that all pending motions are DENIED as moot. The Clerk of Court is ordered to close the case.

DATED: <u>September 27, 2019</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**